**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
By:   Nicholas M. Gaunce, Esq.
*Physical Address*: 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address*: P.O. Box 5404, Princeton, NJ 08543
*Telephone:* (609) 392-2100
*E-mail: ngaunce@eckertseamans.com*
(609) 989-5058 (Telephone)
(609) 392-7956 (Facsimile)
*Attorneys for Plaintiff, NextGear Capital, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | CIVIL ACTION |
| Plaintiff, | CASE NO.: |
| v. | |
| ANTONIO L. GUTIERREZ; PAUL GUTIERREZ, | **COMPLAINT** |
| Defendants. | |

Plaintiff, NextGear Capital, Inc. ("NextGear"), through its counsel, Eckert, Seamans, Cherin & Mellott, LLC, by way of Complaint against the defendants, Antonio L. Gutierrez and Paul Gutierrez (collectively, "defendants"), states as follows:

**THE PARTIES**

1.      NextGear is a Delaware corporation with a principal place of business located at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032.  NextGear is in the business of, among other things, providing financing to automobile dealers for the purchase of inventory for resale.

2.      Antonio L. Gutierrez ("Antonio") is an adult individual residing at 100 Alexander Way, Edgewater, New Jersey 07020.  Antonio is the president of a company called Luxury Haus,

Inc. ("LHI"), an automobile dealership that was incorporated, physically located and operated within the State of New Jersey.

3. Paul Gutierrez ("Paul") is an adult individual residing at 361 Maple Street, Moonachie, New Jersey 07074. Paul is Antonio's brother and was the corporate secretary of LHI.

## JURISDICTION AND VENUE

4. Paul and Antonio are subject to personal jurisdiction in Pennsylvania because this dispute revolves around the improper transfer of real estate occurring in Pennsylvania and the improper receipt of funds by Paul as part of the same scheme involving the purchase of the subject real estate.

5. Pursuant to 28 *U.S.C.* § 1332, original subject matter jurisdiction exists in federal court because this case involves a dispute in excess of $75,000.00 between citizens of different states.

6. Venue is proper in the Middle District of Pennsylvania because the real estate that is one of the subjects of this action is located in this district.

## FACTUAL ALLEGATIONS

**(i)    NextGear's Loan to LHI and LHI's Defaults.**

7. On or about March 20, 2014, NextGear extended a credit line to LHI in the maximum amount of $12,000,000 to provide floor plan financing for LHI's purchase of vehicles for resale at its automobile dealership locations in New Jersey.

8. To evidence its obligations to NextGear, LHI executed and delivered to NextGear a Demand Promissory Note and Loan and Security Agreement dated March 20, 2014 (together

with amendments, the "Loan Agreement").  A true copy of the Loan Agreement is attached as **Exhibit A**.

9. To induce NextGear to extend credit to LHI, Antonio executed and delivered to NextGear a personal guaranty agreement dated March 20, 2014, pursuant to which Antonio unconditionally agreed to act as surety for all indebtedness of LHI to NextGear.  A true copy of Antonio's guaranty is attached hereto as **Exhibit B**.

10. Beginning on or about June 11, 2015, NextGear began to see red flags in relation to LHI's loan.  The following were the types of red flags noted by NextGear:

   i. On buyer-paid requests,[1] there was an overlap of large batches of buyer-paid flooring requests and larger payment due dates to NextGear, including $223,134.84 worth of flooring requests on June 11, 2015 and $195,449.63 worth of payments that were electronically transferred to NextGear on June 12, 2015.  This issue arose again on the following dates: June 22/23, 2015, July 30/31, 2015, January 25, 2016, March 10/11, 2016, March 17, 2016, March 31/April 1, 2016, and June 22/23, 2016;

   ii. On June 22, 2015, there were multiple refloor requests[2] for vehicles that had been in inventory for over 365 days and LHI submitted fraudulent bills of sale with an increased purchase price, which, if not caught by NextGear, would have resulted in LHI receiving a larger payment than required.  On this date, 6 out of 11 requests for financing were denied; and

   iii. On March 10, 2016, there were multiple refloor requests within fifteen days of when a vehicle had been sold.  On this date, 11 requests for financing out of 14 were denied.  [(**Exhibit C, LHI Spreadsheet, Buyer-Paid Requests**.]

---

[1] "Buyer-paid requests" are submissions for final payment by a dealer made to a floor-plan financing lender.  In making such a request, the dealer is making a representation that a retail customer has completed and paid for a vehicle sale off the dealer's lot.

[2] "Refloor requests" are submissions by a dealer made to a floor-plan financing lender to relist a sold vehicle on the floor-plan financier's line of credit because it has been returned by a retail customer.

11.     Eventually, LHI's line of credit with NextGear was locked on October 3, 2016 because LHI failed to provide a payoff or title for vehicles covered by NextGear's floor-plan financing.

12.     On October 5, 2016, NextGear received notice that LHI sold 81 vehicles financed by NextGear "out of trust."

13.     In addition to the above-mentioned 81 vehicles, LHI was unable to account for 138 other vehicles financed by NextGear.

14.     On October 7, 2016, NextGear received notice of dishonor on a payment made by LHI in the amount of $1,867,230.89 for insufficient funds.

15.     On October 12, 2016, NextGear filed a civil complaint against LHI and Antonio seeking to recover amounts that were owed in relation to NextGear's floor-plan financing agreement. A true copy of this civil complaint is attached as **Exhibit D.**

16.     On January 12, 2017, The Bergen County Prosecutor's Office filed a criminal complaint against Antonio. In this criminal complaint, the State alleged that Antonio "on or about, during and between, September 1, 2016 and October 31, 2016…did commit theft by purposely obtaining or retaining property or money with a value of $75,000.00 or more, belonging to NextGear Capital[.]" A true copy of the criminal complaint filed against Antonio is attached as **Exhibit E**.

17.     In this same complaint, the State also alleged that Antonio further "did engage in transactions involving property, namely monies (funds) and/or United States currency in excess of $500,000.00, known or which a reasonable person would believe to be derived from criminal activity, namely the theft by failure to make lawful disposition of monies to NextGear Capital and defrauding secured creditors[.]" (Id.).

18. As its last charge, the State asserted that "Antonio…did destroy, remove, conceal, encumber, transfer of otherwise deal with property subject to a security interest, namely NextGear Capital, with purpose to hinder enforcement of that interest'[.]" (Id.).

19. The affidavit of probable cause connected with the State's Complaint also provided:

> On or about, during and between, September 1, 2016 and October 31, 2016, Antonio Gutierrez of Luxury Haus did commit money laundering, theft, and defrauded secured creditors by borrowing money from NextGear Capital, a dealer floor plan lender, to purchase vehicles which he sold and then did not remit the proceeds as contracted. Mr. Gutierrez sold the vehicles and took the proceeds in excess of $1,000,000.00 and deposited them into various bank accounts to hide the money. Mr. Gutierrez transferred $1,000,000.00 (which he intended to utilize as his own) to Carmine Demaio, the owner of Lexus of Englewood, to further hide the money that was stolen from NextGear Capital. **[Exhibit E, Criminal Complaint** at p. 5.]

20. Respectively, the relevant charges are first, second, and fourth degree crimes in New Jersey. (Id.).

**(ii)** **Paul's Involvement with Antonio's Scheme.**

21. On April 10, 2017, Paul was deposed as to NextGear's claims against LHI and Antonio. A true and accurate copy of excerpts from his deposition transcript is attached as **Exhibit F**.

22. At his deposition, Paul testified that Antonio gave him $2,000,000.00 to "hold" at around the time Antonio's divorce began in December of 2015. (**Exhibit F at 71:2 – 24**).

23. Paul further testified that he took some of the funds he received from Antonio and deposited them in a TD Bank account in the name of a limited liability company called Luxury Haus Leonia, LLC ("Luxury Haus Leonia"), of which Paul was the sole member and registered

agent. (**Exhibit F** at 79:22 – 80:1). Luxury Haus Leonia was organized as a limited liability company under New Jersey law on September 26, 2016.

24. Bank records for Luxury Haus Leonia show that $976,823.10 in funds were deposited into a new Luxury Haus Leonia account at TD Bank between September 27, 2016 and October 4, 2016. All of the funds deposited were by way of checks made payable to the LHI. Of the checks deposited, $825,487.00 of those checks were transferred in six cashier's checks drawn directly from an LHI account. True copies of the pertinent deposit checks are attached as **Exhibit G**. A true copy of a statement, with matching withdrawal checks, showing matching withdrawals from Freedom Bank (one of LHI's many banking institutions) is attached as **Exhibit H**.

25. From September 20, 2016 through September 29, 2016, LHI accepted $1,379,619.98 in financing from NextGear for vehicles that were sold out-of-trust. True and accurate copies of the pertinent pages of NextGear's out-of-trust report are attached as **Exhibit I**.

26. Between October 3, 2016 through March 15, 2017, Paul made twenty-one, separate cash withdrawals from the Luxury Haus Lenoia TD Bank account totaling $826,769.39. True copies of bank statements for the pertinent bank account are attached as **Exhibit J**. True copies of signature documents for the subject bank account are attached as **Exhibit K.** True copies of cash withdrawal slips for the pertinent account are attached as **Exhibit L**.

27. By March 31, 2017, the total ending balance on Luxury Haus Leonia's account at TD Bank was $58.71.

28. Based upon information and belief, the $976,823.10 is not part of the funds Antonio asked Paul to "hold." Thus, the $976,823.10 appears to be different and in addition to the $2,000,000.00 Antonio asked his brother to "hold."

6

29.     Accounting for all recoveries that have been made, Paul was in receipt of $1,599,823.10 in cash from LHI that has not been recovered by NextGear.

**(iii)    Antonio's Purchase of a Poconos Property.**

30.     After LHI first defaulted (**June of 2015**) on its loan to NextGear, Antonio purchased a piece of real estate for $76,000.00 on April 8, 2016 from Carlos E. Andagana and Jeanneth C. Gonzalez. The property Antonio purchased was identified as Lot No. 33, Section II of the Penn Estates located in Monroe County (the "Property"). A copy of the recorded deed for this transaction is attached as **Exhibit M.**

31.     Then, only 174 days later, on September 28, 2016 **(one day after Paul opened the Luxury Haus Lenoia TD Bank account and two days from when Luxury Haus Lenoia came into existence)**, Antonio sold the Property to his brother, Paul, for the sum of $1.00. A copy of the recorded deed transferring the Property to Paul is attached as **Exhibit N**.

32.     Within a matter of ten days after Antonio sold the Property to Paul, Luxury Haus' line of credit was locked and NextGear received notice that Antonio had been selling a substantial amount of vehicles financed by NextGear out-of-trust.

33.     After lengthy discovery, LHI and Antonio consented to the entry of judgment in NextGear's favor in the amount of $4,500,000.00 as to the civil complaint filed on September 12, 2016. A true copy of NextGear's judgment is attached as **Exhibit O**.

34.     NextGear has recorded its judgment as a lien on all real estate of Antonio located within the State of New Jersey.

35.     As of August 11, 2018, The appraised value of the Property is $168,000.00. A true copy of an appraisal procured by NextGear as to the value of the Property is attached as **Exhibit P**.

36. On June 21, 2018, Antonio provided certified information subpoena responses to NextGear in relation to his assets and he indicated that he and LHI had absolutely zero assets from which NextGear could satisfy its $4,500,000.00 judgment. A copy of all information subpoena responses is attached as **Exhibit Q.**

## COUNT I

### FRAUDULENT TRANSFER CLAIM AGAINST PAUL GUTIERREZ.

37. NextGear incorporates the allegations above as if set forth at length here.

38. The transfer of the Property from Antonio to Paul and the transfer of $2,976,823.10 in cash from LHI to Paul was done in violation of 12 *Pa.C.S.A.* § 5104 and other provisions of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA").

39. The following factors evidence the fraudulent intent connected with these transfers, including: (a) the Property and substantial cash were transferred to Antonio's brother, Paul (an insider); (b) the transfer of the Property occurred only five days before Luxury Haus' line of credit (**personally guaranteed by Antonio**) was locked; (c) Antonio was sued within a matter of weeks of when the subject transfer of the Property occurred; (d) the transfer of the Property appears to relate to Antonio's only unencumbered executable asset based upon the information subpoena responses he has provided; (e) Paul did not provide reasonably equivalent value for the subject transfer as his deed indicated that he paid $1.00 for the Property and did nothing for the $2,976,823.10 in cash he received; (f) Antonio and LHI become insolvent shortly after these transfers occurred because they were sued for a substantial debt they cannot repay; and (g) Antonio and LHI concealed assets from NextGear because NextGear, due to the transfers to Paul, cannot simply record a lien in Monroe County on the Property and foreclose upon its judicial lien and NextGear also cannot simply levy upon cash held in a bank account.

40. As such, the above transfers were done "with actual intent to hinder, delay or defraud [NextGear]." *See* 12 *Pa.C.S.A.* § 5104(a)(1).

41. Furthermore, Paul did not take the Property in good faith or for reasonably equivalent value. According to publicly-available records, he paid a $1.00 for the Property, nor did he provide any specific consideration for the $2,976,823.10 in cash he received.

42. As a result, the transfers of the Property and substantial cash to Paul were done without the receipt of reasonably equivalent value by Antonio and LHI and when LHI and Antonio already owed a substantial debt to NextGear, which they indisputably cannot satisfy.

43. Therefore, the transfer of the Property and cash to Paul was constructively fraudulent under the PUVTA. *See 12 Pa.C.S.* § 5104(a)(2)(i) – (ii).

**WHEREFORE**, Plaintiff, NextGear Capital, Inc. respectfully requests that the Court enter a judgment in NextGear's favor against Paul Gutierrez and afford NextGear the following relief: (a) a determination that the September 28, 2016 transfer of the Property and the above cash transfers violated the PUVTA; (b) an avoidance of the September 28, 2016 transfer of the Property to Paul from Antonio; (c) an injunction against any further disposition of the Property; (d) the appointment of a receiver to sell the Property to satisfy NextGear's judgment against Antonio and LHI; (e) an award of a monetary judgment in at least the amount of $ against Paul Gutierrez; (f) an award of punitive damages; (g) an award of attorneys' fees and costs; and (h) any other relief that the Court deems just and equitable under the circumstances.

## COUNT II

## FRAUDULENT TRANSFER CLAIM AGAINST ANTONIO GUTIERREZ.

44. NextGear incorporates the allegations above as if set forth at length here.

45. The transfer of the Property from Antonio to Paul and substantial cash transfers to Paul were done in violation of 12 *Pa.C.S.A.* § 5104 and other provisions of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA").

46. The following factors evidence the fraudulent intent for these transfers, including: (a) the Property and cash were transferred to Antonio's brother, Paul (an insider); (b) the transfer of the Property occurred only five days before Luxury Haus' line of credit (**personally guaranteed by Antonio**) was locked; (c) Antonio was sued within a matter of weeks of when the subject transfer of the Property occurred and substantial cash transfers were completed; (d) the transfer of the Property appears to relate to Antonio's only unencumbered executable asset based upon the information subpoena responses provided to NextGear; (e) Paul did not provide reasonably equivalent value for the subject transfers as his deed indicates that he paid $1.00 for the Property and offered nothing in particular for the $2,976,823.10 in cash he received; (f) Antonio and LHI become insolvent shortly after these transfers occurred because they were sued only a few weeks later over a debt they could not repay; and (g) Antonio and LHI concealed assets from NextGear because NextGear, due to the transfers to Paul, cannot simply record a lien in Monroe County and foreclose upon its judicial lien to sell the Property or levy upon money held in a bank account.

47. As such, the above transfers were done with the "actual intent to hinder, delay or defraud [NextGear]." 12 *Pa.C.S.A.* § 5104(a)(1).

48. Paul did not take the Property in good faith or for reasonably equivalent value. According to publicly-available records, he paid a $1.00 for the Property, nor did he provide any specific consideration for the $2,976,823.10 in cash he received.

49. As a result, the transfers to Paul were done without the receipt of reasonably equivalent value by Antonio and LHI and when LHI and Antonio already owed a substantial debt to NextGear, which they indisputably cannot satisfy.

50. Therefore, the transfer of the Property to Paul and substantial cash transfers to Paul were constructively fraudulent under the PUVTA. *See 12 Pa.C.S.* § 5104(a)(2)(i) – (ii).

**WHEREFORE**, Plaintiff, NextGear Capital, Inc. respectfully requests that the Court enter a judgment in NextGear's favor against Antonio Gutierrez and affords NextGear the following relief:  (a) a determination that the September 28, 2016 transfer of the Property and the above-identified cash transfers violated the PUVTA; (b) an avoidance of the September 28, 2016 transfer of the Property to Paul from Antonio; (c) an injunction against any further disposition of the Property; (d) the appointment of a receiver to sell the Property to satisfy NextGear's judgment against Antonio and LHI; (e) an award of a monetary judgment against Antonio Gutierrez in at least the amount of $; (f) an award of punitive damages; (g) an award of attorneys' fees and costs; and (h) any other relief that the Court deems just and equitable under the circumstances.

## COUNT III

### CONVERSION CLAIM AGAINST PAUL GUTIERREZ.

51. NextGear incorporates the allegations above as if set forth at length here.

52. A conversion occurs if someone does an act which deprives another of his or her right to property, or possession of, or use of a chattel, without lawful justification and without the

11

owner's consent. *Norriton East Realty Corp. v. Central-Penn Nat'l Bank*, 435 *Pa.* 57, 60 (1969); *Chicago Title Ins. Co. v. Ellis*, 409 *N.J. Super.* 444, 456 – 457 (App. Div. 2009).

53. Paul's receipt of $2,976,823.10 in LHI funds was a conversion as to NextGear's interest in the collateral of its loan to LHI.

54. As to the $2,000,000.00 Paul was to "hold" for Antonio that is the subject of Antonio's criminal case, these funds were admittedly due to NextGear in relation to vehicles that were sold out-of-trust. Thus, by admittedly receiving these funds and then transferring them to other recipients, Paul deprived NextGear of the opportunity to be in receipt of these specific funds.

55. As to the $976,823.10 transferred to a Luxury Haus Leonia TD Bank account, these funds were acquired by Luxury Haus Lenoia at a time when NextGear had funded a substantial amount of transactions for LHI, and were funds drawn from LHI accounts where NextGear had made large deposits.

**WHEREFORE**, Plaintiff, NextGear Capital, Inc. respectfully requests that the Court enter a judgment in NextGear's favor against Paul Gutierrez and affords NextGear the following relief: (a) a determination that Paul Gutierrez's receipt and transfer of funds was a conversion of NextGear's interest in those funds; (b) an award of a monetary judgment against Paul Gutierrez in at least the amount of $1,599,823.10 in relation to the funds he received from LHI; (c) an award of punitive damages; (d) an award of attorneys' fees and costs; and (e) any other relief that the Court deems just and equitable under the circumstances.

## COUNT IV

## CONVERSION CLAIM AGAINST ANTONIO GUTIERREZ.

56. NextGear incorporates the allegations above as if set forth at length here.

57. A conversion occurs if someone does an act which deprives another of his or her right to property in, or possession of, or use of a chattel, without lawful justification and without the owner's consent. *Norriton East Realty Corp. v. Central-Penn Nat'l Bank*, 435 *Pa.* 57, 60 (1969); *Chicago Title Ins. Co. v. Ellis*, 409 *N.J. Super.* 444, 456 – 457 (App. Div. 2009).

58. Antonio's transfer of $2,976,823.10 to Paul in LHI funds was a conversion as to NextGear's interest in the collateral of its loan to LHI.

59. As to the $2,000,000.00 Paul was to "hold" for Antonio that is the subject of Antonio's criminal case, these funds were admittedly funds that had to be remitted to NextGear in relation to vehicles that were sold out-of-trust. Thus, by transferring these funds to Paul, Antonio deprived NextGear of the opportunity to be in receipt of these specific funds.

60. As to the $976,823.10 transferred to a Luxury Haus Leonia TD Bank account by LHI, these funds were acquired by Luxury Haus Lenoia at a time when NextGear had funded a substantial amount of transactions for LHI, and were actually funds drawn from LHI accounts where NextGear had made large deposits.

**WHEREFORE**, Plaintiff, NextGear Capital, Inc. respectfully requests that the Court enter a judgment in NextGear's favor against Antonio Gutierrez and affords NextGear the following relief: (a) a determination that Antonio Gutierrez's transfer of funds was a conversion of NextGear's interest in those funds; (b) an award of a monetary judgment against Antonio Gutierrez in at least the amount of $1,599,823.10 in relation to the funds he transferred from

LHI; (c) an award of punitive damages; (d) an award of attorneys' fees and costs; and (e) any other relief that the Court deems just and equitable under the circumstances.

## COUNT V

## APPOINTMENT OF A RECEIVER AGAINST ALL DEFENDANTS.

61. NextGear incorporates the allegations above as if set forth at length here.

62. Pursuant to *12 Pa.C.S. § 5107(a)(3)(ii)*, a creditor, subject to general principles of equity, may seek the "appointment of a receiver to take charge of the asset transferred or of other property of the transferee."

63. As pertains to the Property, the appointment of a receiver is justified because: (a) the Property was an asset of Antonio that was dissipated just prior to Luxury Haus' and Antonio's default on a substantial loan made by NextGear; (b) Antonio, on behalf of himself and Luxury Haus, has claimed that there are no other assets available to satisfy NextGear's $4,500,000.00 judgment; and (c) there is no potential for causing harm to innocent third parties as the subject transaction was an intra-family transfer.

64. As such, the appointment of a receiver is more than justified here to allow NextGear to protect the only currently, identifiable asset that appears is available for execution from Antonio. *See Temtex Products, Inc. v. Kramer*, 330 *Pa.Super.* 183, 198 (1983)(holding that provisional relief must be approved under similar circumstances).

65. Until such a remedy is entered by the Court, NextGear will continue to sustain immediate, irreparable and substantial financial harm and injury by reason of Defendants' wrongful transfer of assets.

**WHEREFORE**, Plaintiff, NextGear Capital, Inc. demands judgment against all Defendants for the following: (a) a declaration preventing Defendants from paying, selling,

assigning, transferring, hypothecating or pledging the Property, except to a receiver appointed by this Court; (b) that a custodial receiver be appointed over the Property for the benefit of creditors; (c) for an award of attorney's fees and costs of suit; and (d) for such other and further relief as the Court deems just and proper.

## COUNT VI

### PUNITIVE DAMAGES AGAINST ALL DEFENDANTS.

66. NextGear incorporates the allegations above as if set forth at length here.

67. Along with the award of compensatory damages under the PUVTA, a plaintiff alleging the existence of a fraudulent transfer is entitled to recover punitive damages when the plaintiff can demonstrate "outrageous conduct." *See Klein v. Weidner*, 729 *F.3d* 280, 293 (3rd Cir. 2013).

68. "Outrageous conduct" is something that is intentional, willful, wanton or recklessly done (close to criminal conduct). *See Vance v. 46 and 2, Inc.*, 920 *A.2d* 206 (Pa. Super. 2007).

69. As shown by the above, both Antonio and Paul have engaged in outrageous conduct.

70. Antonio is charged with several money laundering felonies in connection with the mishandling of funds owed to NextGear. Thus, Antonio's conduct is criminal.

71. Paul's conduct is also criminal or close to criminal in that he specifically helped his brother funnel $976,823.10 in funds through a Luxury Haus Lenoia account in the span of just over six months, and helped shield assets from execution by taking title to the Property for inadequate consideration at a time when Antonio and LHI were about to default on a substantial debt and be sued for amounts owed related to that substantial debt.

**WHEREFORE**, Plaintiff, NextGear Capital, Inc. demands judgment against all Defendants for the following:  (a) a declaration that Defendants have engaged in outrageous conduct; (b) a declaration that NextGear is entitled to an award of punitive damages; (c) an award of punitive damages; (d) an award of attorney's fees and costs of suit; and (e) an award of such other and further relief as the Court deems just and proper.

        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
        *Attorneys for Plaintiff, NextGear Capital, Inc.*


        By:  /s/ Nicholas M. Gaunce
            NICHOLAS M. GAUNCE

Dated:  August 16, 2018