# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | 3:18-CV-01617-MEM |
| | : | (Judge Mannion) |
| vs. | : | |
| | : | |
| ANTONIO L. GUTIERREZ, PAUL GUTIERREZ, | : | DECLARATION OF PAUL GUTIERREZ |
| | : | |
| Defendants. | : | ELECTRONIACALLY FILED |
| | : | |

I, PAUL GUTIERREZ, declare:

1.    I am the defendant in the above entitled action and I make this declaration in support of my motion to dismiss.

2.    Defendant Antonio L. Gutierrez is my brother and resides in the State of New Jersey, and has never resided in the Commonwealth of Pennsylvania.

3.    It is my understanding that Luxury Haus was an automobile dealership that was incorporated and located in the State of New Jersey, and does not have any offices and locations in the Commonwealth of Pennsylvania.  I am not the owner in any shape, manner, or form in Luxury Haus.

4.    I am a resident of the State of New Jersey, and I have never resided in the Commonwealth of Pennsylvania.

5.     I was the corporate secretary of Luxury Haus with my primary duties to operate one of the stores.  I would ensure that the employees arrived on time, open the store, sales, marketing, close the store, and do basic managerial duties.  I would sign payroll checks when Defendant Antonio L. Gutierrez was not available.

6.     All of my duties for Luxury Haus were located in the State of New Jersey and not in the Commonwealth of Pennsylvania.

7.     I do not have any "continuous and systematic" contacts with the Commonwealth of Pennsylvania, and I am not aware of any "continuous and systematic" contacts that the Defendant Antonio L. Gutierrez has with the Commonwealth of Pennsylvania.

8.     Regarding my relationship to Plaintiff NextGear prior to the New Jersey Litigation, please note the follows:

    a.   my name is not on any of the Luxury Haus Corporate Documents;

    b.   my name is not on any of the Contracts between Plaintiff NextGear and Luxury Haus (Exhibit A – Contract between NextGear and Luxury Haus);

    c.   I was not present for any of the negotiations for the line of credit;

d. I was not a signature to any line of credit documents or any loan documents (Exhibit A – Contract between NextGear and Luxury Haus);

e. I am not a signature for any personal guarantees that Plaintiff NextGear may or may not have (Exhibit A – Contract between NextGear and Luxury Haus); and

f. I have not had any type of contract with Plaintiff NextGear.

9.    However, it is my understanding and belief that the bulk of the business transactions between Plaintiff NextGear and Luxury Haus were located in the State of New Jersey.  I do not recall anything that occurred with Plaintiff NextGear in the Commonwealth of Pennsylvania.

10.    Per the Plaintiff's own Complaint filed in the Commonwealth of Pennsylvania, the factually allegations have already been litigated and resolved in the Superior Court of New Jersey, Bergen County under the case NextGear Capital, Inc. v. The Luxury Haus, Inc., and Antonio L. Gutierrez, jointly and severally, Docket No. L-7268-16 filed on October 12, 2016.  (Exhibit B – New Jersey Complaint)

11.    Plaintiff NextGear has already sued Luxury Haus and Antonio L. Gutierrez for the exactly the same issues they filed in this federal action before the Middle District of Pennsylvania.  (Exhibit B – New Jersey Complaint)

12.    Plaintiff NextGear has not brought litigation against me in the Superior Court of New Jersey nor have they amended the New Jersey Litigation to include me as a Defendant even though they had multiple opportunities to do so.

13.    I am aware that Plaintiff NextGear did amend the New Jersey Complaint to include Edith Gutierrez, Defendant Antonio L. Gutierrez' wife, in the action.  Thereafter, Edith Gutierrez filed an Answer on or about October 17, 2018. (Exhibit C – Edith Gutierrez's Answer in the New Jersey Litigation)

14.    Regarding the criminal case, it is still pending and has not been resolved.  I am not included in the criminal case.  Regardless, the criminal case is located in the State of New Jersey.

15.    All of the witnesses, documents, testimony, experts, if any, and any other issues that may relate to these cases are all located in the State of New Jersey. No one that I am aware of is located in the Commonwealth of Pennsylvania, not even Plaintiff's own witnesses and experts, if any.

16.    Under the New Jersey Litigation, I was deposed by Plaintiff NextGear on or about April 10, 2017.  Plaintiff NextGear filed the case in October of 2016,

and had plenty of time to file a motion to amend in order to include me as a defendant as they did with Edit Gutierrez, Defendant Antonio L. Gutierrez's wife.

17.    Based upon my deposition and Plaintiff NextGear's allegations in Provision 21 to Provision 29 of their Complaint in this Federal Court, I along with Luxury Haus Leonia should have been brought into the New Jersey Litigation as defendants.  Plaintiff NextGear has already chosen Bergen County, New Jersey as the appropriate forum and venue for the action.

18.    Plaintiff NextGear should have filed a motion to amend the complaint to include me as a defendant as well as Luxury Haus Leonia as they did numerous times in the New Jersey Litigation.

19.    It is my belief that the reason Plaintiff NextGear did not amend the complaint to add me as a defendant is because the funds from Luxury Haus Leonia were recovered by Plaintiff NextGear.  As such, there was no obligation that I or Luxury Haus Leonia has towards Plaintiff NextGear.

20.    Plaintiff NextGear wants to double-dip on funds they already recovered, get a "second-bit of the apple" by filing an action in this Federal Court, and relitigate the issues.  This is unreasonable and in "bad faith" on the part of Plaintiff NextGear since no transaction or business dealings between Plaintiff NextGear and the Defendants occurred in the Commonwealth of Pennsylvania.

21.     It is my understanding and belief that Plaintiff NextGear has already recovered close to $2 million dollars (two million dollars) in cash and has also recovered over 200 vehicles from Luxury Haus ranging from $25,000 to $170,000 in value depending on the vehicle.  One of the vehicles was a Rolls Royce Wraith with an approximate value of $170,000 to $200,000 which Plaintiff NextGear has recovered.

22.     All of the vehicles recovered were located in the State of New Jersey and no vehicle was located in the Commonwealth of Pennsylvania.

23.     In the New Jersey Litigation, there have been multiple motions filed, multiple discovery motions filed, various subpoenas issues, extended discovery requests, and motions to amend.  Please note the following highlights from the New Jersey Litigation (Exhibit D):

> a. Amended Answer submitted by Defendant Antonio L. Gutierrez filed on September 14, 2017;
>
> b. Motion to Extended Discovery submitted by Plaintiff NextGear filed on October 10, 2017;
>
> c. Stip to Extend Time for Answer by Defendant Edith Gutierrez filed on October 11, 2017;
>
> d. Answer by Defendant Edith Gutierrez filed on October 17, 2017;

e.  Order Extending Discovery filed on October 27, 2017;

f.  Writ of Replevin – DENIED filed on October 27, 2017;

g.  Motion for Discovery by Plaintiff NextGear filed on December 20, 2017;

h.  Motion to Extend Discovery by Plaintiff NextGear filed on December 20, 2017;

i.  Motion to Quash Subpoena filed on January 1, 2018;

j.  Order Extend Discovery GRANTED filed on January 5, 2018;

k.  Motion to File or Amend Complaint by Plaintiff NextGear filed on February 23, 2018;

l.  Motion to Extend Discovery by Plaintiff NextGear filed on February 13, 2018;

m. Order to Show Cause by Plaintiff NextGear filed on February 13, 2018;

n.  Order to Extend Discovery GRANTED filed on March 2, 2018;

o.  Motion to Extend Discovery by Defendant Antonio L. Gutierrez filed on March 23, 2018;

p.  Motion to Compel Deposition by Plaintiff NextGear filed on April 11, 2018;

q. Motion for Summary Judgment by Plaintiff NextGear filed on April 25, 2018;

r. Final Judgment Against Defendant Antonio L. Guiterrez by Plaintiff NextGear filed on April 30, 2018;

s. Motion to Enforce Litigants Rights by Plaintiff NextGear filed on June 6, 2018;

t. Motion to Enforce Settlement by Plaintiff NextGear filed on August 13, 2018;

u. Order for Judgment against Defendant Edith Gutierrez filed on October 26, 2018.

24. The above along with Exhibit D outline the activities in the New Jersey Litigation which also include responsive pleadings, replies, oral arguments, court appearances, telephone conference, and settlement conferences among others. For a full list, please see Exhibit D.

25. Plaintiff NextGear had every opportunity to include me in the New Jersey Case and file the appropriate motion, which they have failed to do, even after my deposition.

26. Plaintiff NextGear filed a motion to amend the complaint to include Defendant Edith Guiterrez, Defendant Antonio L. Guiterrez's wife. They also filed on February 13, 2018 to include Carman DeMao, owner of Lexus of

Englewood, as an additional defendant regarding the same issues in this federal complaint. (Exhibit E – Motion to Amend filed on February 13, 2018).

27.     Attached to the Motion to Amend filed on February 13, 2018 in the New Jersey Litigation is the proposed Amended Complaint as Exhibit E.

28.     Per the Amended Complaint as Exhibit E, the counts are substantially the same as in this complaint regarding fraudulent transfer. (Exhibit F - Amended Answer attached to the Motion to Amend filed on February 13, 2018 as Exhibit E).

29.     However, on or about February 27, 2018, Plaintiff NextGear elected to withdraw the Motion to Amend. (Exhibit D).

30.     Throughout this entire New Jersey Litigation, Plaintiff NextGear was familiar with me as they deposed me. Plaintiff NextGear was familiar with Luxury Haus Leonia before they filed the motion to amend to include Edith Gutierrez and Carmen DeMao.

31.     Plaintiff NextGear obtained a judgment against Defendant Antonio L. Gutierrez in the amount of $4.5 million (four million five hundred thousand dollars) in the New Jersey Litigation. (Exhibit G)

32.     Plaintiff NextGear obtained a judgment against Defendant Edith Gutierrez in the amount of $507,634.61 (five hundred seven thousand six hundred thirty four and sixty one cents). (Exhibit H)

33.    Basically, Plaintiff NextGear is filing a Notice of Removal to the Middle District of Pennsylvania by using the federal complaint as a vehicle knowing that all of the activities occurred in New Jersey.

## Poconos Property

## 5334 Delia Terrace, Lot 33, East Stroudsburg, PA 18301

34.    At the time of when Defendant Antonio L. Gutierrez purchased the Poconos Property on or about April 8, 2016, he was a resident of the State of New Jersey.

35.    Again, Provision 31 mentions Luxury Haus Leonia which was incorporated in the State of New Jersey and had its principle place of business in New Jersey.

36.    Plaintiff NextGear's position is that the funds used to purchase the Poconos Property came from Luxury Haus, which should have been addressed in the New Jersey Litigation.

37.    Plaintiff NextGear's position that the property was transferred from Defendant Antonio L. Gutierrez to me was fraudulent is false and should have been address in the New Jersey Litigation.

38.    The transactions regarding the Poconos Property is located in New Jersey including all of the witnesses and documents.

39.     The Court should note that Defendant Antonio L. Gutierrez was involved in a protracted divorce action with this wife that is still pending to this day with venue located in Bergen County, New Jersey.

40.     It is my understanding that the Poconos Property was part of the divorce action along with other assets that were owed by Defendant Antonio L. Gutierrez and his wife, Edith Gutierrez.

41.     Regardless, all the parties regarding what occurred with the Poconos Property are located in the State of New Jersey, and no one is located in the Commonwealth of Pennsylvania.

42.     All of the closing documents regarding the transaction were signed in New Jersey and mailed into the Commonwealth of Pennsylvania.

43.     When the property was transferred, I did not go to the Commonwealth of Pennsylvania and neither did the Defendant Antonio L. Gutierrez.

44.     The proper place to have adjudicated these allegations in this federal complaint is in the New Jersey Litigation.  Plaintiff should not have filed a separate action in Pennsylvania when there is already litigation in New Jersey regarding substantially the same issues.

45.     As such, the complaint should be dismissed with prejudice and the Plaintiff should be sanctioned and ordered to pay counsel fees for this type of frivolous litigation.

46.     Based upon this Declaration, Legal Brief, attached Exhibits, and the reasons stated above, the Notice of Motion to Dismiss should be granted.

47.     The facts stated above are known to be true, of my own knowledge.  I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the forgoing is true and correct.

PAUL GUTIERREZ

Date: 11/20/2018