Carol Ann Slocum, Esquire (Atty. I.D. No. 04551984)
Christopher J. Leavell, Esquire (Atty. I.D. No. 020342014)
KLEHR HARRISON HARVEY BRANZBURG, LLP
(A Pennsylvania Limited Liability Partnership)
457 Haddonfield Road, Suite 510
Cherry Hill, NJ  08002
(856) 486-7900 - Telephone
(856) 486-4875 - Facsimile
Attorneys for Plaintiff

SUPERIOR COURT BERGEN COUNTY
FILED

OCT 1 2 2018

DEPUTY CLERK

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE LUXURY HAUS INC., and ANTONIO L. GUTIERREZ, jointly and severally, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> BERGEN COUNTY <br><br> DOCKET NO. L- 7268-16 <br><br> Civil Action <br><br> COMPLAINT |

Plaintiff NextGear Capital, Inc. ("NextGear"), by and through its counsel, Klehr Harrison Harvey Branzburg, LLP, by way of Complaint against Defendants states as follows:

## THE PARTIES

1.  NextGear is a Delaware corporation with a principal place of business located at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032. NextGear is in the business of, among other things, providing financing to automobile dealers for the purchase of inventory for resale.

2.  Defendant The Luxury Haus Inc. ("Luxury Haus") is a New Jersey corporation with a principal place of business located at 335 Grand Avenue, Leonia, NJ 07605. Luxury Haus is engaged in the business of, among other things, selling automobiles.

3.  Antonio L. Gutierrez ("Gutierrez") is an adult individual residing at 487 Shaler Road, Ridgefield, NJ 07057. Gutierrez is the president of Luxury Haus.

PHIL1 5711027v.2

## NEXTGEAR'S LOAN TO LUXURY HAUS

4.    On or about March 20, 2014, NextGear extended a credit line to Luxury Haus in the maximum amount of $12,000,000 to provide floorplan financing for Luxury Haus purchase of vehicles for resale.

5.    To evidence its obligations to NextGear, Luxury Haus executed and delivered to NextGear a Demand Promissory Note and Loan and Security Agreement dated March 20, 2014 (together with amendments, the "Loan Agreement"). A true copy of the Loan Agreement is attached hereto as Exhibit A.

6.    To secure its obligations to NextGear, Luxury Haus granted NextGear a security interest in all of Luxury Haus' assets and properties, including without limitation, Luxury Haus' equipment, accounts, documents, cash reserves, receivables, general intangibles, equipment, inventory, books and records and all proceeds thereof, as more fully described in the Loan Agreement (the "Collateral").

7.    NextGear perfected its security interest in the Collateral by filing UCC-1's with the Secretary of State for the State of New Jersey on March 30, 2012 and January 15, 2015. A true copy of the UCC-1 financing statements are attached hereto collectively as Exhibit B.

8.    NextGear has maintains a duly perfected security interest in and to the Collateral.

9.    To induce NextGear to extend credit to Luxury Haus, Gutierrez executed and delivered to NextGear a personal guaranty agreement dated March 20, 2014, pursuant to which Gutierrez unconditionally agreed to act as surety for all indebtedness of Luxury Haus to NextGear. A true copy of Gutierrez' guaranty is attached hereto as Exhibit C.

10.    As of October 6, 2016, Luxury Haus owed NextGear $17,232,130.13, exclusive of additional fees and charges permitted under the Loan Agreement, for extensions of credit to Luxury Haus to enable it to purchase inventory. In addition, Luxury Haus is obligated to

2

NextGear for such additional sums as become due as a result of the return of pending payments for non-sufficient funds for which credit provisionally has been given to Defendant Luxury Haus.

## INVENTORY SOLD OUT OF TRUST, MISSING INVENTORY AND DISHONORED PAYMENTS

11.     Pursuant to paragraph 4(f) of the Loan Agreement, Luxury Haus agreed to hold all amounts received from the sale of a vehicle financed by NextGear in trust for NextGear and to remit to NextGear a sum sufficient to satisfy all amounts owed to NextGear for the vehicle within twenty-four hours of the receipt of such funds.

12.     Pursuant to paragraph 4(e) of the Loan Agreement, Luxury Haus agreed that NextGear had the right to conduct inventory audits.

13.     On or about October 5, 2016, NextGear was advised by counsel for Luxury Haus that Luxury Haus sold 81 vehicles financed by NextGear and failed to remit the required proceeds to NextGear, commonly known as "sold out of trust."

14.     Luxury Haus owes NextGear not less than $2,900,702.14 under the floorplan financing for the 81 vehicles sold out of trust.

15.     In addition to the 81 vehicles sold out of trust, NextGear has been unable to confirm the location of an additional 138 vehicles for which Luxury Haus owes NextGear not less than $5,578,712.39.

16.     On October 7, 2016, NextGear received notice of dishonor of a required payment made by Luxury Haus in the amount of $1,867,230.89 on October 4, 2016 due to non-sufficient funds.

17.     Pursuant to paragraphs 6(a) and (b) of the Loan Agreement, Luxury Haus' failure to promptly remit sums due and owing to NextGear and to hold such sums in trust for NextGear

3

constitutes an event of default.

18. As a result of Luxury Haus' violations of the terms of the Loan Agreement, NextGear has accelerated the entire unpaid balance under the line of credit, pursuant to paragraph 7(a) of the Loan Agreement.

19. Pursuant to Paragraph 25 of the Loan Agreement, Luxury Haus waived, to the fullest extent permitted by law, any requirement that NextGear provide a bond or surety or security during attempts to recover the Collateral or otherwise.

20. Luxury Haus is obligated to pay NextGear all reasonable attorney's fees and costs of collection incurred by NextGear in enforcing the Loan Agreement and/or as a result of an event of default, pursuant to paragraphs 7(d) and 18 of the Loan Agreement.

### COUNT ONE

### REPLEVIN AS TO LUXURY HAUS

21. The previous allegations of the Complaint are incorporated as if set forth at length herein.

22. Under the terms of the Loan Agreement, NextGear became entitled to possession of the Collateral upon the Luxury Haus's default.

23. Luxury Haus has failed to pay the sums due under the Loan Agreement and has failed to deliver possession of all of the Collateral to NextGear.

24. NextGear has commenced repossession of the vehicles financed by NextGear that still remain on the premises of Luxury Haus under the Uniform Commercial Code.

WHEREFORE, NextGear Capital, Inc. demands judgment against Luxury Haus as follows:

(a) For immediate possession of the Collateral, excluding any vehicle

4

PHIL1 5711027v.2

inventory already repossessed by NextGear;

(b)    For payment of $17,232,130.13, plus interest, fees and other expenses accruing after October 6, 2016 and all other sums due or to become due as a result of dishonor of payments provisionally credited to the account of Luxury Haus;

(c)    In the alternative, if the Collateral cannot be delivered to NextGear, for the fair market value of the Collateral;

(d)    For damages for detention of the Collateral, attorneys' fees and costs of suit; and

(e)    For such other and further relief as the Court deems just and proper.

## COUNT TWO

### BREACH OF CONTRACT AGAINST LUXURY HAUS UNDER THE LOAN AGREEMENT AND GUTIERREZ UNDER GUARANTY

25.    The previous allegations of the Complaint are incorporated as if set forth at length herein.

26.    Luxury Haus is in default of its obligations to NextGear pursuant to the terms of the Loan Agreement by reason of, among other things, failing to hold all amounts received from the sale of vehicles financed by NextGear in trust for NextGear and by failing to make payments to NextGear as and when due.

27.    Pursuant to the terms of the Loan Agreement, Luxury Haus is obligated to pay all sums due and owing to NextGear.

28.    The default of Luxury Haus under the terms of the Loan Agreement constitutes a default under the guaranty of Gutierrez.

29.    As a result of the default of Gutierrez, under his guaranty, Gutierrez and Luxury

5

Haus are immediately liable for all sums due under the Loan Agreement.

WHEREFORE, Plaintiff NextGear Capital, Inc. demands judgment against Luxury Haus and Gutierrez, jointly, severally and in the alternative as follows:

      (a)     For judgment in the amount of $17,232,130.13, plus interest, fees and other expenses accruing after October 6, 2016;

      (b)     For attorney's fees and costs of suit; and

      (c)     For such other and further relief as the Court deems just and proper.

## COUNT THREE

### FOR APPOINTMENT OF CUSTODIAL RECEIVER

30.     The previous allegations of the Complaint are incorporated as if set forth at length herein.

31.     Despite repeated demand, Defendants have failed to account for Plaintiff's Collateral and the proceeds of any such Collateral which has been sold. By reason of Defendant Luxury Haus' default under the Loan Agreement, NextGear is entitled to immediate possession of the Collateral and has the right pursuant to the New Jersey Commercial Code to demand that Defendant Luxury Haus assemble the Collateral and make it available to NextGear at a place designated by NextGear.

32.     Pursuant to paragraph 7(b) of the Loan Agreement, Defendants agree that Plaintiff could initiate proceedings to appoint a receiver and Defendant Luxury Haus consented to such appointment without requiring NextGear to post a bond.

33.     Unless Luxury Haus is required (i) to segregate in an account controlled by a court appointed receiver, all proceeds of accounts receivable; (ii) to turn over to a receiver all payments on account of accounts receivable in their original form; and (iii) to disclose to a

6

receiver the name and addresses of its account debtors and the amount owed by each of them, the accounts left in the hands of Luxury Haus will be dissipated and NextGear will suffer immediate and irreparable loss of its Collateral.

34. NextGear is sustaining and will continue to sustain immediate, irreparable and substantial harm and injury by reason of Defendants' wrongful refusal to disclose the location of the Collateral, to permit NextGear to inspect its books and records and to assemble and deliver possession of the Collateral to NextGear.

WHEREFORE, Plaintiff NextGear Capital, Inc. demands judgment against Luxury Haus and Gutierrez, jointly, severally and in the alternative as follows:

      (a)    That Defendant and its officers, directors, managing members and agents be enjoined from receiving payment or collection of any debts due Luxury Haus and from paying, selling, assigning, transferring, hypothecating or pledging the Collateral or any of Defendant's Luxury Haus's assets or accounts receivable, except to a receiver appointed by this Court; and

      (b)    That a custodial receiver be appointed over Defendant Luxury Haus for the benefit of its creditors.

      (c)    For attorney's fees and costs of suit; and

      (d)    For such other and further relief as the Court deems just and proper.

KLEHR HARRISON HARVEY
BRANZBURG, LLP
Attorneys for Plaintiff

By Carol Ann Slocum, Esquire

Dated: October 12, 2016

7

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, that no other action or arbitration proceeding is contemplated, and there are no additional parties who should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Carol Ann Slocum, Esquire, is hereby designated as trial counsel for Plaintiff NextGear Capital, Inc.

Carol Ann Slocum, Esquire

Dated: October 12, 2016

8