Wendy F. Klein, Esq. – Atty. ID # 032321993
Jenny R. Flom – NJ Atty. ID # 018212006
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536  Facsimile
Attorneys for Defendant Edith Gutierrez

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE LUXURY HAUS, INC. and ANTONIO L. GUTIERREZ, and ABC Co., and EDITH GUTIERREZ, jointly and severally, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br> DOCKET NO.: BER-L-7268-16 <br><br> Civil Action <br><br> **ANSWER AND SEPARATE DEFENSES** |

Defendant Edith Gutierrez ("Defendant"), by and through her counsel, Cole Schotz P.C., hereby answers the Second Amended Complaint ("Complaint") of Plaintiff, NextGear Capital, Inc. ("NextGear" or "Plaintiff"), as follows:

## AS TO THE PARTIES

1.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2.     Except to admit that Luxury Haus sold automobiles and to deny that Luxury Haus' principal place of business is located at 335 Grand Avenue, Leonia, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and leaves Plaintiff to its proofs.

3. Except to deny that Antonio Gutierrez ("Antonio") resides at 487 Shaler Road, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and leaves Plaintiff to its proofs.

4. Defendant admits that she is an adult individual residing at 487 Shaler Road, Ridgefield, NJ 07057, but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and leaves Plaintiff to its proofs.

## AS TO NEXTGEAR'S LOAN TO LUXURY HAUS

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, none of which are directed at her, and refers to the UCC-1 financing statements for a true and accurate recitation of their terms, conditions and purpose.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and leaves Plaintiff to its proofs.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, none of which are directed at her, and refers to the Guaranty for a true and accurate recitation of its terms, conditions and purpose.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and leaves Plaintiff to its proofs.

**AS TO INVENTORY SOLD OUT OF TRUST, MISSING INVENTORY AND DISHONORED PAYMENTS**

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and leaves Plaintiff to its proofs.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and leaves Plaintiff to its proofs.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and leaves Plaintiff to its proofs.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and leaves Plaintiff to its proofs.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and leaves Plaintiff to its proofs.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and leaves Plaintiff to its proofs.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and leaves Plaintiff to its proofs.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, none of which are directed at

her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and leaves Plaintiff to its proofs.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

**AS TO IMPROPER FUND TRANSFERS TO PREVENT NEXTGEAR'S RECOVERY**

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and leaves Plaintiff to its proofs.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and leaves Plaintiff to its proofs.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and leaves Plaintiff to its proofs.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and leaves Plaintiff to its proofs.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, none of which are directed at her, and refers to the Criminal Complaint for a true and accurate recitation of its allegations.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, none of which are directed at her, and refers to the Criminal Complaint for a true and accurate recitation of its allegations.

33. Defendant denies that she "utilized funds Luxury Haus received from the sale of vehicles financed through NextGear to pay for personal expenses" and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint and leaves Plaintiff to its proofs.

34. Other than to admit that the residence in Bermuda was sold, Defendant denies the allegations contained in Paragraph 34 of the Complaint

35. Defendant denies the allegation contained in Paragraph 35 of the Complaint.

57057/0001-15047786v2

## AS TO COUNT ONE
## REPLEVIN AS TO LUXURY HAUS

36. Defendant repeats and realleges the forgoing answers to the Complaint as if fully set forth herein.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and leaves Plaintiff to its proofs.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and leaves Plaintiff to its proofs.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant, Edith Gutierrez, demands judgment against Plaintiff, NextGear Capital, Inc., dismissing the Second Amended Complaint in its entirety, with prejudice, together with attorneys' fees and costs of suit, and other relief as the Court deems just and equitable.

57057/0001-15047786v2

## AS TO COUNT TWO
## BREACH OF CONTRACT AGAINST LUXURY HAUS UNDER THE LOAN AGREEMENT AND GUTIERREZ UNDER GUARANTY

41. Defendant repeats and realleges the forgoing answers to the Complaint as if fully set forth herein.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and leaves Plaintiff to its proofs.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, none of which are directed at her, and refers to the Loan Agreement for a true and accurate recitation of its terms, conditions and purpose.

44. Defendant neither admits nor denies the allegations contained in paragraph 44 of the Complaint as it states a legal conclusion to which no response is required, and refers to the Loan Agreement and Guaranty for a true and accurate recitation of their terms, conditions and purpose.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant, Edith Gutierrez, demands judgment against Plaintiff, NextGear Capital, Inc., dismissing the Second Amended Complaint in its entirety, with prejudice, together with attorneys' fees and costs of suit, and other relief as the Court deems just and equitable.

57057/0001-15047786v2

## AS TO COUNT THREE
## RECOVERY OF FRAUDULENTLY TRANSFERRED PROCEEDS FROM SALES OF VEHICLES SOLD OUT OF TRUST

46. Defendant repeats and realleges the forgoing answers to the Complaint as if fully set forth herein.

47. Defendant denies the allegations contained in Paragraph 47 that the "Residence Funds" were the product of proceeds from the sale of vehicles out of trust and that the transfer of "the Residence Funds . . . was a fraudulent transfer undertaken for the purpose of preventing NextGear's rightful recovery of those funds," and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint and leaves Plaintiff to its proofs.

48. Defendant neither admits nor denies the allegations contained in Paragraph 48 of the Complaint, as same calls for a legal conclusion to which no response is required.

49. Defendant denies the allegations contained in Paragraph 49.

**WHEREFORE**, Defendant, Edith Gutierrez, demands judgment against Plaintiff, NextGear Capital, Inc., dismissing the Second Amended Complaint in its entirety, with prejudice, together with attorneys' fees and costs of suit, and other relief as the Court deems just and equitable.

## AS TO COUNT FOUR
## RECOVERY OF FRAUDULENT TRANSFERRED PROCEEDS FROM SALES OF VEHICLES SOLD OUT OF TRUST AGAINST EDITH GUTIERREZ

50. Defendant repeats and realleges the forgoing answers to the Complaint as if fully set forth herein.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

**WHEREFORE**, Defendant, Edith Gutierrez, demands judgment against Plaintiff, NextGear Capital, Inc., dismissing the Second Amended Complaint in its entirety, with prejudice, together with attorneys' fees and costs of suit, and other relief as the Court deems just and equitable.

## AS TO COUNT FIVE
## APPOINTMENT OF A CUSTODIAL RECEIVER

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and leaves Plaintiff to its proofs.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and leaves Plaintiff to its proofs.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and leaves Plaintiff to its proofs.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant, Edith Gutierrez, demands judgment against Plaintiff, NextGear Capital, Inc., dismissing the Second Amended Complaint in its entirety, with prejudice, together with attorneys' fees and costs of suit, and other relief as the Court deems just and equitable.

57057/0001-15047786v2

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint against Defendant fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of waiver, ratification, and acquiescence.

### THIRD SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### FOURTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of equitable estoppel and/or by virtue of other equitable principles.

### FIFTH SEPARATE DEFSNE

The Complaint is barred, in whole or in part, by reason of Plaintiff's own conduct, negligence, action and/or omission or the conduct, negligence, action and/or omission of Antonio Gutierrez and/or other third parties over which Edith Gutierrez had neither control nor right of control.

### SIXTH SEPARATE DEFENSE

Any damages suffered by Plaintiff have not been proximately caused by or are not directly attributable to the actions of Edith Gutierrez.

### SEVENTH SEPARATE DEFENSE

The Complaint is barred as Plaintiff is a good faith transferee pursuant to N.J.S.A. 25:2-30.

### EIGHTH SEPARATE DEFENSE

The Complaint is barred as Plaintiff has failed to mitigate its damages, if any.

11

### NINTH SEPARATE DEFENSE

Edith Gutierrez incorporates all separate and/or affirmative defenses raised by all co-defendants in this matter.

### TENTH SEPARATE DEFENSE

Plaintiff commenced this action against Defendant without any legal or factual basis, and solely for the purposes of harassment, delay, and malicious injury to Edith Gutierrez in violation of N.J.S.A. 2A:15-59.1. Edith Gutierrez reserves the right to move for the imposition of sanctions and fees at the appropriate juncture.

### CROSS-CLAIM FOR CONTRIBUTION

While denying any and all liability her part, Edith Gutierrez demands contribution from all defendants.

### RESERVATION OF RIGHTS

Edith Gutierrez reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change this Answer upon the revelation of additional facts during and/or upon the completion of further discovery and investigation.

**WHEREFORE**, Defendant, Edith Gutierrez, hereby demands judgment against Plaintiff, NextGear Capital, Inc., dismissing the Complaint in its entirety, with prejudice and awarding her costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

COLE SCHOTZ P.C.
Attorneys for Defendant Edith Gutierrez

By: /s/ Wendy F. Klein
Wendy F. Klein, Esq.

DATED: October 17, 2017

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to the provisions of Rule 4:25-4, this court is hereby advised that Wendy F. Klein, Esq. is designated as trial counsel for Defendant Edith Gutierrez.

                                                COLE SCHOTZ P.C.
                                                Attorneys for Defendant Edith Gutierrez

                                                By: _____
                                                      Wendy F. Klein, Esq.

DATED: October 17, 2017

## CERTIFICATION

I certify that the foregoing matter in controversy is not the subject of a pending action or arbitration proceeding, apart from the matter captioned <u>Gutierrez v. Gutierrez, Docket No.: FM-02-1552-16</u>. I further certify that, to the best of my knowledge, no other parties need be joined in this matter.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with <u>Rule</u> 1:38-7(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Wendy F. Klein, Esq.

DATED: October 17, 2017

57057/0001-15047786v2

Wendy F. Klein, Esq. – Atty. ID # 032321993
Jenny R. Flom – NJ Atty ID # 018212006
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536  Facsimile
Attorneys for Defendant, Edith Gutierrez

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE LUXURY HAUS, INC. and ANTONIO L. GUTIERREZ, and ABC Co., and EDITH GUTIERREZ, jointly and severally,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO. BER-L-7268-16<br><br>Civil Action<br><br>**CERTIFICATION OF SERVICE** |

KATHLEEN RYAN SERMABEKIAN, being of full age hereby states that:

1. I am a paralegal employed by the firm of Cole Schotz P.C., attorneys for Defendant, Edith Gutierrez ("Defendant'), in the within matter. I am over 18 years of age, and I have no connection with any party to this proceeding.

2. On October 17, 2017 this office served the following documents on behalf of the Defendant:

    (a)    Stipulation Extending Time to File a Responsive Pleading; and

    (b)    Answer and Separate Defenses.

Via New Jersey eCourts Electronic Notification upon:

Anthony E. Bush, Esq.
**Eckert Seamans Cherin & Mellott, LLC**
2000 Lenox Drive, Suite 203
Lawrenceville, New Jersey 08648
*Attorneys for Plaintiff, Nextgear Capital, Inc.*

Ian Hirsch, Esq.
**Law Office of Ian J. Hirsch & Associates, LLC**
75 Essex Street, Suite 220
Hackensack, New Jersey 07601
*Attorneys for Defendant, Antonio Gutierrez*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 17, 2017

_____
KATHLEEN RYAN SERMABEKIAN

2

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-007268-16**

**Case Caption:** NEXTGEAR CAPITAL INC VS THE LUXURY HAUS INC
**Case Initiation Date:** 10/12/2016
**Attorney Name:** JENNY ROSE FLOM
**Firm Name:** COLE SCHOTZ PC
**Address:** COURT PLAZA NORTH 25 MAIN ST HACKENSACK NJ 07601-7015
**Phone:**
**Name of Party:** DEFENDANT : GUTIERREZ, EDITH
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** ANSWER
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** YES
**If yes, list docket numbers:** FM-02-1552-16
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/17/2017
Dated

/s/ JENNY ROSE FLOM
Signed