**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Anthony E. Bush, Esq.(N.J. Attorney ID No. #003761990)
*Physical Address:*   2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address:*   P.O. Box 5404, Princeton, NJ 08543
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for NextGear Capital, Inc.*

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE LUXURY HAUS INC., and ANTONIO L. GUTIERREZ, and ABC CO., and EDITH GUTIERREZ, jointly and severally, Carmine DeMaio and XYZ Corporations <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> BERGEN COUNTY: LAW DIVISION <br> DOCKET NO.: BER-L-7268-16 <br><br> Civil Action <br><br> **SECOND AMENDED COMPLAINT** |

Plaintiff NextGear Capital, Inc. ("NextGear"), by and through its counsel, Eckert, Seamans, Cherin & Mellott, LLC, by way of Second Amended Complaint against Defendants states as follows:

## THE PARTIES

1. NextGear is a Delaware corporation with a principal place of business located at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032. NextGear is in the business of, among other things, providing financing to automobile dealers for the purchase of inventory for resale.

2. Defendant The Luxury Haus Inc. ("Luxury Haus") is a New Jersey corporation with a principal place of business located at 335 Grand Avenue, Leonia, NJ 07605. Luxury Haus is engaged in the business of, among other things, selling automobiles.

{R0446657.1}

3. Antonio L. Gutierrez ("Gutierrez") is an adult individual residing at 487 Shaler Road, Ridgefield, NJ 07057. Gutierrez is the president of Luxury Haus.

4. Edith Gutierrez ("Mrs. Gutierrez") is an adult individual residing at 487 Shaler Road, Ridgefield, NJ 07057. Mrs. Gutierrez was a *de facto* Chief Financial Officer for Luxury Haus.

5. ABC is a business entity owned and/or controlled by Gutierrez which, as set forth herein, received and/or transferred funds to which NextGear is entitled.

6. Carmine DeMaio is an adult individual residing at 215 Ludlow Avenue, Spring Lake, New Jersey 07752.

7. XYZ Corporations are businesses owned and or controlled by DeMaio which, as set forth below received and or transferred funds to which NextGear is entitled.

## NEXTGEAR'S LOAN TO LUXURY HAUS

8. On or about March 20, 2014, NextGear extended a credit line to Luxury Haus in the maximum amount of $12,000,000 to provide floor plan financing for Luxury Haus purchase of vehicles for resale.

9. To evidence its obligations to NextGear, Luxury Haus executed and delivered to NextGear a Demand Promissory Note and Loan and Security Agreement dated March 20, 2014 (together with amendments, the "Loan Agreement"). A true copy of the Loan Agreement is attached hereto as **Exhibit A**.

10. To secure its obligations to NextGear, Luxury Haus granted NextGear a security interest in all of Luxury Haus' assets and properties, including without limitation, Luxury Haus' equipment, accounts, documents, cash reserves, receivables, general intangibles, equipment,

{R0446657.1}

2

inventory, books and records and all proceeds thereof, as more fully described in the Loan Agreement (the "Collateral").

11. NextGear perfected its security interest in the Collateral by filing UCC-1's with the Secretary of State for the State of New Jersey on March 30, 2012 and January 15, 2015. A true copy of the UCC-1 financing statements are attached hereto collectively as **Exhibit B**.

12. NextGear maintains a duly perfected security interest in and to the Collateral.

13. To induce NextGear to extend credit to Luxury Haus, Gutierrez executed and delivered to NextGear a personal guaranty agreement dated March 20, 2014, pursuant to which Gutierrez unconditionally agreed to act as surety for all indebtedness of Luxury Haus to NextGear. A true copy of Gutierrez' guaranty is attached hereto as **Exhibit C**.

14. As of October 6, 2016, Luxury Haus owed NextGear $17,232,130.13, exclusive of additional fees and charges permitted under the Loan Agreement, for extensions of credit to Luxury Haus to enable it to purchase 'inventory. In addition, Luxury Haus is obligated to NextGear for such additional sums as become due as a result of the return of pending payments for non-sufficient funds for which credit provisionally has been given to Defendant Luxury Haus.

### INVENTORY SOLD OUT OF TRUST, MISSING INVENTORY AND DISHONORED PAYMENTS

15. Pursuant to paragraph 4(f) of the Loan Agreement, Luxury Haus agreed to hold all amounts received from the sale of a vehicle financed by NextGear in trust for NextGear and to remit to NextGear a sum sufficient to satisfy all amounts owed to NextGear for the vehicle within twenty-four hours of the receipt of such funds.

16. Pursuant to paragraph 4(e) of the Loan Agreement, Luxury Haus agreed that NextGear had the right to conduct inventory audits.

{R0446657.1}    3

17. On or about October 5, 2016, NextGear was advised by counsel for Luxury Haus that Luxury Haus had sold 81 vehicles financed by NextGear and failed to remit the required proceeds to NextGear, commonly known as vehicles "sold out of trust."

18. Luxury Haus owes NextGear not less than $2,900,702.14 under the floor plan financing for the 81 vehicles sold out of trust.

19. In addition to the 81 vehicles sold out of trust, NextGear has been unable to confirm the location of an additional 138 vehicles for which Luxury Haus owes NextGear not less than $5,578,712.39.

20. On October 7, 2016, NextGear received notice of dishonor of a required payment made by Luxury Haus in the amount of $1,867,230.89 on October 4, 2016 due to non-sufficient funds.

21. Pursuant to paragraphs 6(a) and (b) of the Loan Agreement, Luxury Haus' failure to promptly remit sums due and owing to NextGear and to hold such sums in trust for NextGear constitutes an event of default.

22. As a result of Luxury Haus' violations of the terms of the Loan Agreement, NextGear has accelerated the entire unpaid balance under the line of credit, pursuant to paragraph 7(a) of the Loan Agreement.

23. Pursuant to Paragraph 25 of the Loan Agreement, Luxury Haus waived, to the fullest extent permitted by law, any requirement that NextGear provide a bond or surety or security during attempts to recover the Collateral or otherwise.

24. Luxury Haus is obligated to pay NextGear all reasonable attorney's fees and costs of collection incurred by NextGear in enforcing the Loan Agreement and/or as a result of an event of default, pursuant to paragraphs 7 (d) and 18 of the Loan Agreement.

25.  Under the Demand Promissory Note and Security Agreement Luxury Haus granted lender, i.e. NextGear, a security interest in:

> All Debtors assets and properties wherever located, including without limitation all equipment of any kind or nature, all vehicles, vehicle parts and inventory now owned or hereafter acquired, without limitation, purchase money inventory, the purchase of which was financed or floor planned by NextGear Capital, Inc. for Debtor of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, **and proceeds thereof [emphasis added]**; all accounts, accounts receivable, chattel paper, and general intangibles now owned or hereafter acquired by Debtor together with the proceeds thereof; all of Debtors documents, books and records relating to the forgoing.

26.  Plaintiff perfected its security interests in the collateral securing repayment of the debts by filing UCC Financing Statement with the New Jersey Department of Treasury. See UCC Financing statement attached as Exhibit B.

27.  Under the Demand Note and Security Agreement, "Events of Default" includes, among other things, default by the borrower in the payment or performance of any obligation under the agreements, borrowers inability to pay its debts as debts become due, default by guarantor in the payment of any obligations under a guarantee, or if lender shall deem itself insecure and/or if vehicles are removed from the site for more than 24 hours without advance permission of lender, etc. See paragraph 6 of the Demand Note and Security Agreement attached as Exhibit A.

28.  Under the Demand Promissory Note and Security Agreement, in the event of default by Luxury Haus in the payment or performance of any obligation or agreement, plaintiff may, at its discretion, accelerate the entire balance outstanding from defendant, take control of any funds generated by any collateral , require defendant to assemble the vehicles and other collateral such as proceeds of the vehicles and make them available to plaintiff at a reasonable place designated by plaintiff. Further, defendant authorized and empowered plaintiff to enter

upon the premises wherever the vehicles, customer contracts, and other collateral may be located and remove the same and pay all expenses and reimburse plaintiff for any expenditures, reasonable attorney's fees and legal expenses in connection with plaintiff's exercise in its rights under the security agreement. See paragraph 7 of the Demand Note and Security Agreement attached as Exhibit A.

### IMPROPER FUND TRANSFERS TO PREVENT NEXTGEAR'S RECOVERY

29. In the course of its investigation into the actions at issue in this litigation, NextGear discovered information indicating that defendant Gutierrez, individually, or though some business that Gutierrez controls -- designated for purposes of this Amended Complaint as ABC Co. -- transferred amounts received from the sale of vehicles sold out of trust into Gutierrez' own personal accounts or ABC's accounts, and then transferred in excess of $2,000,000 to his brother Paul Gutierrez who transferred 1.375 million in two mechanisms to Carmine DeMaio ("DeMaio"), and/or to a business entity that DeMaio controls – designated for purposes of this Complaint as XYZ Co.-- in an attempt to prevent NextGear from obtaining those funds to satisfy the obligations owed to NextGear by Luxury Haus and Gutierrez, and with the expectation that Gutierrez would retain control over those funds, even though they were supposedly transferred to DeMaio.

30. The initial $1,000,000.00 was the subject of an Order to Show Cause filed on February 15, 2017 ("DeMaio Transfer Fund Part I").

31. On February 15, 2017, NextGear sought and obtained the entry of an Order to Show Cause with Temporary Restraints pending the return date of a hearing on an Order and Writ of Replevin directing the taking from the then Defendants The Luxury Haus Inc. and Antonio Gutierrez and proposed Defendants Carmine DeMaio, ABC Corporation and XYZ

Corporation to Plaintiff proceeds of certain vehicles and/or vehicles themselves in the amount of $1,000.000. At the same time, NextGear filed a Motion for Leave to File an Amended Complaint to name as additional defendants Carmine DeMaio ("DeMaio") and the companies that he owned or controlled ABC and XYZ that had been the recipient of allegedly fraudulently transferred funds. Attached as Exhibit "G" is a copy of an Order to Show Cause that was entered in this matter on February 16, 2017.

32. Gutierrez admitted, through his legal counsel, that DeMaio received the DeMaio Transfer Funds, and $1,000,000 was held by plaintiff's counsel pursuant to a Consent Order executed by counsel for defendants and counsel for DeMaio/held those funds in accounts that are under DeMaio's control. See February 13, 2017 letter of Ian J. Hirsch, Esq. ("Hirsch Letter"), attached hereto as **Exhibit D,**. and proposed Consent Order attached hereto as **Exhibit E**.

33. NextGear had a perfected security interest in the DeMaio Transfer Funds Part I.

34. The attempt to impede NextGear's from obtaining the DeMaio Transfer Funds Part I by transferring the DeMaio Transfer Funds into accounts of DeMaio and/or XYZ Co., was a fraudulent transfer, in violation of N.J.S.A. 25:2-3 and the New Jersey Uniform Fraudulent Transfer Act ("NJUFTA"), N.J.S.A. 25:2-20 et seq.

35. As a result of the improper actions taken by Gutierrez with respect to the amounts received from the sale of vehicles sold out of trust, a three-count criminal complaint ("Criminal Complaint") was filed against Gutierrez on January 17, 2017, charging Gutierrez with money laundering (a first-degree crime under 2C:21-25b(2)(a)); theft/failure to make required disposition (a second-degree crime under 2C:20-9); and defrauding secured creditors (a fourth-degree crime under 2C:21-12). See Criminal Complaint, attached hereto as **Exhibit F**.

36. The Affidavit of Probable Cause for the criminal complaint indicates the charges concern the following conduct: "On or about, during and between, September 1, 2016 and October 31, 2016, Antonio Gutierrez of Luxury Haus did commit money laundering, theft, and defrauded secured creditors by borrowing money from NextGear Capital, a dealer floor plan lender, to purchase vehicles which he sold and then did not remit the proceeds as contracted. Mr. Gutierrez sold the vehicles and took the proceeds in excess of $1,000,000.00 and deposited them into various bank accounts to hide the money. Mr. Gutierrez transferred $1,000,000.00 (which he intended to utilize as his own) to Carmine Demaio, the owner of Lexus of Englewood, to further hide the money that was stolen from NextGear Capital." See Criminal Complaint, **Exhibit F**, at p. 5 of 7.

37. On March 10, 2017 an Order was entered granting the Motion for a Pre-Judgment Order and Writ of Replevin and ordered that **$1,000,000.00** already turned over to our firm's attorney trust account by non-parties DeMaio, ABC Co,. and XYZ Company that they received from Defendant Gutierrez and The Luxury Haus or entities controlled by them belonged to NextGear Capital and that the interests of DeMaio and ABC Co. and XYZ Corporations in those funds were terminated. See Exhibit "H" attached hereto.

38. On April 10, 2017, the deposition of Antonio Gutierrez's brother Paul was taken in connection with this matter. Paul Gutierrez testified that his brother Antonio Gutierrez gave him $2,000,000.00 of The Luxury Haus funds to hold and then directed where the money was to be sent. Some of that money was then transferred outright to DeMaio ($1,000,000.00 which had been the subject of the prior Order to Show Cause). According to Paul Gutierrez an additional $300,000.00 was used to purchase cars from A&W Auto Wholesalers. He further testified that

{R0446657.1}     8

these funds were again given to him by his brother and that they belonged to The Luxury Haus. See Deposition transcript excerpts attached hereto as Exhibit "I".

39. Following Paul Gutierrez' deposition, Subpoenas were served on Paul Gutierrez' bank accounts and on A&W Auto Wholesalers, which produced documentation reflecting that A&W had received funds $329,000.00 of Luxury Haus money from Paul Gutierrez for the purchase of vehicles and that said vehicles were transferred to Carmine DeMaio and/or companies that he controlled. Initial responses revealed a bank check in the amount of $329,000.00 from Paul Gutierrez to A&W Auto Wholesalers. A&W's initial response to a Subpoena acknowledged the payment was for eight vehicles that were then delivered to DeMaio and/or entities he owns or controls.

40. On or about May 1, 2017, a Subpoena was served upon Carmine DeMaio's counsel in connection with this litigation. The Subpoena sought documents and testimony from DeMaio in connection with a cashier's check signed by Paul Gutierrez and made payable to A&W Auto Wholesalers in the amount of $329,000.00. A copy of the cashier's check is attached as Exhibit "J".

41. Upon information and belief, the $329,000.00 cashier's check and the proceeds thereof were part of an ongoing fraud perpetrated by Gutierrez to prevent NextGear from receiving repayment of the loan made by it to The Luxury Haus and guaranteed by Gutierrez.

42. DeMaio through his counsel has represented to the undersigned that DeMaio and/or companies he owns or controls ultimately came into possession eight vehicles (identified below as No. 1-8) which were purchased by way of the $329,000.00 cashier's check on behalf of Antonio Gutierrez and The Luxury Haus and that the vehicles were resold. DeMaio's counsel has also volunteered and acknowledged his clients came into possession of vehicle No. 9 and 10

below totaling an additional $45,000.00 that NextGear alleges were part of the same fraud perpetuated by Gutierrez for a total of $374,000.00. The ten vehicles are identified below and the amounts are referred to as "DeMaio Transfer Funds Part 2").

| | Vehicle Description | VIN | Amount |
|---|---|---|---|
| 1. | 2014 BMW | 5UXKR0C5XE0H25653 | $ 2,500.00 (partial) |
| 2. | 2014 MERCEDES-BENZ | 4JGDF7CE3EA422213 | $42,800.00 |
| 3. | 2012 MASERATI | ZAM45KLA5C0066188 | $57,000.00 |
| 4. | 2013 LINCOLN | 2LMDJ8JKXDBL22226 | $23,700.00 |
| 5. | 2014 LAND ROVER | SALGS2WF4EA150378 | $70,500.00 |
| 6. | 2012 MERCEDES-BENZ | WDDGF8BB8CR192221 | $16,000.00 |
| 7. | 2015 CADILLAC | 1GYS4JKJXFR201945 | $63,500.00 |
| 8. | 2014 PORSCHE | WP1AB2A2XELA59118 | $53,000.00 |
| 9. | 2010 BMW | WBSWL9C58AP332671 | $28,500.00 |
| 10. | 2011 FORD | 1FMHK8F88BGA04604 | $19,500.00 |

43. DeMaio through his counsel has denied knowledge of the fraud or the allegations set forth in the litigation but acknowledges having received the vehicles in question and subsequent resale proceeds.

44. NextGear has demanded the return of the funds in issue and negotiations regarding repayment have taken place with DeMaio's counsel over an extended period of time but have not been completed.

45. In the course of further investigation, NextGear learned that Mr. and Mrs. Gutierrez, individually and jointly, for their own benefit utilized funds Luxury Haus received from the sale of vehicles financed through NextGear to pay for personal expenses. This

information has been confirmed through depositions, subpoenas, and acknowledgements by representatives of Mr. and Mrs. Gutierrez.

46. NextGear has also learned that Mr. and Mrs. Gutierrez utilized these funds to purchase a residence in Bermuda and a residence in Ridgefield, New Jersey. The residence in Bermuda has been sold resulting in net proceeds to Mr. and Mrs. Gutierrez in the amount of $229,000.00. The residence in New Jersey has also been sold resulting in gross proceeds to Mr. and Mrs. Gutierrez in the amount of $635,000.00. Thus, Mr. and Mrs. Gutierrez have benefitted from $864,000.00 in proceeds in relation to the misuse of funds that are proceeds from NextGear's security interest.

## COUNT ONE

### REPLEVIN AS TO LUXURY HAUS

47. The previous allegations of the Complaint are incorporated as if set forth at length herein.

48. Under the terms of the Loan Agreement, NextGear became entitled to possession of the Collateral upon the Luxury Haus' default.

49. Luxury Haus has failed to pay the sums due under the Loan Agreement and has failed to deliver possession of all of the Collateral to NextGear.

50. NextGear has commenced repossession of the vehicles financed by NextGear that still remain on the premises of Luxury Haus under the Uniform Commercial Code.

51. Further, NextGear is entitled to replevin and the recovery of all funds currently held by Luxury Haus that were received by Luxury Haus from the sale of a vehicle financed by NextGear.

**WHEREFORE**, NextGear Capital, Inc. demands judgment against Luxury Haus as follows:

(a) For immediate possession of the Collateral, excluding any vehicle inventory already repossessed by NextGear;

(b) For immediate identification of the bank account(s) in which all payments received for any of the Collateral that was sold out of trust are being held and an immediate surrender of those funds;

(c) For payment of $17,232,130.13, plus interest, fees and other expenses accruing after October 6, 2016 and all other sums due or to become due as a result of dishonor of payments provisionally credited to the account of Luxury Haus;

(d) In the alternative, if the Collateral cannot be delivered to NextGear, for the fair market value of the Collateral;

(e) For damages for detention of the Collateral, attorneys' fees and costs of suit; and

(f) For such other and further relief as the Court deems just and proper.

## COUNT TWO
### BREACH OF CONTRACT AGAINST LUXURY HAUS UNDER THE LOAN AGREEMENT AND GUTIERREZ UNDER GUARANTY

52. The previous allegations of the Complaint are incorporated as if set forth at length herein.

53. Luxury Haus is in default of its obligations to NextGear pursuant to the terms of the Loan Agreement by reason of, among other things, failing to hold all amounts received from the sale of vehicles financed by NextGear in trust for NextGear and by failing to make payments to NextGear as and when due.

{R0446657.1}                                            12

54. Pursuant to the terms of the Loan Agreement, Luxury Haus is obligated to pay all sums due and owing to NextGear.

55. The default of Luxury Haus under the terms of the Loan Agreement constitutes a default under the guaranty of Gutierrez.

56. As a result of the default of Gutierrez, under his guaranty, Gutierrez and Luxury Haus are immediately liable for all sums due under the Loan Agreement.

**WHEREFORE**, Plaintiff NextGear Capital, Inc. demands judgment against Luxury Haus and Gutierrez, jointly, severally and in the alternative as follows:

(a) For judgment in the amount of $17,232,130.13, plus interest, fees and other expenses accruing after October 6, 2016;

(b) For attorney's fees and costs of suit; and

(c) For such other and further relief as the Court deems just and proper.

## COUNT THREE

### RECOVERY OF FRAUDULENTLY TRANSFERRED PROCEEDS FROM SALES OF VEHICLES SOLD OUT OF TRUST AGAINST ANTONIO GUTIERREZ, CARMINE DEMAIO AND XYZ COMPANIES

57. The previous allegations of the Complaint are incorporated as if set forth at length herein.

58. The transfer of the proceeds from the sale of vehicles out of trust, including, but not limited to, the DeMaio Transfer Funds Parts 1 and 2 and the Residence Funds as defined below, to Gutierrez and/or to ABC Co. and/or to DeMaio and/or to XYZ Cos., were fraudulent transfers undertaken for the purpose of preventing NextGear's rightful recovery of those funds.

59. Defendants' conduct violates both N.J.S.A. 25:2-3 and NJUFTA, N.J.S.A. 25:2-20 et seq.

{R0446657.1}                                    13

60. As a result of the fraudulent transfer of the proceeds from the sale of vehicles out of trust, including, but not limited to, the DeMaio Transfer Funds Parts 1 and 2, defendants are precluded from transferring, alienating or encumbering any portion of those funds and should immediately surrender those funds to NextGear.

**WHEREFORE**, NextGear Capital, Inc. demands judgment against defendants as follows:

(a) For immediate identification of the bank and other account(s) in which all proceeds received for any vehicle that was sold out of trust are being held and an immediate surrender of those funds;

(b) In the alternative, if the funds held in any bank or other accounts are not surrendered, for immediate payment in the amount of the transferred funds currently held in defendants' accounts;

(c) For damages for detention of the Collateral, attorneys' fees and costs of suit; and

(d) For an Order and Write of Replevin to recover said funds;

(e) For such other and further relief as the Court deems just and proper.

## COUNT FOUR
### RECOVERY OF FRAUDULENTLY TRANSFERRED PROCEEDS FROM SALES OF VEHICLES SOLD OUT OF TRUST AGAINST EDITH GUTIERREZ

61. The previous allegations of the Second Amended Complaint are incorporated as if set forth at length herein.

62. The transfer of the proceeds from the sale of vehicles out of trust, including, but not limited to, the transfer of funds to purchase the now-sold residences of Mr. and Mrs.

{R0446657.1}                                14

Gutierrez in Bermuda and Ridgefield, New Jersey, were fraudulent transfers undertaken for the purpose of preventing NextGear's rightful recovery of those funds (the "Residence Funds").

63.     Mrs. Gutierrez's conduct violates both N.J.S.A. 25:2-3 and NJUFTA, N.J.S.A. 25:2-20 et seq.

64.     As a result of the fraudulent transfer of the proceeds from the sale of vehicles out of trust, including, but not limited to, the Residence Funds, Mrs. Gutierrez is precluded from transferring, alienating or encumbering any portion of those funds and should immediately surrender those funds to NextGear.

**WHEREFORE**, NextGear Capital, Inc. demands judgment against defendants as follows:

(a)     For immediate identification of the bank and other account(s) in which all proceeds received for any vehicle that was sold out of trust are being held and an immediate surrender of those funds;

(b)     In the alternative, if the funds held in any bank or other accounts are not surrendered, for immediate payment in the amount of the transferred funds currently held in defendants' accounts;

(c)     For damages for detention of the Collateral, attorneys' fees and costs of suit; and

(d)     For an Order and Write of Replevin to recover said funds;

(e)     For such other and further relief as the Court deems just and proper.

## COUNT FIVE

### APPOINTMENT OF A CUSTODIAL RECEIVER

65. Despite repeated demand, Defendants have failed to account for Plaintiff's Collateral and the proceeds of any such Collateral which has been sold. By reason of Defendant Luxury Haus' default under the Loan Agreement, NextGear is entitled to immediate possession of the Collateral and has the right pursuant to the New Jersey Commercial Code to demand that Defendant Luxury Haus assemble the Collateral and make it available to NextGear at a place designated by NextGear.

66. Pursuant to paragraph 7(b) of the Loan Agreement, Defendants agree that Plaintiff could initiate proceedings to appoint a receiver and Defendant Luxury Haus consented to such appointment without requiring NextGear to post a bond.

67. Unless Luxury Haus is required (i) to segregate in an account controlled by a court appointed receiver, all proceeds of accounts receivable; (ii) to turn over to a receiver all payments on account of accounts receivable in their original form; and (iii) to disclose to a receiver the name and addresses of its account debtors and the amount owed by each of them, the accounts left in the hands of Luxury Haus will be dissipated and NextGear will suffer immediate and irreparable loss of its Collateral.

68. NextGear is sustaining and will continue to sustain immediate, irreparable and substantial harm and injury by reason of Defendants' wrongful refusal to disclose the location of the Collateral, to permit NextGear to inspect its books and records and to assemble and deliver possession of the Collateral to NextGear.

**WHEREFORE**, Plaintiff NextGear Capital, Inc. demands judgment against Luxury Haus and Gutierrez, jointly, severally and in the alternative as follows:

{R0446657.1} 16

(a) That Defendant and its officers, directors, managing members and agents be enjoined from receiving payment or collection of any debts due Luxury Haus and from paying, selling, assigning, transferring, hypothecating or pledging the Collateral or any of Defendant's Luxury Haus' assets or accounts receivable, except to a receiver appointed by this Court;

(b) That a custodial receiver be appointed over Defendant Luxury Haus for the benefit of its creditors;

(c) For attorney's fees and costs of suit; and

(d) For such other and further relief as the Court deems just and proper.

        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
        Attorneys for Plaintiff, NextGear Capital, Inc.


By:_____
    Anthony E. Bush
    Nicholas M. Gaunce

Dated: February 13, 2018

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, that no other action or arbitration proceeding is contemplated, and there are no additional parties who should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Anthony E. Bush, Esquire, is hereby designated as trial counsel for Plaintiff NextGear Capital, Inc.

                                                                          Nicholas M. Gaunce
                                                                          Anthony E. Bush

Dated: February 13, 2018