**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Anthony E. Bush, Esq. (N.J. Attorney ID No. #003761990)
Nicholas M. Gaunce, Esq. (N.J. Attorney ID No. #012032007)
*Physical Address:*   2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address:*    P.O. Box 5404, Princeton, NJ 08543
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiff, NextGear Capital, Inc.*

FILED
OCT 26 2018
RACHELLE L. HARZ
J.S.C.

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | : SUPERIOR COURT OF NEW JERSEY |
| | : BERGEN COUNTY: LAW DIV. |
| Plaintiff, | : DOCKET NO.: BER-L-7268-16 |
| v. | : |
| | : Civil Action |
| THE LUXURY HAUS, INC., and ANTONIO L. GUTIERREZ, and ABC CO., and EDITH GUTIERREZ, jointly and severally, | : ORDER GRANTING FINAL JUDGMENT AND ~~APPOINTING RECEIVER~~ |
| Defendants. | : |

**THIS MATTER**, having been opened to the Court by Eckert Seamans Cherin & Mellott, LLC, attorneys for the plaintiff, NextGear Capital, Inc. ("NextGear"), seeking an Order granting final judgment and appointing a receiver, and the Court having considered the moving papers, and for good cause appearing for the entry of this Order;

**IT IS HEREBY ORDERED** that, on this 26th day of October, 2018, NextGear's Motion to Enforce Settlement is **GRANTED**;

**IT IS HEREBY FURTHER ORDERED** that final judgment is entered against defendant, Edith Gutierrez in the amount of $507,634.61;

**IT IS HEREBY FURTHER ORDERED** that NextGear's request for the appointment of a receiver is ~~GRANTED~~ shall be determined at a later date

**IT IS HEREBY FURTHER ORDERED** that the pertinent Receiver shall be appointed as a Receiver for the real property located at 335 Grand Avenue, Leonia, New Jersey 07605 and designated as Block 1204, Lot 1 on the Tax Map of the Borough of Leonia, (the "Commercial

Property"), and the Receiver shall have all powers provided under the applicable laws and rules to financially operate and manage the Commercial Property, including, but not limited to the following:

1. Collect all rents, profits and revenues generated by the Commercial Property;

2. The Receiver shall not be required to post a bond with the Superior Court of New Jersey;

3. The Receiver shall enter into and take custody of the Commercial Property and commence all duties as Receiver;

4. The Receiver shall take all steps as may be necessary to collect all rents, income, revenue and profits from the Commercial Property including those past due and unpaid with the full power to make, demand and/or file suit for payment of rents, income and profits and let, re-let and sublet the Commercial Property or any portion thereof at market rental and to make agreements for the Commercial Property at market rental on the condition, however, that no lease shall be executed with a tenant or proposed tenant in excess of one (1) year and on the further condition that such lease shall contain subordination language (acceptable to NextGear) subordinating the tenant or prospective tenant's interest to the Commercial Property to that of NextGear, and to otherwise do all things necessary or proper for the due care, management, and operation of the Commercial Property pursuant to the leases and agreements existing or entered into hereafter and to cause fair market value rents, income and profits to be derived and obtained from the Commercial Property; provided however that nothing herein, including the control of the Commercial Property by the Receiver, is intended to, nor shall it in any way, impair or affect any security interest or judgment lien that NextGear has or may assert in the rents, issues, profits and proceeds from the Commercial Property, nor shall it vest any additional rights in any or all of the Defendants with respect to such rents, issues, profits and proceeds;

5. The Receiver may deposit in his or her own name, as Receiver, all monies received (whether by rents, income or profits derived from the operation of the Commercial Property, or otherwise) at the time of receipt of such monies, in such number of segregated accounts as the Receiver shall deem necessary, advisable, desirable and/or convenient, and after paying and applying such monies to the expenses of management, care and operation of the Commercial Property, and to disburse the balance of all monies which come into the hands of the Receiver as hereinafter described;

6. The Defendants, any Known or Unknown Tenants and/or Occupants, and/or their officers, employees, agents, representatives and/or servants shall be enjoined and restrained from interfering with the Receiver's financial operation and management of the Commercial Property, including, but not limited to, the

collection of rents, issues, revenues, profits, income and proceeds and including the spending, converting or otherwise disposing of any income, issues or profits from the Commercial Property, except in accordance herewith;

7. All persons now or hereafter in possession of the Commercial Property or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to the Receiver, subject to emergency laws, if any;

8. The Defendants, or any Known and/or Unknown Tenants and/or Occupants and/or their officers, employees, agents, representatives and/or servants shall cooperate with the Receiver and provide the Receiver with copies of all real estate tax bills, insurance bills, water and sewer bills, all bills and invoices relating to the business operations and all other information and documentation necessary for the Receiver to operate the Commercial Property;

9. Within fifteen (15) days of the date hereof, the Defendants, any Known and/or Unknown Tenants and/or Occupants shall turn over and deliver to the Receiver or cause to be delivered to the Receiver, with respect to the Commercial Property, the following:

   a. All keys to all entrance doors, storage areas, common areas, offices and rental units;

   b. All leases, contracts or documents relating to the maintenance and operation of equipment and purchase of business assets and inventory;

   c. All current rent rolls and tenancy lists;

   d. All current operating statements, income and expense statements, current financial statements, and all documentation relating to the subject property, business assets and business operations;

   e. All insurance information of any kind including without limitation, property and hazard insurance and liability insurance;

   f. All documents relating to utility accounts, including electricity, gas, heat, water and telephone services;

   g. The name and account numbers of all utility companies servicing the subject property, business assets and business operations;

   h. Copies of all contracts relating in any way to the subject property, business assets and business operations, including but not limited to all contracts, reports, test results and related documents concerning investigation or remediation of environmental issues or areas of concern, and contracts with vendors or other service personnel; and

3

    i. Such other items as the Receiver may reasonably request;

10. The Receiver is instructed to make the following disbursements, as and when incurred from the rents, income and profits received by the Receiver which are deemed to be necessary expenses of the Commercial Property, business assets and business operations: all general costs of operation, including all presently due real estate taxes, water and sewer rents, insurance on the Commercial Property, utilities, trash collection, essential and routine repairs and maintenance of the Commercial Property, costs and expenses relating to the business operations and reimbursement of the Receiver's actual and necessary out-of-pocket costs. Thereafter, the remaining balance collected by the Receiver shall be disbursed as follows:

    a. An amount not to exceed fifteen percent (15%) of the gross rentals or profits collected and costs incurred by the Receiver shall be deposited by the Receiver in an interest bearing account, said amount to be held pending further order of this Court allowing commissions due to the Receiver; and

    b. The remaining balance shall be paid to NextGear, to be applied against the indebtedness due to NextGear from the Defendants;

11. The Receiver is hereby empowered to employ such professionals, managing agents, contractors and other persons to assess and remediate any environmental issue or condition with the Commercial Property, as may be necessary to best preserve and/or market the Commercial Property, business assets and business operations for sale, and to retain the services of an independent business and retail consultant to facilitate the operation and management of the Commercial Property;

12. The Receiver shall be permitted to market and sell the Commercial Property with all rights appurtenant thereto provided that any proposed sale must be approved by the Court, on motion with notice to all parties; and

13. The Receiver and/or any party in interest hereto, at any time, on proper notice, may apply to the Court for further instructions and for such further power as may be necessary to enable the Receiver to undertake and fully perform the duties as such Receiver.

**IT IS HEREBY FURTHER ORDERED** that a copy of this executed Order shall be served upon all parties of interest within seven days of its posting on e-Courts.

_____, J.S.C.

RACHELLE L. HARZ, J.S.C.

**THIS MOTION WAS:**

[X] Opposed

[ ] Unopposed

*oral argument*
*reasons set forth on the record*

ORAL ARGUMENT HELD
For reasons set forth on the record.

5



Eckert Seamans Cherin & Mellott, LLC  
Princeton Pike Corporate Center  
2000 Lenox Drive, Suite 203  
Lawrenceville, NJ 08648  

Mailing Address:  
P.O. Box 5404  
Princeton, NJ 08543  

TEL   609 392 2100  
FAX   609 392 7956  
www.eckertseamans.com  

File No.: 308729-4

Nicholas M. Gaunce, Esq.  
609.989.5058  
ngaunce@eckertseamans.com  

October 26, 2018

*Via e-Courts*  
Judgment Processing Services  
Superior Court Clerk's Office  
25 West Market Street  
6th Floor - North Wing  
Trenton, NJ  08611  

    Re:    **NextGear Capital, Inc. v. The Luxury Haus, Inc., et al.,**  
            **Docket No.:  BER-L-7268-16**

Dear Sir/Madam:

    We represent the plaintiff, NextGear Capital, Inc. ("**NextGear**"), in the above-referenced matter. On behalf of NextGear, please find enclosed an Order of Judgment obtained in the above matter against defendant, Edith Gutierrez in the amount of $507,634.61. Please accept this letter as NextGear's request to docket the enclosed Order granting judgment as a state-wide lien.

    Please charge any and all necessary filing fees to our firm's collateral account numbered 140086. Please contact me at the above telephone number should there be any issues. Thank you.

                              Very truly yours,

                              NICHOLAS M. GAUNCE

Enc.  
(via e-mail and regular mail)(w/enc.)  
cc:    Ian Hirsch, Esq.  
        Richard P. Galler, Esq.  
        Ross Katz, Esq.  
        Paul S. Doherty, III, Esq.