# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                    :
NEXTGEAR CAPITAL, INC.              :        CIVIL ACTION
                                    :
              Plaintiffs            :        3:18-CV-01617-MEM
                                    :        (Judge Mannion)
     vs.                            :
                                    :
ANTONIO L. GUTIERREZ, PAUL          :
GUTIERREZ,                          :        ELECTRONICALLY FILED
                                    :
              Defendants            :
_____:


## DEFENDANT'S, PAUL GUTIERREZ, BRIEF
## IN SUPPORT OF MOTION TO DISMISS


## I.   PROCEDURAL HISTORY

This action was initiated by a complaint a filed on November 16, 2018. Plaintiff, Nextgear Capital, Inc. ("Nextgear"), filed an entry of default against defendant Antonio L. Gutierrez ("Antonio") on November 7, 2018.  Defendant Paul Gutierrez ("Paul") filed a motion to dismiss on November 21, 2018.

## II.   FACTUAL BACKGROUND

Antonio operated an automobile dealership in New Jersey through his company Luxury Haus, Inc. ("LHI"). NextGear provided floor plan financing to LHI. NextGear filed suit against LHI and Antonio in Superior Court, Bergen

County, New Jersey (the "Bergen County Litigation") alleging, inter alia, that Antonio sold 81 floor-planned vehicles out-of-trust and converted the proceeds. On April 30, 2018, NextGear obtained a 4.5 million dollar judgment against LHI and Antonio in the Bergen County Litigation. On October 26, 2018 NextGear obtained a $507,000 judgment against Antonio's wife, Edith Gutierrez ("Edith") in the Bergen County Litigation.

In this action, NextGear alleges that on April 8, 2016 Antonio used $76,000 that he obtained from selling vehicles out-of-trust to purchase a residential property in Monroe County, Pennsylvania (the "Property"). NextGear further alleges that Antonio subsequently conveyed the Property to Paul for one dollar on September 28, 2016. NextGear seeks to set aside the conveyance of the Property to Paul. NextGear also alleges that Paul currently possesses almost 1.6 million dollars obtained from Antonio and representing proceeds from the out-of-trust sale of vehicles. NextGear also requests a judgment against Paul for this cash.

## STATEMENT OF QUESTIONS INVOLVED

1.    Should this Court dismiss the compliant on any of the following grounds:  lack of personal jurisdiction, improper venue, forum non-conveniens the "Full Faith and Credit" Doctrine, the Entire Controversy Doctrine and the Doctrine of Abstention?

Suggested Answer:  YES

III.   **ARGUMENT**

**A. The Court Does Not Have Personal Jurisdiction Over Paul.**

Service of process rules of the state where the court sits govern personal jurisdiction issues. *AMP Inc. v. Methode Elecs., Inc.*, 823 F. Supp. 259, 262 (M.D. Pa. 1993). With non-resident defendants, Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5322(b), permits courts to exercise personal jurisdiction "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992).

Personal jurisdiction is a fact-specific inquiry with the focus on the relationship among the defendant, the forum state and the litigation. *AMP,* supra at 262. Once a defendant has properly raised a jurisdictional defense, the plaintiff bears the burden of proving, either by affidavits or other competent evidence, sufficient contact with the forum state to establish personal jurisdiction. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1989), *cert. denied*, 498 U.S. 847 (1990). To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

Specific jurisdiction is evoked when the cause of action arises directly from forum activities constituting "minimum contacts." *Surgical Laser Tech. v. C.R. Bard, Inc.*, 921 F. Supp. 281, 283 (E.D. Pa. 1996).  The constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

"It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activity within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  This "purposeful availment" requirement ensures that a non-resident defendant will not be subject to jurisdiction, and thus "haled into" this District Court solely as a result of "random," "fortuitous," or "attenuated" contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

General jurisdiction is evoked when the defendant's contacts are "continuous and systematic." *Novacare, Inc. v. Strategic Theracare Alliance*, 1999 U.S. Dist. LEXIS 6108, 1999 WL 259848 at *27 (E.D. Pa. April 30, 1999).  The general jurisdiction threshold, however, is much higher than that for specific jurisdiction, as the facts required to assert general jurisdiction must be "extensive and pervasive." Id.  The court should look to the nature and quality of business contacts the defendant has initiated with the forum: direct sales in the forum, maintenance of a sales force in the state, advertising targeted at the residents of the

forum state, and the derivation of a significant slice of revenue from activity within the state.  Id.

The "exercise of jurisdiction over the non-resident defendant must also be consistent with 'traditional notions of fair play and substantial justice' whether specific or general jurisdiction is invoked."  *AMP*, supra, 823 F. Supp. at 262.

Neither Antonio nor Paul has any 'continuous and systematic' contacts within Pennsylvania. They reside in New Jersey and their businesses are located in New Jersey. There is no allegation that Paul ever entered Pennsylvania with respect to the conveyance of the Property. Paul's Declaration establishes that all documents to effect conveyance of the Property were executed in New Jersey. Similarly, all transfers of cash occurred in New Jersey. There is no allegation otherwise or that Paul holds the cash in an account in Pennsylvania.

Neither Paul nor Antonio has submitted to the jurisdiction of Pennsylvania, and any contact of either defendant is a random, fortuitous, or attenuated contact. There are no contacts "regularly made" between Paul and or Antonio and Pennsylvania since there was no advertisement, no offices, no locations, and no "regular" contact made by them in Pennsylvania.

In so far as general jurisdiction is concerned, there is nothing that either Paul nor Antonio did that would create "continuous and systematic" contact.  NextGear cannot demonstrate that there was "continuous and systematic" contact by the

either Paul or Antonio in Pennsylvania nor that it was "extensive and pervasive." Neither Paul nor Antonio direct sales, maintenances of a sales force, advertise to target residence, or derive a significant slice of revenue from activities in Pennsylvania.

It would offend the notions of fair play and substantial justice to require Paul to defend in Pennsylvania since there is already a New Jersey Litigation commenced by the Plaintiff. The New Jersey Litigation was pending for two years.

### B. The Proper Venue for this Action is the State of New Jersey.

Fed.R.C.P. 12(b)(3) permits a court to dismiss a complaint for improper venue. 28 USC § 1391 provides as follows:

> **(b) Venue in general.**--A civil action may be brought in--
> **(.1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

NextGear alleges that venue in the Middle District is proper because the Property is located in this district. Complaint ¶ 6. However, section (b)(2) requires that a substantial part of property that is the subject of the action be situated in this

district. The complaint alleges that Antonio purchased the Property for $76,000. Yet NextGear seeks to recover almost an additional 1.6 million dollars in cash from Paul and the same amount from Antonio. Complaint, Counts III and IV, Prayer for Relief. The Property, which is the only connection that NextGear's claims have to Pennsylvania, represents less than five percent of the total value of its claim ($1,676,000), hardly a "substantial" part of the property (real estate and cash) that is the subject of this action.

The test for venue under 28 <u>USC</u> § 1391(a)(2)  is not the defendant's 'contacts' with a district, but rather the location of those 'events or omissions giving rise to the claim.'"  *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Moreover, the statute demands that those events or omissions be substantial by looking at the nature of the dispute.  Id. at 295.

In this matter, "where the defendant resides" favors New Jersey as a venue since both defendants reside in New Jersey, "events giving rise to the claim" favors New Jersey as all of the events occurred in New Jersey, and "personal jurisdiction" favors New Jersey.

When determining the location of those 'events or omissions giving rise to the claim,' all of the events or omissions occurred in New Jersey.  There is no dispute that substantially all of the events or omissions occurred in New Jersey by the Plaintiff or any of the Defendants.

Even if the Court looks at the transfer of the property and the use of the funds from LHI as a form of contract, all of the factors still favor New Jersey. The contract was negotiated and executed in New Jersey, the contract performance was in New Jersey, and the breach if any, occurred in New Jersey. Nothing of substance occurred in Pennsylvania.

Paragraph 4 of the complaint alleges "Paul and Antonio are subject to personal jurisdiction in Pennsylvania because this dispute revolves around the improper transfer of real estate occurring in Pennsylvania and the improper receipt of funds by Paul as part of the same scheme involving the purchase of the subject real estate." First, the Antonio's acts conveying the Property occurred in New Jersey. Second, the cash transfers all occurred in New Jersey. As with the personal jurisdiction argument, the only connection that NextGear's claims have with Pennsylvania is the Property. All of the other acts that Next Gear alleges occurred in New Jersey.

The alleged "improper transfer," the alleged "improper receipt of funds by Paul," the alleged "the scheme," and "the purchase of the subject real estate" occurred in New Jersey.

Even if venue is proper in the Middle District venue should be transferred to the United States District Court for the District of New Jersey based on forum non conveniens. A forum non conveniens determination generally involves assessment

of four factors: "'(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum . . .; (3) relevant private interest factors affecting the convenience of the litigants; and (4) relevant public interest factors affecting the convenience of the forum.'" *Doe*, 666 F.App'x at 182.

The New Jersey forum is adequate for everyone involved including NextGear. All of the defendants and the defendants' witnesses are in New Jersey as all of the acts giving rise to NextGear's claims took place in New Jersey. Also, all of NextGear's witnesses are either in New Jersey or can easily access New Jersey. No witnesses are located in the Middle District.

As to any public interest in Pennsylvania, there is none. Pennsylvania has no interest in determining a controversy when the only connection to Pennsylvania is the Property. There is no Pennsylvania resident or business that will be impacted by the decision.

## C. The Case Should be Dismissed as to Paul under New Jersey's Entire Controversy Doctrine.

We have described the entire controversy doctrine as "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). A mainstay of New Jersey civil procedure, the doctrine encapsulates the state's longstanding policy judgment that "the adjudication of a legal controversy should occur in one

litigation in only one court." *Cogdell v. Hosp. Ctr. at Orange*, 116 N.J. 7, 560 A.2d 1169, 1172 (N.J. 1989).

Like its "blood relative" res judicata, the entire controversy doctrine is an affirmative defense, *Rycoline Prods.*, 109 F.3d at 886, and it applies in federal courts "when there was a previous state-court action involving the same transaction," *Bennun v. Rutgers State University*, 941 F.2d 154, 163 (3d Cir. 1991). The doctrine requires a plaintiff "to bring in one action all affirmative claims that [it] might have against another party, including counterclaims and cross-claims, and to join in that action all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods.*, supra, 109 F.3d at 885.

The doctrine prevents a party from withholding part of a controversy to litigate later, even if the withheld claim constitutes a separate and independent cause of action. *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008).  As the New Jersey Supreme Court explained, "the entire controversy doctrine seeks to assure that all aspects of a legal dispute occur in a single lawsuit. The goals of the doctrine are to promote judicial efficiency, assure fairness to all parties with a material interest in an action, and encourage the conclusive determination of a legal controversy."  *Olds v. Donnelly*, 150 N.J. 424, 696 A.2d 633, 637 (N.J. 1997).

NextGear is piece-mealing the litigation as a litigation tactic against the defendants. All controversies should be resolved in one court and in one litigation that NextGear already has commenced in New Jersey. NextGear cannot now subdivide several claims, and separate actions maintained in different courts, different states, and different jurisdictions.

Res judicata applies in federal court since there is a New Jersey action involving the same transaction. NextGear is required to bring in one action all affirmative claims that it might have against another party, including counterclaims and cross-claims, and to join in that action all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts, which include Paul. NextGear amended the complaint numerous times in the New Jersey Litigation and could have but failed joined Paul.

NextGear is prevented from withholding any part of the controversy to litigate later, even if the withheld claim constitutes a separate and independent cause of action because all disputes must be included in a single lawsuit. Re-litigating the issues in Pennsylvania is contrary to the concept of judicial economy, contrary to fairness to all parties, and will discourage conclusive determination of a legal controversy by the same court.

**D. The Court Should Abstain from Exercising Jurisdiction.**

This Court may properly invoke the doctrine of abstention, first enunciated in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), to stay or dismiss a federal action because of a pending state action where, as in the case at bar, such action will avoid duplicative litigation, promote sound and economical allocation of judicial resources, and remove any need for this court to resolve issues of state law.  *Entex Indus., Inc. v. Warner Commc'ns*, 487 F. Supp. 46, 48 (C.D. Cal 1980).

The decision to dismiss or to stay this action under the doctrine of abstention is addressed to this Court's discretion and in exercising said discretion this Court may consider, and has considered, not only priority of litigation but also "the totality of the issues before the respective courts, the convenience of parties litigant, the prospect of early completion of the litigation . . . ." and all other aspects which bear on the fairness of litigation to all concerned.  Id. at 49.

In *Entex Indus.*, supra, the Court concluded that taking all those matters into account the issues between the parties can be more properly resolved in the pending state action, and that abstention by this Court through dismissal of this federal action will promote judicial administration of justice without inconveniencing or prejudicing any of the parties herein.  Id.

Based upon the above analysis, this Court should exercise the doctrine of abstention and dismiss this case as to Paul.

## IV.   CONCLUSION

This case involves citizens and residents of the State of New Jersey who are alleged to have engaged in acts of fraud and conversion in the State of New Jersey. The only connection that this case has to Pennsylvania is the Property. While NextGear claims that is no ability to protect its claim to the Property, NextGear can file a lis pendens in Monroe County to protect its alleged interest in the Property pending the outcome of any litigation in New Jersey. The Bergen County Superior Court is the proper forum for NextGear's claims as the same claims asserted against Antonio in this action already have been litigated in that court and as, such, it is the not only the proper but most appropriate forum for the resolution of NextGear's claims against Paul. Paul's motion to dismiss should be granted or, in the alternative, this case should be transferred to the United States District Court for the District of New Jersey.

Dated:  December 5, 2018                    Respectfully Submitted:

                                            Grabowski Law Offices, LLC

                            By:     */s/ Walter T. Grabowski*
                                    Walter T. Grabowski
                                    Pa. Attorney ID 28296

                                    61 N. Washington Street
                                    Wilkes-Barre, PA 18701
                                    (570) 606-6100
                                    (570) 606-6106 FAX
                                    walter@grabowskilawoffices.com
                                    Attorney for Defendant
                                    Paul Gutierrez

OF COUNSEL:
Borce Martinoski, Esq.
75 Essex Street, Suite 220
Hackensack, NJ 07601
(201) 343-7237
(201) 342-2727 FAX
martinoskilaw@gmail.com