**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. | : | CIVIL ACTION |
| Plaintiffs | : | 3:18-CV-01617-MEM |
| | : | (Judge Mannion) |
| vs. | : | |
| ANTONIO L. GUTIERREZ, PAUL GUTIERREZ, | : | DECLARATION OF ANTONIO L. GUTIERREZ |
| Defendants. | : | ELECTRONICALLY FILED |

I, ANTONIO L. GUTIERREZ, declare:

1. I am the defendant in the above entitled action and I make this declaration in support of my motion to set aside the entry of the default and in support for the motion to dismiss.

2. Defendant Paul Gutierrez is my brother and resides in the State of New Jersey. He has never resided in the Commonwealth of Pennsylvania.

3. Luxury Haus was an automobile dealership that was incorporated and located in the State of New Jersey, and does not have any offices and locations in the Commonwealth of Pennsylvania. I was the CEO of Luxury Haus.

4. I am a resident of the State of New Jersey, and I have never resided in the Commonwealth of Pennsylvania.

**Notice of Motion to Set Aside Entry of a Default**

5. Vacating the entry of the default would not prejudice the Plaintiff in anyway. The fact of the matter is that I have already settled with the Plaintiff regarding this matter in the New Jersey Litigation. The entire litigation in Pennsylvania is completely repetitive.

6. Additionally, there is nothing here that would impair the Plaintiff because there is no loss of evidence, no potential for fraud or collusion, and no substantial reliance. In fact, the Plaintiff can file a *lis pendence* on the property until the litigation is concluded. The property cannot be moved, relocated, or impacted in any way shape, manner, or form.

7. In connection with this motion to set aside the entry of the default, I am also filing a motion to dismiss the Plaintiff's complaint based upon several defenses including personal jurisdiction, subject matter jurisdiction, venue, and the entire controversy doctrine, among others.

8. I strongly believe that I will prevail on this motion since there is no personal jurisdiction in this matter as it relates to me. Please see attached brief as to the specifics of the defenses.

9. One of my attorneys in New Jersey, Borce Martinoski, Esq., did request an extension in reference to my brother, Defendant Paul Gutierrez, but it appears that the adversary did not extend the same courtesy to me. I was aware of the litigation, and I was attempting to put all of the pieces together in order to file the motion to dismiss before the default was entered. (Exhibit A – Various E-mails with Plaintiff's counsel)

10. The reason for the delay is that it took a while to find local counsel in order to file the necessary documents. I am aware that one of my attorneys, Borce Martinoski, Esq., contacted multiple counsel to serve as local counsel in order for my New Jersey attorney to be admitted *pro hac vice*, but only two (2) returned his phone calls. One stated that they cannot serve as local counsel, and the other attorney, Walter Grabowski, Esq., agreed to serve as local counsel.

11. There is no facts or allegations that there is any "culpable conduct" on my part when my brother and I were active in attempting to submit the appropriate paperwork in a timely manner given the backdrop of the New Jersey Litigation.

12. The Plaintiff filed an entry of default on or about November 7, 2018, and two weeks later, I filed my motion to set aside the entry of default as well as my motion to dismiss. (Exhibit B – Entry of Default).

13. As the Court can see, I have been activity and diligently attempting to file the appropriate documents in this litigation and have not ignored nor "brushed aside" this litigation.

14. Given the relatively short period of time that I filed the documents against the Plaintiff, I do not believe that "alternative sanctions" are warranted and neither my counsel nor I need a "wake up call."

15. The Court should also be mindful that the default procedure is looked at with disfavor because the interests of justice are best served by obtaining a decision on the merits and on motions.

16. I respectfully request that his matter be address on the procedural and factual merits rather than on default. As such, my motion to vacate the entry of the default should respectfully be granted.

## Motion to Dismiss

17. All of my duties for Luxury Haus were located in the State of New Jersey and not in the Commonwealth of Pennsylvania.

18. I do not have any "continuous and systematic" contacts with the Commonwealth of Pennsylvania, and I am not aware of any "continuous and systematic" contacts that the Defendant Paul Gutierrez has with the Commonwealth of Pennsylvania.

19. Regarding my relationship to Plaintiff NextGear prior to the New Jersey Litigation, please note the following:

    a. my name is on any of the Luxury Haus Corporate Documents;

      b. my name is on the Contracts between Plaintiff NextGear and Luxury Haus (Exhibit C – Contract between NextGear and Luxury Haus);

      c. I was present for the negotiations for the line of credit which took place in New Jersey;

      d. I signed the line of credit documents and loan documents (Exhibit A – Contract between NextGear and Luxury Haus); and

      e. I signed personal guarantees that Plaintiff NextGear (Exhibit C – Contract between NextGear and Luxury Haus).

20. However, it is my understanding and belief that the bulk of the business transactions between Plaintiff NextGear and Luxury Haus were located in the State of New Jersey. I do not recall anything that occurred with Plaintiff NextGear in the Commonwealth of Pennsylvania.

21. Per the Plaintiff's own Complaint filed in the Commonwealth of Pennsylvania, the factually allegations have already been litigated and resolved in the Superior Court of New Jersey, Bergen County under the case <u>NextGear Capital, Inc. v. The Luxury Haus, Inc., and Antonio L. Gutierrez</u>, jointly and severally, Docket No. L-7268-16 filed on October 12, 2016. (Exhibit D – New Jersey Complaint)

22. Plaintiff NextGear has already sued Luxury Haus and myself for the exactly the same issues they alleged in this federal action in the Middle District of Pennsylvania. (Exhibit D – New Jersey Complaint)

23. I am aware that Plaintiff NextGear did amend the New Jersey Complaint to include Edith Gutierrez, my wife, in the action. Thereafter, Edith Gutierrez filed an Answer on or about October 17, 2018. (Exhibit E – Edith Gutierrez's Answer in the New Jersey Litigation)

24. Regarding the criminal case, it is still pending and has not been resolved. The criminal case is located in the State of New Jersey.

25. All of the witnesses, documents, testimony, experts, if any, and any other issues that may relate to these cases are all located in the State of New Jersey. No one that I am aware of is located in the Commonwealth of Pennsylvania, not even Plaintiff's own witnesses and experts, if any.

26. Plaintiff NextGear's allegations in Provision 21 to Provision 29 of their Complaint has already litigated in Bergen County, New Jersey as the appropriate forum and venue for the action.

27. Plaintiff NextGear should have filed a motion to amend the complaint to include Defendant Paul Gutierrez as a defendant as well as Luxury Haus Leonia as they did numerous times in the New Jersey Litigation.

28. Plaintiff NextGear wants to double-dip on funds they already recovered, get a "second-bit of the apple" by filing an action in this Federal Court, and relitigate the issues. This is unreasonable and in "bad faith" on the part of Plaintiff NextGear since no transaction or business dealings between Plaintiff NextGear and the Defendants occurred in the Commonwealth of Pennsylvania.

29. It is my understanding and belief that Plaintiff NextGear has already recovered close to $2 million dollars (two million dollars) in cash and has also recovered over 200 vehicles from Luxury Haus ranging from $25,000 to $170,000 each in value depending on the vehicle. One of the vehicles was a Rolls Royce Wraith with an approximate value of $170,000 to $200,000 which Plaintiff NextGear has recovered.

30. All of the vehicles recovered were located in the State of New Jersey and no vehicle was located in the Commonwealth of Pennsylvania.

31. In the New Jersey Litigation, there have been multiple motions filed, multiple discovery motions filed, various subpoenas issued, extended discovery requests, and motions to amend.  Please note the following highlights from the New Jersey Litigation (Exhibit F):

    a. Amended Answer submitted by Defendant Antonio L. Gutierrez filed on September 14, 2017;

    b. Motion to Extended Discovery submitted by Plaintiff NextGear filed on October 10, 2017;

    c. Stip to Extend Time for Answer by Defendant Edith Gutierrez filed on October 11, 2017;

    d. Answer by Defendant Edith Gutierrez filed on October 17, 2017;

    e. Order Extending Discovery filed on October 27, 2017;

    f. Writ of Replevin – DENIED filed on October 27, 2017;

    g. Motion for Discovery by Plaintiff NextGear filed on December 20, 2017;

    h. Motion to Extend Discovery by Plaintiff NextGear filed on December 20, 2017;

    i. Motion to Quash Subpoena filed on January 1, 2018;

    j. Order Extend Discovery GRANTED filed on January 5, 2018;

    k. Motion to File or Amend Complaint by Plaintiff NextGear filed on February 23, 2018;

    l. Motion to Extend Discovery by Plaintiff NextGear filed on February 13, 2018;

    m. Order to Show Cause by Plaintiff NextGear filed on February 13, 2018;

    n. Order to Extend Discovery GRANTED filed on March 2, 2018;

    o. Motion to Extend Discovery by Defendant Antonio L. Gutierrez filed on March 23, 2018;

    p. Motion to Compel Deposition by Plaintiff NextGear filed on April 11, 2018;

    q. Motion for Summary Judgment by Plaintiff NextGear filed on April 25, 2018;

    r. Final Judgment Against Defendant Antonio L. Guiterrez by Plaintiff NextGear filed on April 30, 2018;

    s. Motion to Enforce Litigants Rights by Plaintiff NextGear filed on June 6, 2018;

    t. Motion to Enforce Settlement by Plaintiff NextGear filed on August 13, 2018;

    u. Order for Judgment against Defendant Edith Gutierrez filed on October 26, 2018.

32. The above along with Exhibit F outline the activities in the New Jersey Litigation which also include responsive pleadings, replies, oral arguments, court appearances, telephone conference, and settlement conferences among others. For a full list, please see Exhibit F.

33. Plaintiff NextGear filed a motion to amend the complaint to include Defendant Edith Gutierrez, my wife. They also filed on February 13, 2018 a motion to include Carman DeMeo, owner of Lexus of Englewood, as an additional defendant regarding the same issues in this federal complaint. (Exhibit G – Motion to Amend filed on February 13, 2018).

34. Attached to the Motion to Amend filed on February 13, 2018 in the New Jersey Litigation is the proposed Amended Complaint as Exhibit E.

35. Per the Amended Complaint as Exhibit E, the counts are substantially the same as in this complaint regarding fraudulent transfer.  (Exhibit H - Amended Answer attached to the Motion to Amend filed on February 13, 2018 as Exhibit E).

36. However, on or about February 27, 2018, Plaintiff NextGear elected to withdraw the Motion to Amend.  (Exhibit F).

37. Throughout this entire New Jersey Litigation, Plaintiff NextGear was familiar with my brother Paul Guiterrez, my wife, Luxury Haus Leonia, and Carmen DeMeo.  Plaintiff NextGear chose to file the amended complaints as to as to Edith Gutierrez, my wife, and Carmen DeMeo, owner of Lexus of Englewood, but not Paul Gutierrez and Luxury Haus Leonia.

38. Plaintiff NextGear obtained a judgment against me in the amount of $4.5 million (four million five hundred thousand dollars) in the New Jersey Litigation.  (Exhibit I)

39. Plaintiff NextGear obtained a judgment against Defendant Edith Gutierrez in the amount of $507,634.61 (five hundred seven thousand six hundred thirty four and sixty one cents). (Exhibit J)

40. Basically, Plaintiff NextGear is filing a Notice of Removal to the Middle District of Pennsylvania by using the federal complaint as a vehicle knowing that all of the activities occurred in New Jersey.

## Poconos Property

## 5334 Delia Terrace, Lot 33, East Stroudsburg, PA 18301

41. At the time I purchased the Poconos Property on or about April 8, 2016, I was a resident of the State of New Jersey.

42. Again, Provision 31 mentions Luxury Haus Leonia which upon information and belief was incorporated in the State of New Jersey and had its principle place of business in New Jersey.

43. Plaintiff NextGear's position is that the funds used to purchase the Poconos Property came from Luxury Haus, which should have been addressed in the New Jersey Litigation.

44. Plaintiff NextGear's position that the property was transferred from me to Defendant Paul Gutierrez was fraudulent is false and should have been address in the New Jersey Litigation.

45. The transactions regarding the Poconos Property are located in New Jersey including all of the witnesses and documents.

46. The Court should note that I am currently involved in a protracted divorce action with my wife, Defendant Edith Gutierrez, that is still pending to this day with venue located in Bergen County, New Jersey.

47. The Poconos Property was part of the divorce action along with other assets that were owed by us.

48. Regardless, all the parties regarding what occurred with the Poconos Property are located in the State of New Jersey, and no one is located in the Commonwealth of Pennsylvania.

49. All of the closing documents regarding the transaction were signed in New Jersey and mailed into the Commonwealth of Pennsylvania.

50. When the property was transferred, I did not go to the Commonwealth of Pennsylvania and neither did Defendant Paul Gutierrez.

51. The proper place to have adjudicated these allegations in this federal complaint is in the New Jersey Litigation. Plaintiff should not have filed a separate action in Pennsylvania when there is already litigation in New Jersey regarding the same issues.

52. As such, the complaint should be dismissed with prejudice, and the Plaintiff should be sanctioned and ordered to pay counsel fees for this type of frivolous litigation.

53. Based upon this Declaration, Legal Brief, attached Exhibits, and the reasons stated above, the motion granted.

55. The facts stated above are known to be true, of my own knowledge. I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the forgoing is true and correct.

_____
ANTONIO L. GUITERREZ

Date: 12·06·18