# EXHIBIT E

```
                              SUPERIOR COURT OF NEW JERSEY
1                             LAW DIVISION, CIVIL PART
                              BERGEN COUNTY
2                             DOCKET NO. BER-L-7268-16
3                             APP. DIV. NO. _____

4  NEXT GEAR CAPITAL, INC.,)
                           )
5        Plaintiff,        )
                           )           TRANSCRIPT
6        vs.               )              OF
                           )           SETTLEMENT
7                          )
   THE LUXURY HAUS, INC.,  )
8  ET. AL.,                )
                           )
9        Defendant.        )

10
                           Place: Bergen County Justice Center
11                                10 Main Street
                                  Hackensack, New Jersey 07601
12
                           Date:  May 7, 2018
13

14 BEFORE:

15   HONORABLE JAMES L. DE LUCA, J.S.C.

16 TRANSCRIPT ORDERED BY:

17   NICHOLAS M. GAUNCE, ESQ. (Eckert Seamans Cherin &
18   Mellott, LLC)

19 APPEARANCES:

20   NICHOLAS GAUNCE, ESQ.
     (Eckert Seamans Cherin & Mellott, LLC)
21   Attorney for the Plaintiff

22
     MATTHEW JOHNSON, ESQ. (Sherwood & Johnson, LLC)
23   Attorney for the Defendant

24                         TRANSCRIBER, LINDA FARINA
                           G & L TRANSCRIPTION OF NJ
25                         40 Evans Place
                           Pompton Plains, NJ 07444
                           (973) 616-1051
                           www.gltranscriptsnj.com
                           transcripts@gltranscriptsnj.com
                           Audio Recorded
                           Recording Operator, S. Mansukhani
```

I N D E X                                              2

1  **PROCEEDINGS**                                              **PAGE**

2  Settlement                                                3

3  Judge's decision                                         14

4              **I N D E X   T O   W I T N E S S E S**

5  **NAME**               **DIRECT**      **CROSS**      **REDIRECT**     **RECROSS**

6  Edith Gutierrez

7    By The Court       10

8    By Mr. Johnson     13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  All right.  We are on the record
2   in the matter of NEXT GEAR CAPITAL, INC. VS. LUXURY
3   HAUS, INC.  Appearances, plea-- Docket No. BER-L-7268-
4   16.  Appearances, please. Starting with the attorneys
5   for the plaintiff.
6          MR. GAUNCE:  Yes, Your Honor.  Nick Gaunce,
7   Eckert Seamans on behalf of Next Gear.
8          THE COURT:  Mr. Gaunce, welcome back.
9          MR. JOHNSON:  Matthew Johnson, Sherwood and
10  Johnson on behalf of Edith Gutierrez for the
11  settlement purpose only in this conference.
12         THE COURT:  Mr. Johnson, good morning.  Ms.
13  Gutierrez, good morning to you.
14         MS. GUTIERREZ:  Good morning.
15         THE COURT:  Please raise your right hand.
16  E D I T H   G U T I E R R E Z, DEFENDANT, SWORN
17         THE COURT:  Please state your full name,
18  spell your last name for the record.
19         THE WITNESS:  Edith Gutierrez, G-U-T-I-E-R-
20  R-E-Z.
21         THE COURT:  All right, Ms. Gutierrez.
22  Counsel, do I understand that since our last
23  conference the parties when we were last together Ms.
24  Gutierrez was going to go visit some bankers to
25  determine whether or not the terms of the respective

```
 1  settlement would work for her.  Is that correct?
 2            MR. JOHNSON:  That is correct.
 3            THE COURT:  And has she done that?
 4            MR. JOHNSON:  She has, Judge.
 5            THE COURT:  And based upon that are we
 6  prepared to move forward with the settlement this
 7  morning?
 8            MR. JOHNSON:  I'm in the process of
 9  discussing with Ms. Gutierrez whether or not she'd
10  like to.  Our concern remains the 90-day timeframe.
11  The bankers seem to us that closer to 120 days in
12  order to close the funds would be necessary.  We'd be
13  able to have a commitment within the 90 days.
14  However, to actually close the loan we may require an
15  additional 30 days from that point is what we were
16  advised in our meetings.
17            THE COURT:  Mr. Gaunce, what would you like
18  to do?
19            MR. GAUNCE:  Well, in order to even see
20  whether I could agree to that, Your Honor, I would
21  need to make a phone call.
22            THE COURT:  Obviously I think you do.
23            MR. GAUNCE:  Yes.
24            THE COURT:  I thought we were all done.
25  That's why I had you up here and that's why I didn't
```

1 wait to put it on the record.  I just didn't have you
2 inside because I thought we were going to do it.
3       MR. GAUNCE:  Understood, Your Honor.
4       MR. JOHNSON:  And from our standpoint that's
5 our only sticking point, Judge.  Just that timeframe
6 to make sure she's able to comply with the terms of
7 the settlement.
8       THE COURT:  Let me ask a question.  Do you
9 expect to have a commit-- how long is it you expect to
10 have the -- how long do you expect the commitment to
11 take?
12       MR. JOHNSON:  I would say no later than 75
13 days.
14       THE COURT:  Okay.  So I'm going to throw the
15 following out, Mr. Gaunce, as a potential alternative
16 if you want to at least pitch it and that is that to
17 the extent that Ms. Gutierrez would have her
18 commitment within 90 days and that she would close
19 within 120 days.  I don't know whether you can do that
20 or not, but that works for you, Mr. Johnson?
21       MR. JOHNSON:  It does.
22       MS. GUTIERREZ:  Yes.
23       THE COURT:  Ask -- ask that question.  It's
24 the best -- see what we can do.
25       MR. GAUNCE:  And -- and are we wrapped up if

```
 1  that -- if the answer is yes?
 2           MR. JOHNSON:  Yeah.  I have (indiscernible)
 3  the language in here, but I don't (indiscernible) the
 4  language.
 5           THE COURT:  Let me -- let me say this to
 6  you, okay?
 7           MR. JOHNSON:  Yeah.
 8           THE COURT:  There are three terms to this
 9  settlement agreement, okay?
10           MR. JOHNSON:  Correct.
11           THE COURT:  $282,000 the time and what
12  happens if it doesn't occur and that is a consent
13  judgment for 507,634.61, which will be held or will be
14  filed, but they won't take any steps to execute on it,
15  correct?  Is that the way you understand it?
16           MR. GAUNCE:  That is correct, Your Honor.
17           THE COURT:  All right.  So whether it's 90
18  days or 120 days those are the only issues.  The rest
19  of it, as far as this Court is concerned, is window
20  dressing.  And you guys can knock yourself out with
21  this settlement agreement from now until the cows come
22  home.  Those are the three terms of the agreement,
23  okay?  This is -- if there are any issues with regard
24  to the agreement you're going to come back and see me
25  and I'm going to tell you what the terms are.
```

```
 1                MR. JOHNSON:  Understood, Your Honor.
 2                MR. GAUNCE:  All right.  Thank you, Your
 3   Honor.
 4                MS. GUTIERREZ:  Thank you, Judge.
 5                MR. GAUNCE:  Thank you, Your Honor.
 6                THE COURT:  All right.  Off the record.
 7             (Off the record.  Back on the record.)
 8                THE COURT:  Let's go on the record.  We are
 9   back on the record in the matter of NEXT GEAR CAPITAL
10   VS. LUXURY HAUS, INC., ET. AL.  The Docket No. Is BER-
11   L-7268-16.  Mr. Gaunce, we won't put appearances
12   because we had them on previously.  Did the parties
13   make progress to resolving this matter in the break
14   between the last time I -- we were on the record and
15   now?
16                MR. GAUNCE:  Yes, we have, Your Honor.
17   We've actually been able to resolve the matter.
18                THE COURT:  Okay.  Can you -- can you put on
19   the record, please, the terms of the settlement?
20                MR. GAUNCE:  Absolutely, Your Honor.  As a
21   settlement of the claims between Next Gear and Mrs.
22   Gutierrez, Next Gear has agreed to receipt of $282,000
23   by way of refinancing of a commercial property at 335
24   Grand Avenue in Leonia.  Mrs. Gutierrez will have 90
25   days to present to Next Gear a commitment letter
```

1  showing commitment from a bank to refinance the
2  commercial loan that's existing and then she will have
3  120 days to actually consummate that loan and close
4  the transaction.
5              THE COURT:  So another 30 days after the 90?
6              MR. GAUNCE:  Correct.  Yes, Your Honor.
7              THE COURT:  Not 120 days after the 90,
8  correct?
9              MR. JOHNSON:  Correct.
10             MR. GAUNCE:  Yes, so a total of 120 days for
11 the entire time period, Your Honor.
12             THE COURT:  Okay.  Fair enough.
13             MR. GAUNCE:  And as part of those changed
14 time frames, Your Honor, the parties agreed that there
15 would be no cure period for either event so if there
16 was, for example, if Day 91 came and there was no
17 commitment letter there would be a default under the
18 agreement or, for example, Day 121 came and there was
19 no refinance loan, again, that would be an event of
20 default.
21             To secure this arrangement the parties have
22 reached an agreement for the -- for -- to execute and
23 to hold a consent judgment of 507,634.61.  And Your
24 Honor, what will happen with that consent judgment in
25 terms of mechanism so as not to screw up Mrs.

```
 1  Gutierrez in terms of seeking the refinancing is we'll
 2  execute it and we'll have it available in our office
 3  and then file it if there is a default.
 4          THE COURT:  Got it.
 5          MR. GAUNCE:  And then lastly, Your Honor, as
 6  far as the pending receivership motion before Your
 7  Honor obviously, that's going to be withdrawn without
 8  prejudice as part of the settlement, but both parties
 9  reserve their rights in terms of Next Gear renewing
10  that application and Mrs. Gutierrez challenging it
11  based on any defenses she may have available.
12          THE COURT:  Mr. Johnson, you wish to add
13  anything else?
14          MR. JOHNSON:  No, Judge.  I believe that
15  accurately reflects our settlement and the only
16  comment I have is obviously if Ms. Gutierrez requires
17  other financing other than refinancing the commercial
18  property that's acceptable as well as long as the 282
19  is either paid before the 90 days or the commitment is
20  shown at Day 90 and paid off by 120.
21          MR. GAUNCE:  Correct, yes.  Either one.  If
22  she gives us the 282 on Day 90 we are not going to
23  fight her Your Honor.
24          MR. JOHNSON:  That's all I want.
25          THE COURT:  I didn't think -- I didn't think
```

1  you would.  I don't think you care whether she gets
2  the 292 -- 282 from the commitment, any commitment or
3  any other source, correct?
4          MR. GAUNCE:  Correct, Your Honor.
5          THE COURT:  Fair enough.
6          MR. GAUNCE:  We're not -- we're not
7  prejudicial as to any source.
8          THE COURT:  All right.  Ms. Gutierrez, I
9  previously swore you.  You -- I believe I did.  Did I
10 not?
11         MS. GUTIERREZ:  You did, Your Honor.
12         THE COURT:  I did.  I did.
13 EXAMINATION BY THE COURT:
14     Q    You've heard the terms of the settlement,
15 correct?
16 A   Yes, correct.
17     Q    The settlement -- the settlement terms are
18 acceptable to you?
19 A   Yes, they are.
20     Q    You understand that in connection with this
21 matter you are giving up your right to contest the
22 claims of Next Gear Capital, Inc. against you?
23 A   Yes.
24     Q    You understand that if you wish to proceed
25 with this matter that you could have done better with

1  Next Gear than the agreement to pay 282, you could
2  have done worse than the agreement to pay 282, or you
3  could have done the same.  You understand that?
4  A     Yes, I do.
5        Q    And you understand you had a right to a jury
6  trial in connection with this matter.
7  A     Yes.
8        Q    And you understand that you are waiving your
9  right to a jury trial.
10 A     Uh-huh.
11       Q    You understand -- is that a c-- yes?
12 A     Yes.
13       Q    You understand that your husband has also
14 settled your -- your current husband has -- has
15 settled with Next Gear as well, correct?
16 A     Yes.
17       Q    You understand that -- are you under any
18 medication --
19 A     No.
20       Q     -- that would impair your ability to
21 understand this transaction?
22 A     No, I'm not.
23       Q    Are you -- has anyone forced you to enter
24 into this transaction?
25 A     No, they have not.

1  Q    Are you entering into this transaction
2 voluntarily?
3 A    Yes, I am.
4  Q    You understand all of the terms with regard
5 to this matter?
6 A    Yes.
7  Q    Have you had an opportunity to speak to Mr.
8 Johnson about this matter?
9 A    Yes, I have.
10  Q    Has he answered all of your questions?
11 A    Yes.
12  Q    Are you satisfied with the services of Mr.
13 Johnson in connection with this matter?
14 A    Absolutely.
15  Q    Is there any -- are there any questions you
16 have for either myself or Mr. Johnson now that you've
17 heard the terms placed on the record?
18 A    No, there isn't.
19  Q    You want this settlement to proceed,
20 correct?
21 A    Yes, please.
22  Q    You understand that this will terminate this
23 litigation, correct?
24 A    Yes.
25  Q    Yes.  You understand that if you change your

1 mind ten minutes from now when you're out in the
2 hallway that this matter is marked settled.  You
3 understand that?
4 A    Yes, I understand.
5      Q    Subject to the terms of the -- that have
6 been placed on the record.  You understand that.
7 A    Yes, I do.
8           THE COURT:  Counsel, have the -- you're
9 still working on the nits and gnats of the final
10 settlement agreement.  Is that correct?
11          MR. JOHNSON:  It is, Judge.
12          MR. GAUNCE:  It is, Your Honor.
13          THE COURT:  Counsel, you understand that the
14 Court is marking this matter settled and to the extent
15 you have any issues with regard to the, what I call
16 nits and gnats of this settlement that you're going to
17 come back here and resolve that matter in front of me.
18 You understand that.
19          MR. GAUNCE:  Yes, Your Honor.  We do.
20          MR. JOHNSON:  Yes, Judge, and I just have
21 one question for Ms. Gutierrez.
22 DIRECT EXAMINATION BY MR. JOHNSON:
23     Q    Ms. Gutierrez, I was not able to advise you
24 as to the reasonableness of this settlement.  You
25 understand that.

1  A     Yes.
2        Q     And you determined on your own volition to
3  enter into the settlement because of your personal
4  understanding of the terms.  Is that correct?
5  A     Yes.
6              MR. JOHNSON:  Okay.  No other questions,
7  Judge.
8              THE COURT:  You understand that -- counsel,
9  that if for some reason, as I said, you can't pull the
10 trigger on a final settlement agreement you're going
11 to come back and see me.  That is not going to undo
12 the terms of this settlement.  You understand that Mr.
13 Gaunce?
14             MR. GAUNCE:  I do, Your Honor.
15             THE COURT:  You understand that, Mr.
16 Johnson?
17             MR. JOHNSON:  I do, Judge.
18             THE COURT:  You understand that, Ms.
19 Gutierrez.
20             MS. GUTIERREZ:  Yes, I do.
21             THE COURT:  I want to thank the parties for
22 their continuing efforts in connection with the
23 matter.  I know that I have not always been the
24 easiest person to deal with in connection with this
25 matter, but I want to thank you all for resolving this

```
 1  matter.  Ms. Gutierrez, I thank you for your efforts.
 2  Better -- I always tell litigants, better you control
 3  your own destiny than you leave your destiny in the
 4  hands of seven or eight good people from Bergen or
 5  worse, on particular Judge in Bergen County.  So I
 6  thank you for that.
 7            Counsel, I thank you for your
 8  professionalism in connection with this matter.  I
 9  know it was something that neither party, quite
10  candidly wanted to do, but that means the settlement
11  is probably a fair and reasonable one.  So I thank you
12  all for your activities.  We are off the record.  This
13  matter is settled.
14            Have a good day.
15            MR. JOHNSON:  Thank you, Judge.
16            MS. GUTIERREZ:  Thank you, Judge.
17            MR. GAUNCE:  Thank you for your help, Judge.
18            MS. GUTIERREZ:  Thank you.
19
                    (Proceedings concluded)
20
21
22
23
24
25
```

CERTIFICATION

I, Linda Farina, the assigned transcriber, do hereby certify the foregoing transcript of the proceedings of the Bergen County Superior Court on May 7, 2018, digitally recorded, Time Index from 10:19:25 to 10:23:00 and from 12:13:36 to 12:21:15, is prepared in full compliance with the current transcript format for judicial proceedings and is a true and accurate transcript of the proceedings as recorded to the best of my knowledge and ability.

*Linda Farina*

Linda Farina        AD/T #491        June 4, 2018
G & L Transcription of NJ
Pompton Plains, NJ 07444