**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
By:  Nicholas M. Gaunce, Esq.
*Physical Address*: 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address*: P.O. Box 5404, Princeton, NJ 08543
*Telephone:* (609) 392-2100
*E-mail: ngaunce@eckertseamans.com*
(609) 989-5058 (Telephone)
(609) 392-7956 (Facsimile)
*Attorneys for Plaintiff, NextGear Capital, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | : CIVIL ACTION |
| Plaintiff, | : CASE NO.: 3:18-cv-01617 |
| v. | : (Judge Mannion) |
| ANTONIO L. GUTIERREZ; PAUL GUTIERREZ, | : ELECTRONICALLY FILED |
| Defendants. | : |

**BRIEF OF PLAINTIFF, NEXTGEAR CAPITAL, INC. IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT, PAUL GUTIERREZ**

**I.   PROCEDURAL HISTORY**

The plaintiff, NextGear Capital, Inc. ("NextGear"), instituted this fraudulent-transfer action on August 16, 2018. NextGear named two individuals, Antonio L. Gutierrez and Paul Gutierrez, as defendants. Through its complaint, NextGear seeks the recovery of monetary judgments against both defendants, along with the appointment of a receiver and related relief concerning a second home located in the Poconos at 5334 Delia Ter., East Stroudsburg, PA 18301 (the "Poconos Property"). Currently, the Poconos Property is owned by Paul Gutierrez and was transferred to him by Antonio Gutierrez on September 28, 2016.

Previously, on April 30, 2018, NextGear obtained a consent judgment against Antonio Gutierrez in the amount of $4,500,000.00 as a result of an action that has been pending in the Superior Court of New Jersey since October 12, 2016 (the "New Jersey Action"). (Exhibit Q to NextGear's Complaint, April 30, 2018 Consent Judgment).[1] The New Jersey Action involves claims against Antonio Gutierrez and his wife, Edith Gutierrez, concerning a fraudulent transfer of real estate in New Jersey, a commercial automobile dealership lot located at 335 Grand Avenue, Leonia, New Jersey 07605 (the "Commercial Property"),[2] and Antonio Gutierrez's misappropriation of more than $2,000,000.00 in funds owed to NextGear by a now-closed automobile dealership owned by Antonio Gutierrez, Luxury Haus, Inc. ("LHI"), along with other funds due to NextGear. (See Exhibit D to the Declaration of Paul Gutierrez, e-Courts Case Summary).[3]  NextGear's request for the appointment of a receiver as to the Commercial Property currently remains pending before the New Jersey Superior Court. (Exhibit H to the Declaration of Paul Gutierrez, October 26, 2018 Judgment).

NextGear instituted this action against Antonio Gutierrez and Paul Gutierrez having discovered after April 30, 2018 that Antonio Gutierrez transferred the Poconos Property to his brother, Paul Gutierrez, less than a week before his company's credit line with NextGear was locked. (NextGear's Compl. at ¶¶ 11, 31). NextGear served its complaint upon Paul Gutierrez on October 1, 2018. (October 4, 2018 Proof of Service, ECF No. 6). Paul Gutierrez filed a motion to dismiss NextGear's complaint on November 21, 2018. NextGear opposes Paul Gutierrez's motion.

---

[1] NextGear's Complaint refers to the document NextGear filed as Document No. 1 under the above case.

[2] The Commercial Property is not the subject of NextGear's complaint in this district.

[3] This citation refers to the documents filed by Paul Gutierrez with this Court on November 21, 2018 as documents numbered 10 through 18.

## II.   FACTUAL BACKGROUND

NextGear's business relationship with Antonio Gutierrez began on March 20, 2014. On that date, NextGear extended a $12,000,000.00 floor-plan financing credit line to LHI. (NextGear's Compl. at ¶ 7).  The objective of this credit line was to allow LHI to purchase inventory for resale to retail customers with NextGear being repaid after a financed vehicle was sold. (*Id.*).  Antonio executed a personal guaranty in connection with this credit line. (*Id.* at ¶ 9).

In June of 2015, LHI first defaulted when suspicious activity occurred on its account, including LHI submitting to NextGear fraudulent bills of sale falsely stating inflated sale prices for vehicles sold to retail customers. (NextGear's Compl. at ¶ 10).  Eventually, due to multiple defaults, LHI's credit line with NextGear was locked on October 3, 2016, and NextGear filed the New Jersey Action on October 12, 2016 after it received confirmation that LHI had been selling financed vehicles "out of trust."[4] (*Id.* at ¶ 15).  The State of New Jersey also filed criminal charges against Antonio Gutierrez alleging that he had committed a number of felonies, including money laundering. (*Id.* at ¶¶ 16 – 20).

As part of discovery in the New Jersey Action, NextGear deposed Antonio Gutierrez's brother, Paul Gutierrez, the corporate secretary for LHI. (NextGear's Compl. at ¶ 21).  Paul did admit to being given $2,000,000.00 by his brother to "hold." (*Id.* at ¶ 22).  Paul further testified that he divided these funds between two bank accounts for limited liability companies which he controlled. (*Id.* at ¶ 23).  Paul did not mention anything about the Poconos Property. (Exhibit F to NextGear's Compl., Dep. Trans. of Paul Gutierrez).  Following Paul's deposition, NextGear served document subpoenas upon PNC Bank and TD Bank, the two institutions identified by Paul, seeking bank records related to Paul's testimony. (Exhibit A to the Declaration of Nicholas

---

[4]   In this context, "out of trust" means that LHI would sell vehicles subject to NextGear's credit line without remitting payment to NextGear as required.

M. Gaunce, Esq. ("Gaunce Declaration"), April 12, 2017 Document Subpoenas).  NextGear received a no-records response from both TD Bank and PNC Bank on or about April 26, 2017. (Gaunce Declaration at ¶ 3).

After NextGear received banking records from another financial institution in late January of this year, Freedom Bank, NextGear discovered, for the first time, documentary evidence that the previous subpoena response it received from TD Bank was wrong. (Exhibit B to Gaunce Declaration, March 30, 2018 Document Subpoena); (Gaunce Declaration at ¶ 5). NextGear then served a new subpoena upon TD Bank. (Exhibit B to Gaunce Declaration, March 30, 2018 Document Subpoena).  NextGear received a response its new subpoena on April 25, 2018. (Exhibit C to Gaunce Declaration, April 24, 2018 Letter).  This response contained the records attached as Exhibit G to NextGear's complaint pending in this district.  (Gaunce Declaration at ¶ 6).

Six days before, on April 19, 2018, the court in the New Jersey Action held its first settlement conference, which was the first in a series of conferences that resulted in the entry of NextGear's $4,500,000.00 consent judgment against Antonio Gutierrez and in a settlement being placed on the record as to Antonio Gutierrez's wife, Edith Gutierrez, on May 7, 2018. (Exhibit D to Gaunce Declaration, April 4, 2018 Case Management Notice); (Exhibit E to Gaunce Declaration, Transcript of Settlement); (Gaunce Declaration at ¶¶ 7 - 8).  After Edith Gutierrez failed to abide by the terms of her settlement, NextGear filed a motion to enforce its settlement against her, along with seeking the appointment of a receiver to sell the Commercial Property. (Exhibit D to Paul Gutierrez Declaration, August 13, 2018 Docket Entry). On October 26, 2018, a monetary judgment in the amount of $507,634.61 was entered against Edith Gutierrez, but the

4

issue of NextGear's receivership application was indicated as "shall be determined at a later date." (Exhibit H to Paul Gutierrez Declaration, October 26, 2017 Order for Judgment).

NextGear continues to conduct discovery as to its judgment against Antonio Gutierrez and the circumstances surrounding Paul Gutierrez's receipt of funds from LHI, including awaiting a further response from TD Bank concerning a third document subpoena it recently served last month. (Exhibit F to Gaunce Declaration, November 30, 2018 Document Subpoena); (Gaunce Declaration at ¶¶ 13 - 14). In his current motion to dismiss, Paul Gutierrez seems to concede a very significant point in agreeing that "Antonio used $76,000 that he obtained from selling vehicles out-of-trust to purchase [the Poconos Property]."[5] (Brief of Paul Gutierrez at p. 2).

NextGear opposes Paul Gutierrez's motion.

---

[5] Paul Gutierrez makes this admission in the context of saying that NextGear has made this allegation, which only, in NextGear's view, further emphasizes this district's connection to NextGear's pending complaint.

**STATEMENT OF QUESTION INVOLVED**

1. Do any of the doctrines cited by Paul Gutierrez warrant dismissal or transfer?

**Suggested Answer:   NO.**

III. **LEGAL ARGUMENT**

    A. **This Court has Personal Jurisdiction over Paul Gutierrez.**

Federal courts in Pennsylvania are permitted to exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of [Pennsylvania]." *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 *F.2d* 1217, 1221 (3rd Cir. 1992). 42 *Pa. Cons. Stat. Ann.* § 5322(b), the long-arm statute for Pennsylvania, grants state courts the authority to exert "personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment." *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 *F.2d* 687, 688 (3rd Cir. 1990). Thus, a district court's exercise of personal jurisdiction in Pennsylvania will be "proper as long as it d[oes] not violate due process." *Mellon Bank PSFS*, *supra*, 960 *F.2d* at 1221. Due process is satisfied if, first, the defendant "purposefully availed" himself of the privileges of the forum state, and, then, second, if the cause of action at issue arose from the defendant's "activities" within the forum state. *Burger King Corp. v. Rudzewicz*, 471 *U.S.* 462, 475 - 476 (1985).

42 *Pa.C.S.* § 5322 specifically addresses the question of whether a court in Pennsylvania may exercise personal jurisdiction over a non-resident defendant when that defendant owns real estate in Pennsylvania and provides:

> (a) General rule. – A tribunal of this Commonwealth may exercise personal jurisdiction over a person….who acts directly…as to a cause of action or other matter arising from such person:
>
> > (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this

> Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:
>
> > (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or other accomplishing an object.
> >
> > (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit…
>
> ***
>
> > (v) The ownership, use or possession of any real property situate within this Commonwealth.
>
> ***
>
> (5) Having an interest in, using, or possessing real property in this Commonwealth. [42 *Pa.C.S.* § 5322(a)(1), (5).]

Multiple courts within the Commonwealth of Pennsylvania have acknowledged that the ownership, or agreement to purchase, real estate in Pennsylvania subjects someone to personal jurisdiction in Pennsylvania for claims related to the property that is involved. *Filsam Corp. v. Dyer*, 422 *F. Supp.* 1126, 1130 (E.D. Pa. 1976)(holding that "the agreement to purchase the Filsam property satisfies the single act requirement"); *Smithers v. Wood*, Civil No. 89-1429, 1990 *U.S. Dist.* LEXIS 10572 at *1, *6 - *8 (M.D. Pa. June 20, 1990)(stating that "[s]ubection 5322(a)(5) provides for personal jurisdiction over a person who has an interest in, uses or possesses real property in the Commonwealth"); *Mack v. Mack*, No. 90 FC 00730, 1991 *Pa. Dist. & Cnty. Dec.* LEXIS 290 at *1, *6 (Comm. Pleas Ct., Bradford Cty. Apr. 19, 1991)(holding that the ownership of real estate in Pennsylvania permitted the exercise of personal jurisdiction over a defendant). As the court succinctly stated in *Mack*: "[the] defendant owns a house and a parcel of real estate in…Pennsylvania. [w]e believe that this ownership constitutes an interest in

real property sufficient to confer jurisdiction." *Mack*, *supra*, 1991 *Pa. Dist. & Cnty. Dec.* LEXIS 290 at *6.

In this case, this Court can exercise personal jurisdiction over Paul Gutierrez. Paul Gutierrez does not contest that he currently owns the Poconos Property, that he purchased that property from his brother for $1.00 only days before a substantial credit line for his brother's company was locked, which credit line his brother personally guaranteed, and that the Poconos Property was recently valued at $168,000.00. (NextGear's Compl. at ¶¶ 9, 31 - 32, 35). Significantly, as well, Paul Gutierrez does not contest that at least a portion of NextGear's current claims revolve around his purchase of the Poconos Property and that NextGear has sought numerous forms of relief related to the Poconos Property, including the appointment of a receiver to manage and sell it. (*Id.* at ¶¶ 38 - 43, 61 – 65). Taking all these facts into consideration, Paul Gutierrez did, in fact, "purposefully avail" himself of the benefits and protections of Pennsylvania by owning a home within the Commonwealth, and, more importantly, he can certainly be sued in Pennsylvania for claims related to the Poconos Property.

For similar reasons, this argument applies with equal force to any personal jurisdiction argument made by Paul Gutierrez on the issue of NextGear's conversion claim because it would have been foreseeable that Paul and his brother, Antonio, would be sued in a location where illicitly-obtained funds were directed, according to Paul's own admission. *See United States v. Nazemzadeh*, Criminal No. 11 CR 5726 L, 2014 *U.S. Dist. LEXIS* 10525 at *1, *37 - *38 (S.D. Cali. Jan. 28, 2014)(holding that personal jurisdiction exists over a defendant as to money-laundering issues when funds ended up in the pertinent district).

**B.    Venue is Proper in the Middle District of Pennsylvania as the Poconos Property is "Substantial" and Paul Even Seems to Admit that NextGear's Converted Funds Ended Up in this District.**

Next, Paul Gutierrez also challenges that the current action has been filed in the proper venue. 28 *U.S.C.* § 1391 governs venue and states, in relevant part, that:

(b) Venue in general.- A civil action may be brought in –

\*\*\*

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.] [28 *U.S.C.*§ 1391(b)(2).]

Under subsection (b)(2) of the above statute, the events or omissions occurring in a particular district or the property situated within that district must be more than tangentially connected to the subject claims so "to preserve the element of fairness…that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 *F.3d* 291, 294 (3rd Cir. 1994). The burden of demonstrating that venue is improper is on the party that challenges venue. *Myers v. Am Dental Ass'n*, 695 *F.2d* 716, 724 – 725 (3rd Cir. 1982).

Concerning disputes involving real property, the courts within this circuit have consistently held that venue is proper for actions affecting real estate where the "propert[y] [is] located." *Phila. Fed. Credit Union v. Ankrah*, Civil Action No. 13-3040, 2014 *U.S. Dist.* LEXIS 21095 at \*1, \*11 (E.D. Pa. Jan. 30, 2014); *U.S. Bank N.A. v. Lighthouse Whitehall Commons, LLC*, Civil Action No. 11-cv-05054, 2012 *U.S. Dist. LEXIS* 140805 at \*1, \*4 (E.D. Pa. Sept. 28, 2012)(holding that venue in the Eastern District of Pennsylvania was proper "because a substantial part of the property that is the subject of this action, namely the Mortgaged Premises – is located in Whitehall Township, Lehigh County, Pennsylvania, which is located in this

9

judicial district"); *General Electric Capital Corp. v. East Coast Yacht Sales, Inc.*, 757 *F. Supp.* 19, 20 (E.D. Pa. 1991)(denying a motion for the issuance of a writ of seizure where the assets subject to seizure were located outside Pennsylvania); *Uniroyal Goodrich Tire Co. v. Munnis*, Civil Action No. 89-2690, 1989 *U.S. Dist LEXIS 9170* at *1, *3 (E.D. Pa. 1989)(holding that actions seeking "a remedy in or to that property…requires the court to have jurisdiction over the res to afford the relief sought"). The United States Courts of Appeals for the Third Circuit has also stated that such actions "may only be prosecuted 'where the thing on which they are found is situated.'" *In re: School Asbestos Litigation*, 921 *F.2d* 1310, 1319 (3rd Cir. 1990).

Of the available authority, *East Coast Yacht Sales* is perhaps the most instructive. There, the plaintiff sought an order from the United States District Court for the Eastern District of Pennsylvania authorizing an execution upon certain loan collateral, five yachts. *East Coast Yacht Sales, Inc.*, supra, 757 *F. Supp.* at 19. All of the subject yachts were located in New Jersey, but, nevertheless, the plaintiff argued that Pennsylvania law permitted it to obtain an order reaching into New Jersey to seize the subject yachts. *Id.* In rejecting this argument, the court held:

> Plaintiff's contention that Pennsylvania's replevin provisions give this court subject matter jurisdiction over an *in rem* action where the property is located outside the state has no support. The basis of jurisdiction over property is the presence of the subject property within the territorial jurisdiction of the forum state. Accordingly, Plaintiff's Motion for Writ of Seizure is dismissed for lack of subject matter jurisdiction. [*East Coast Yacht Sales, Inc.*, *supra*, 757 *F. Supp.* at 20.]

In this case, venue is not only proper in the United States District Court for the Middle District of Pennsylvania, it is the only venue where the relief sought by NextGear can be obtained. NextGear's claims are based, in substantial part, upon Paul Gutierrez's purchase of the Poconos Property. In paragraph thirty-one of its complaint, NextGear specifically alleges that

10

"on September 28, 2016…Antonio sold the [Poconos] Property to this brother, Paul, for the sum of $1.00." (NextGear's Compl. at ¶ 31).  Then, when it comes to its first, substantive claim against Paul Gutierrez, NextGear also specifically alleges that "[t]he transfer of the [Poconos] Property from Antonio to Paul…was done in violation of 12 *Pa.C.S.A.* § 5104[,]" (*Id.* at ¶ 38), and NextGear specifically requests that the Court avoid the subject transfer, issue an injunction as to the Poconos Property, and appoint a receiver to sell that property.  (NextGear's Compl. at p. 9, Wherefore Clause).  Unless Paul Gutierrez is ready to sign over the deed to his second home appraised at $168,000.00, the Poconos Property has significant value.

Plus, Paul Gutierrez's opposition only underscores why this district would be a proper place to hear NextGear's conversion claim.  On the second page of his opposition, Paul Gutierrez essentially concedes that "Antonio used $76,000.00 that he obtained from selling vehicle out-of-trust to purchase a residential property in Monroe County, Pennsylvania."  (Paul Gutierrez's Brief at p. 2).  Given that Paul Gutierrez is all but admitting that illegally-procured funds were used in this district, venue is proper here.  *See United States v. Lavenant*, 607 *Fed. Appx.* 217, 221 (3rd Cir. 2015)(holding that there was a sufficient basis for venue in a money-laundering matter when the subject venue was a location where laundered funds were directed); *see also*, *United States v. Angotti*, 105 *F.3d* 539, 544 – 545 (9th Cir. 1997)(holding that venue for matters involving money laundering can lie at the destination of the transported funds).

### C. This Action Should Not be Transferred Based Upon Forum Non Conveniens.

*Forum non conveniens* is a common-law doctrine retained by courts to dismiss a case where that case would be more appropriately brought in a foreign court. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 *U.S.* 422, 432 (2007). Generally, it is not the role of the court to deny a plaintiff his choice of forum where the plaintiff has filed his claim in conformity with statutory and constitutional jurisdictional requirements. *Piper Aircraft Co. v. Reyno*, 454 *U.S.* 235, 258 (1981). The doctrine of *forum non conveniens* "must be sparingly applied." *Am. Cyanamid Co. v. Picaso-Anstalt*, 741 *F. Supp.* 1150, 1155 (D.N.J. 1990).

As a threshold matter, a trial court must determine whether an adequate alternative forum is available. *Tech. Dev. Co. v. Onischenko*, 174 *Fed. Appx.* 117, 120 (3rd Cir. 2006). Two conditions must be satisfied to meet this adequacy requirement: (a) the defendant must be amendable to process in the alternative forum; and (b) the subject matter of the lawsuit must be cognizable in the alternative forum. *Piper Aircraft Co.*, *supra*, 454 *U.S.* at 254. If the proposed alternative forum offers a clearly unsatisfactory remedy, for instance when the subject matter of the suit is not cognizable in the alternative forum, such forum will be inadequate. *Id.* at n.22.

Here, Paul Gutierrez's suggested forum, New Jersey, does not vault the initial threshold related to the doctrine of *forum non conveniens*. The only federal court which has jurisdiction over the Poconos Property is this Court. The United States District Court for the District of New Jersey could not take any direct action against the Poconos Property because, quite simply, it has no subject matter jurisdiction over that property. *See East Coast Yacht Sales, Inc.*, *supra*, 757 *F. Supp.* at 20. Thus, a federal court in New Jersey could not issue an injunction or appoint someone with authority to sell the Poconos Property. Because these items are integral parts of

12

the relief NextGear has requested, there is no other forum that can give NextGear what it has asked.

NextGear also disagrees that New Jersey is a more convenient forum than the Middle District of Pennsylvania. When looking at this issue, this Court will review so-called "private-interest factors," such as: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of viewing premises, if viewing would be appropriate to the action; (5) enforceability of judgments; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 *U.S.* 501, 508 (1947). In addition, this Court will look at the so-named "public-interest" factors, including:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws…; and the unfairness of burdening citizens in an unrelated forum with jury duty. [*Piper Aircraft Co.*, *supra*, 454 *U.S.* at 241 n.6.]

The burden rests with Paul Gutierrez to show that the above factors "support dismissal." *See In re: Corel Corp., Secs. Litig.*, 147 *F.Supp. 2d* 363, 367 (E.D. Pa. 2001).

In the case at bar, the pertinent private-interest factors weigh in favor of maintaining suit in the Middle District. Indisputably, there will be key third-party witnesses with documents relevant to NextGear's claims in this district. For instance, the law firm that handled the September 28, 2016 transfer from Antonio Gutierrez to Paul Gutierrez is located in Stroudsburg, Pennsylvania, (Exhibit N to NextGear's Compl., September 28, 2016 Deed at p. 1), and the title agency that handled Antonio Gutierrez's closing in April of 2016 is located in Scranton, Pennsylvania. (Exhibit M to NextGear's Compl., April 8, 2016 Deed at p. 5). The grantors who first transferred the Poconos Property to Antonio Gutierrez also appear to be located in Monroe

13

County.  (Exhibit M to NextGear's Compl. at p. 1)(stating that the grantors are "of the Township of Stroud, County of Monroe").  Plus, discovery will be made easier in this district as NextGear will be readily able to gain access to and inspect the Poconos Property to further review such issues as property valuation.  Finally, as to the private-interest factors, it is worth noting, again, that Paul Gutierrez, not NextGear, is a property owner in this district.  Thus, Paul Gutierrez presumably utilizes the Poconos Property for family vacations and personal breaks, or allows other family members to do so.  Yet, when Paul Gutierrez is asked to defend a lawsuit about the Poconos Property in this district, this district is suddenly too burdensome of a venue for him.

The enumerated public-interest factors also weigh in favor of continuing suit here in the Middle District.  This district certainly has an interest in addressing matters of real property that are located here.  *See Bailey v. Shell W. E&P Inc.*, 609 *F.3d* 710, 721 (5th Cir. 2010)(describing matters involving real property as inherently "local actions").  Plus, this district would also have a vested interest in ensuring, in this diversity case, that legal issues dealing with real property in Pennsylvania, which will be resolved by reference to Pennsylvania law, are decided by courts in Pennsylvania.  *See BA Props., Inc. v. Aetna Cas. & Sur. Co.*, 273 *F. Supp. 2d* 673, 680 (D.V.I. 2003)(recognizing that, in conflict-of-law issues involving real estate, "the law of the situs [property location]" controls because "[e]ach state…has a strong expectation that its law will be applied to questions involving interests in real property lying within its jurisdictional boundaries").  Finally, if citizens of any particular district are required to sit for jury duty for this action, it would only make sense that citizens in this district would be the ones to do so because those citizens are the ones who also assumedly own property in this district.

In short, dismissal for *forum non conveniens* is unwarranted here.

**D.     The Entire Controversy Doctrine Does Not Bar the Present Suit as There is No Party-Joinder Requirement to this Doctrine and There is No "Substantial Prejudice" in Maintaining the Present Matter against Paul Gutierrez.**

Next, Paul Gutierrez contends that the entire controversy doctrine bars NextGear's current claims against him. (Paul Gutierrez's Brief at p. 11). In making this argument, Paul Gutierrez concedes that he was never joined to the New Jersey Action, but he stills maintains that NextGear was required to "bring in one action all affirmative claims that it might have against another party." (*Id.*). Unfortunately for Paul Gutierrez, his application of the entire controversy doctrine is severely misplaced and too broad.

Rule 4:30A of the New Jersey Rules of Court embodies the entire controversy doctrine and states:

> ***Non-joinder of claims*** required to be joined by the entire controversy doctrine shall result in the preclusion of the ***omitted claims to the extent required by the entire controversy doctrine***. [*N.J. Court Rule* 4:30A.]

This New Jersey Rule Court, and related authority, quite clearly provide that the entire controversy doctrine is now aimed "to restrict the scope of the [entire controversy] doctrine to non-joinder of claims, as opposed to its earlier formulation on non-joinder of claims and parties." *Hobart Bros. Co. v. National Union Fire Ins. Co.*, 354 *N.J. Super.* 229, 242 (App. Div. 2002). Therefore, "successive actions against a person not a party to the first action are not precluded." Pressler & Veniero, *Current N.J. Court Rules*, Comment 1 on *R.* 4:30A. Indeed, it is incumbent upon a non-party to a first proceeding to establish the existence of both "inexcusable conduct" and "substantial prejudice" in order for a court to even consider the application of this equitable doctrine in "special situations" to non-parties. *Hobart Bros. Co.*, *supra*, 354 *N.J. Super.* at 242.

Paul Gutierrez cannot utilize the entire controversy doctrine to bar NextGear's claims. The entire controversy doctrine does not apply to issues of party joinder. Instead, this doctrine is

expressly limited to the "non-joinder of claims." *See N.J. Court Rule* 4:30A.  In other words, the entire controversy doctrine does not apply to Paul Gutierrez as a non-party to the New Jersey Action.

Paul Gutierrez is also far from establishing "inexcusable conduct" and "substantial prejudice" here.  When he was deposed by NextGear, Paul Gutierrez did not disclose the transfer of the Poconos Property.  Moreover, NextGear did not simply sit on its rights after deposing Paul Gutierrez.  NextGear served subpoenas upon TD Bank and PNC Bank who both indicated that they did not have records corroborating Paul Gutierrez's deposition testimony and NextGear did not even receive such records until after further investigation revealed the earlier responses it received were wrong.  Therefore, NextGear never had a fair chance to litigate its claims against Paul Gutierrez.  *See Wadeer v. New Jersey Mfrs. Ins. Co.*, 220 *N.J.* 591, 606 (2015)(holding that the entire controversy doctrine does not apply to unknown, unarisen or unaccrued claims).

Moreover, the mere fact that NextGear has obtained judgments by settlement against Antonio Gutierrez and Edith Gutierrez does not somehow absolve Paul Gutierrez of responsibility under the entire controversy doctrine, especially with a portion of NextGear's claim still pending, because NextGear's claims in the New Jersey Action were not "adjudicated on the merits" as that term is understood in finality-doctrine parlance.  *See Watkins v. Resorts Int'l Hotel & Casino,* 124 *N.J.* 398, 415 (1991)(stating that "[o]nly a judgment on the merits will preclude a later action"); *see also*, *Restatement (Second) of Judgments* § 19 comment a (1982)(stating that "[t]he prototype case continues to be one in which the merits of the claim are in fact adjudicated against the plaintiff after trial of the substantive issues").

### E. *Younger* Abstention is Improper Here.

As his final argument, Paul Gutierrez contends that this Court should abstain from hearing the present matter because of the pending state-court action against his brother and his sister-in-law. (Paul Gutierrez's Brief at p. 12 – 13). Like his citation to the entire controversy doctrine, Paul Gutierrez again cites a doctrine that does not apply.

In the case of *Younger v. Harris*,[6] the United States Supreme Court held that a federal court should not enjoin a pending state criminal proceeding except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury. *Younger v. Harris*, 401 *U.S.* 37, 43 (1971). Since *Younger* was decided, the United States Supreme Court has applied the so-called "*Younger abstention*" principle to civil proceedings in which "important states interests are involved." *Huffman v. Pursue, Ltd.*, 420 *U.S.* 592, 612 - 613 (1975). Thus, for example, the principle of abstention has been applied to such matters as allowing a pending state-court civil lawsuit to proceed through a state-court appeal process where a matter of important state, constitutional law was involved, *Pennzoil Co. v. Texaco, Inc.*, 481 *U.S.* 1, 10 – 17 (1987), and allowing a state supreme court to interpret its own state law in matters of sex discrimination. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 *U.S.* 619, 625 – 628 (1986)(stating that "[w]e have no doubt that the elimination of prohibited sex discrimination is a sufficiently important state interest to bring the present case within the ambit of the cited authorities"). The party against whom abstention is applied must have the opportunity to actually raise their claim in the pending state-court proceeding. *Dayton Christian Sch., Inc.*, *supra*, 477 *U.S.* at 629.

---

[6] Although he is unclear about what type of abstention he is attempting to apply to the present case, Paul Gutierrez is clearly arguing the application of *Younger* abstention due to his citation of a pending state-court civil proceeding.

In this case, *Younger* abstention is in appropriate. Paul Gutierrez does not identify a single issue in the New Jersey Action which qualifies as "an important state interest." Instead, that dispute revolves around one private party, a lender, NextGear, seeking to enforce its rights and collect on two judgments obtained against two, different private persons, Antonio Gutierrez and Edith Gutierrez. Moreover, adequate relief is not available to NextGear in the New Jersey Action. Through the present action, NextGear is seeking to execute upon the Poconos Property as a transfer made in violation of Pennsylvania law. Because this claim involves real estate located in Pennsylvania, there is nothing a court in New Jersey can do to directly affect this property. *Younger* abstention is simply improper here.

Even if, on this point in his brief, Paul Gutierrez is truly trying to raise the argument that this Court should stay or dismiss this matter on grounds of comity, such an argument would also be flawed.[7] Under the doctrine of comity, a federal suit can be dismissed, in the exercise of a federal court's discretion, when there is a "parallel action" pending in another court. *Parachos v.YBM Magnex Int'l Inc.*, Civil Action No. 98-6444, 2000 *U.S. Dist. LEXIS* 3829 at *1, *18 (E.D. Pa. Mar. 28, 2000). A "parallel action" exists when "'the same parties are contemporaneously litigating substantially the same issues.'" *Id.* To be the same "issues," "there must be a 'substantial likelihood that the [foreign] litigation will dispose of all claims presented in the federal case.'" *Id.*

For the reasons NextGear has outlined extensively above, this action and the New Jersey action involve both different parties (Paul Gutierrez is not a party to the New Jersey Action) and different issues (the Commercial Property versus the Poconos Property). Therefore, comity does not apply here.

---

[7] This Court has recently acknowledged that *Younger* abstention is truly an offspring of comity. *Gochenaur v. Juniata Valley Bank*, Civil No. 1:17-cv-743, 2017 *U.S. Dist. LEXIS* 97426 at *1, *22 (M.D. Pa. June 22, 2017).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, NextGear Capital, Inc. respectfully requests that the motion to dismiss filed by Defendant, Paul Gutierrez be denied.  Paul Gutierrez clearly has a connection with this district so that suit can be maintained here.  Since September 28, 2016, Paul Gutierrez has owned the Poconos Property upon which NextGear bases its present suit.  Plus, Paul Gutierrez has all but admitted that his brother, Antonio Gutierrez, used misappropriated NextGear funds to purchase the Poconos Property.  Under these circumstances, all of NextGear's claims against Paul Gutierrez can be brought in this judicial district and should remain here.  NextGear's complaint must not be dismissed.

                                                **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
                                                *Attorneys for Plaintiff, NextGear Capital, Inc.*


                                                By: /s/ Nicholas M. Gaunce
                                                      Nicholas M. Gaunce


Dated:  December 19, 2018

## DECLARATION OF FILING AND SERVICE

I, Nicholas M. Gaunce, Esq., hereby declare that, on December 19, 2018, I caused the above opposition brief and my declaration, with exhibits, to be filed with the Court through its ECF system.  I further declare that I caused a true and correct copy of this filing to be served upon the below via e-mail and regular mail:

Walter T. Grabowski, Esq.
Holland, Brady & Grabowski, P.C.
61 North Washington Street
Wilkes-Barre, PA 18701
WTGLAW@aol.com
***Attorneys for Defendants, Antonio L. Gutierrez and Paul Gutierrez***

Pursuant to 28 *U.S.C.* § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:   /s/ Nicholas M. Gaunce
         Nicholas M. Gaunce

Dated:  December 19, 2018