## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

—————————————————— :
                                            :
NEXTGEAR CAPITAL, INC.           :            CIVIL ACTION
                                            :
                    Plaintiffs      :            3:18-CV-01617-MEM
                                            :            (Judge Mannion)
        vs.                             :
                                            :
ANTONIO L. GUTIERREZ, PAUL   :
GUTIERREZ,                          :            ELECTRONICALLY FILED
                                            :
            Defendants.            :
—————————————————— :

## DEFENDANT'S ANTONIO L. GUTIERREZ BRIEF
## IN SUPPORT OF MOTION TO DISMISS

## I.    PROCEDURAL HISTORY

This action was initiated by a complaint filed on August 16, 2018 by Plaintiff, Nextgear Capital, Inc. ("NextGear").  NextGear filed an entry of default against defendant Antonio L. Gutierrez ("Antonio") on November 7, 2018.  Defendant Paul Gutierrez ("Paul") filed a motion to dismiss on November 21, 2018.  Antonio files this motion to vacate entry of default and motion to dismiss.

## II.    FACTUAL BACKGROUND

Antonio operated an automobile dealership in New Jersey through his company Luxury Haus, Inc. ("LHI").   NextGear provided floor plan

financing to LHI.  NextGear filed suit against LHI and Antonio in Superior Court, Bergen County, New Jersey (the "Bergen County Litigation") alleging, inter alia, that Antonio sold 81 floor planned vehicles out of trust and converted the proceeds.  On April 30, 2018, NextGear obtained a 4.5 million dollar judgment against LHI and Antonio in the Bergen County Litigation.  On October 26, 2018 NextGear obtained a $507,000 judgment against Antonio's wife, Edith Gutierrez ("Edith") in the Bergen County Litigation.

In this action, NextGear alleges that on April 8, 2016 Antonio used $76,000 that he obtained from selling vehicles out-of-trust to purchase a residential property in Monroe County, Pennsylvania (the "Property"). NextGear further alleges that Antonio subsequently conveyed the Property to Paul for one dollar on September 28, 2016. NextGear seeks to set aside the conveyance of the Property to Paul. NextGear also alleges that Paul currently possesses almost $1.6 million dollars obtained from Antonio and representing proceeds from the out-of-trust sale of vehicles. NextGear also requests a judgment against Paul for this cash.

NextGear is requesting a monetary judgment against Antonio of almost $1.6 million dollars as well and an unspecified monetary award against him.  This request would be duplicative since NextGear already has a

judgment against Antonio for $4.5 million dollars in the Bergen County Litigation.

## III.   STATEMENT OF QUESTIONS INVOLVED

1.    Should this Court vacate the entry of default against Antonio entered by NextGear on or about November 7, 2018?

Suggested Answer:  YES

2.    Should this Court dismiss the compliant on any of the following grounds:  lack of personal jurisdiction, improper venue, forum non-convenience the "Full Faith and Credit" Doctrine, and the Doctrine of Abstention?

Suggested Answer:  YES

## IV.   ARGUMENT

A. **The Court should set aside the entry of the default against Antonio.**

A court may set aside the entry of default judgment pursuant to Federal Rule of Civil Procedure 55(c) on a showing of "good cause." *Fed.R.Civ.P.* 55(c).  "This provision vests the Court with broad discretion in deciding whether to set aside an entry of default." *Momah v. Albert Einstein Med. Ctr.,* 161 F.R.D. 304, 307 (E.D. Pa. 1995) (citation omitted). The Court evaluates four factors: (1) whether lifting the default would prejudice plaintiff; (2) whether defendant asserted a meritorious defense; (3) the

culpability of defaulting defendant; and (4) the effectiveness of alternative sanctions. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citations omitted). "Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits." *Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 283 (E.D. Pa. 2002) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

A plaintiff is prejudiced when he can establish that their claim would be "materially impaired because of the loss of evidence, an increased potential for fraud and collusion, substantial reliance on the entry of default, or other substantial factors." Collura v. Ford, 303 F.R.D. 57, 76 (E.D. Pa. 2014) (quoting *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001)). Having to litigate the case on its merits is not sufficient prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000).

To "show a litigable defense, a defendant must allege facts which, if established, would enable Defendant to prevail in the action." *Olivia B. ex rel. Bijon B. v. Sankofa Acad. Charter Sch.*, Civ. A. No. 14-867, 2014 WL 5639508, at *4 (E.D. Pa. Nov. 4, 2014). While a defendant must "present specific facts" related to a defense, the defendant is not required to "prove

beyond a shadow of a doubt that they will win at trial." *Jackson*, 211 F.R.D. at 284. (finding the PSTCA and the statute of limitations, along with other defenses, sufficient to set aside entry of default).

"Mere negligence alone on the part of the defendant is not sufficient to sustain a finding of culpable conduct." *Olivia B.,* 2014 WL 5639508, at * 7. Rather, the defaulting party must have acted "willfully or in bad faith" to show culpable conduct. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Further, the Court will take into account whether the conduct is attributable to the defendant or solely to defense counsel. See *Jackson*, 211 F.R.D. at 284 (citing *Momah*, 161 F.R.D. at 308 and *Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985).

To deter similar behavior in the future, the Court must examine whether alternative sanctions are warranted. Generally, the use of alternative sanctions is limited to serving as a "wake-up call" to defendants. *Foy v. Dicks*, 146 F.R.D. 113, 117 (E.D. Pa. 1993). If the Defendants have not acted in bad faith, the imposition of alternative sanctions would be inappropriate at this juncture. See *Allstate Ins. Co. v. Ervin*, No. 05-2800, 2006 WL 557715, at *3 (E.D. Pa. Mar. 2, 2006).

In this matter, lifting the default would not prejudice NextGear. NextGear has a judgment against Antonio in the Bergen County Litigation. NextGear is attempting to revert a real estate transaction between Antonio and Paul. The property will not be lost, impaired, or an increase for fraud or collusion. NextGear has filed a lis pendens against the property, and the likelihood of transfer is extremely unlikely.

Antonio has established a defense including lack of personal jurisdiction, which is sufficient to set aside the entry of default. Both Paul and Antonio were consistently in the process of obtaining counsel, obtaining local counsel, and drafting the responsive pleadings. Defense counsel advised NextGear's counsel to extend the time for the answer, but NextGear's counsel extended the time as to Paul, but not to Antonio. Both defense counsel have been working diligently in order to file the responsive pleadings. As such, there is nothing in the record to suggest "culpable conduct," "willful," or "bad faith" by Antonio.

Further, "alternative sanctions" should not be implemented since Antonio does not need a "wake up call" and has taken active steps to address this matter. Therefore, the entry of the default by NextGear against Antonio should be vacated.

**B. The Court Does Not Have Personal Jurisdiction Over Antonio.**

Service of process rules of the state where the court sits govern personal jurisdiction issues. *AMP Inc. v. Methode Elecs., Inc.*, 823 F. Supp. 259, 262 (M.D. Pa. 1993).  With non-resident defendants, Pennsylvania's long-arm statute, 42 *Pa.C.S.A.* § 5322(b), permits courts to exercise personal jurisdiction "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992).

Personal jurisdiction is a fact-specific inquiry with the focus on the relationship among the defendant, the forum state and the litigation.  *AMP*, supra at 262. Once a defendant has properly raised a jurisdictional defense, the plaintiff bears the burden of proving, either by affidavits or other competent evidence, sufficient contact with the forum state to establish personal jurisdiction. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1989), cert. denied, 498 U.S. 847 (1990).  To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction').  *Provident*

*Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

Specific jurisdiction is evoked when the cause of action arises directly from forum activities constituting "minimum contacts." Surgical Laser Tech. v. C.R. Bard, Inc., 921 F. Supp. 281, 283 (E.D. Pa. 1996). The constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activity within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This "purposeful availment" requirement ensures that a non-resident defendant will not be subject to jurisdiction, and thus "haled into" this District Court solely as a result of "random," "fortuitous," or "attenuated" contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

General jurisdiction is evoked when the defendant's contacts are "continuous and systematic." *Novacare, Inc. v. Strategic Theracare Alliance*, 1999 U.S. Dist. LEXIS 6108, 1999 WL 259848 at *27 (E.D. Pa. April 30, 1999). The general jurisdiction threshold, however, is much higher

than that for specific jurisdiction, as the facts required to assert general jurisdiction must be "extensive and pervasive." *Id*.  The court should look to the nature and quality of business contacts the defendant has initiated with the forum: direct sales in the forum, maintenance of a sales force in the state, advertising targeted at the residents of the forum state, and the derivation of a significant slice of revenue from activity within the state.  *Id*.

The "exercise of jurisdiction over the non-resident defendant must also be consistent with 'traditional notions of fair play and substantial justice' whether specific or general jurisdiction is invoked." *AMP*, supra, 823 F. Supp. at 262.

Neither Antonio nor Paul has any 'continuous and systematic' contacts within Pennsylvania. They reside in New Jersey and their businesses are located in New Jersey. There is no allegation that Paul ever entered Pennsylvania with respect to the conveyance of the Property. Antonio's Declaration establishes that all documents to effect conveyance of the Property were executed in New Jersey. Similarly, all transfers of cash occurred in New Jersey. There is no allegation otherwise or that Antonio holds the cash in an account in Pennsylvania.

Neither Paul nor Antonio has submitted to the jurisdiction of Pennsylvania, and any contact of either defendant is a random, fortuitous, or

attenuated contact. There are no contacts "regularly made" between Paul and or Antonio and Pennsylvania since there was no advertisement, no offices, no locations, and no "regular" contact made by them in Pennsylvania.

In so far as general jurisdiction is concerned, there is nothing that either Paul nor Antonio did that would create "continuous and systematic" contact.  NextGear cannot demonstrate that there was "continuous and systematic" contact by the either Paul or Antonio in Pennsylvania nor that it was "extensive and pervasive."  Neither Paul nor Antonio direct sales, maintenances of a sales force, advertise to target residence, or derive a significant slice of revenue from activities in Pennsylvania.

It would offend the notions of fair play and substantial justice to require Antonio to defend in Pennsylvania since there is already a New Jersey Litigation commenced by the Plaintiff.  The New Jersey Litigation was pending for two years.  Further, Antonio does not own any property in Pennsylvania, or any other type of asset that would substantiate any type of personal jurisdiction against him.

## C. The Proper Venue for this Action is the State of New Jersey.

*Fed.R.C.P.* 12(b)(3) permits a court to dismiss a complaint for improper venue. 28 USC § 1391 provides as follows:

(b) Venue in general.--A civil action may be brought in—

(.1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(.2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(.3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

NextGear alleges that venue in the Middle District is proper because the Property is located in this district. Complaint ¶ 6. However, section (b)(2) requires that a substantial part of property that is the subject of the action be situated in this district. The complaint alleges that Antonio purchased the Property for $76,000. Yet NextGear seeks to recover almost an additional 1.6 million dollars in cash from Paul and the same amount from Antonio. Complaint, Counts III and IV, Prayer for Relief. The Property, which is the only connection that NextGear's claims have to Pennsylvania, represents less than five percent of the total value of its claim ($1,676,000), hardly a "substantial" part of the property (real estate and cash) that is the subject of this action.

The test for venue under 28 USC § 1391(a)(2) is not the defendant's 'contacts' with a district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Moreover, the statute demands

that those events or omissions be substantial by looking at the nature of the dispute.  Id. at 295.

In this matter, "where the defendant resides" favors New Jersey as a venue since both defendants reside in New Jersey, "events giving rise to the claim" favors New Jersey as all of the events occurred in New Jersey, and "personal jurisdiction" favors New Jersey.

When determining the location of those 'events or omissions giving rise to the claim,' all of the events or omissions occurred in New Jersey.  There is no dispute that substantially all of the events or omissions occurred in New Jersey by the Plaintiff or any of the Defendants.

Even if the Court looks at the transfer of the property and the use of the funds from LHI as a form of contract, all of the factors still favor New Jersey.  The contract was negotiated and executed in New Jersey, the contract performance was in New Jersey, and the breach if any, occurred in New Jersey.  Nothing of substance occurred in Pennsylvania.

Paragraph 4 of the complaint alleges "Paul and Antonio are subject to personal jurisdiction in Pennsylvania because this dispute revolves around the improper transfer of real estate occurring in Pennsylvania and the improper receipt of funds by Paul as part of the same scheme involving the purchase of the subject real estate." First, the Antonio's acts conveying the

Property occurred in New Jersey. Second, the cash transfers all occurred in New Jersey. As with the personal jurisdiction argument, the only connection that NextGear's claims have with Pennsylvania is the Property. All of the other acts that Next Gear alleges occurred in New Jersey. The alleged "improper transfer," the alleged "improper receipt of funds by Paul," the alleged "the scheme," and "the purchase of the subject real estate" occurred in New Jersey.

Even if venue is proper in the Middle District venue should be transferred to the United States District Court for the District of New Jersey based on forum non-convenience. A forum non-convenience determination generally involves assessment of four factors: "'(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum . . .; (3) relevant private interest factors affecting the convenience of the litigants; and (4) relevant public interest factors affecting the convenience of the forum.'" *Doe*, 666 F.App'x at 182.

The New Jersey forum is adequate for everyone involved including NextGear. All of the defendants and the defendants' witnesses are in New Jersey as all of the acts giving rise to NextGear's claims took place in New Jersey. Also, all of NextGear's witnesses are either in New Jersey or can easily access New Jersey. No witnesses are located in the Middle District.

As to any public interest in Pennsylvania, there is none. Pennsylvania has no interest in determining a controversy when the only connection to Pennsylvania is the Property. There is no Pennsylvania resident or business that will be impacted by the decision.

### D. The Case should be dismissed as to Antonio pursuant to "Full Faith and Credit" Doctrine.

The Supreme Court has clearly held that state court proceedings should be given preclusive effect in subsequent federal court litigation. See *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85-87 (1984) (claim preclusion); *Allen v. McCurry*, 449 U.S. 90, 97-98 (1980) (issue preclusion). This is because 28 *USC* § 1738 requires federal courts to give the same preclusive effect to a prior state court decision as the court in the state where the decision was rendered. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) ("When a prior case has been adjudicated in a state court, federal courts are required by 28 *USC* § 1738 to give full faith and credit to the state judgment and, in [§] 1983 cases, apply the same preclusion rules as would the courts of that state.") (citing *Allen*, 449 U.S. at 95-105).

Under the doctrine of collateral estoppel, or issue preclusion, a final judgment forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior

judgment, even if the issue recurs in the context of a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001).

The issue regarding the property should have been litigated in the Bergen County Litigation, not in this federal court. This is a separate claim against Antonio brought by NextGear. Under the doctrine of collateral estoppel, or issue preclusion, a final judgment forecloses Plaintiff from this successive litigation in the Pennsylvania federal court of an issue of fact or law actually litigated and resolved in the New Jersey litigation, even if the issue recurs in a context of a different claim as it relates to the Pennsylvania property. Therefore, this federal action should be dismissed as the judgments against Antonio and Edith do not encompass the Pennsylvania Property.

### E. The Court Should Abstain from Exercising Jurisdiction.

This Court may properly invoke the doctrine of abstention, first enunciated in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), to stay or dismiss a federal action because of a pending state action where, as in the case at bar, such action will avoid duplicative litigation, promote sound and economical allocation of judicial resources, and remove any need for this court to resolve issues of state law. *Entex Indus., Inc. v. Warner Commc'ns*, 487 F. Supp. 46, 48 (C.D. Cal 1980).

The decision to dismiss or to stay this action under the doctrine of abstention is addressed to this Court's discretion and in exercising said discretion this Court may consider, and has considered, not only priority of litigation but also "the totality of the issues before the respective courts, the convenience of parties litigant, the prospect of early completion of the litigation . . . ." and all other aspects which bear on the fairness of litigation to all concerned. *Id*. at 49.

In *Entex Indus.*, supra, the Court concluded that taking all those matters into account the issues between the parties can be more properly resolved in the pending state action, and that abstention by this Court through dismissal of this federal action will promote judicial administration of justice without inconveniencing or prejudicing any of the parties herein. *Id*.

Based upon the above analysis, this Court should exercise the doctrine of abstention and dismiss this case as to Antonio.

## V.      CONCLUSION

This case involves citizens and residents of the State of New Jersey who are alleged to have engaged in acts of fraud and conversion in the State of New Jersey. The only connection that this case has to Pennsylvania is the Property. While NextGear claims that is no ability to protect its claim to the

Property, NextGear can file a lis pendens in Monroe County to protect its alleged interest in the Property pending the outcome of any litigation in New Jersey. The Bergen County Superior Court is the proper forum for NextGear's claims as the same claims asserted against Antonio in this action already have been litigated in that court and as, such, it is the not only the proper but most appropriate forum for the resolution of NextGear's claims against Paul. Antonio's motion to dismiss should be granted or, in the alternative, this case should be transferred to the United States District Court for the District of New Jersey.

Dated:  December 21, 2018                 Respectfully Submitted:

                                          Grabowski Law Offices, LLC

                                By:    */s/ Walter T. Grabowski*
                                          Walter T. Grabowski
                                          Pa. Attorney ID 28296
                                          61 N. Washington Street
                                          Wilkes-Barre, PA 18701
                                          (570) 606-6100
                                          (570) 606-6106 FAX
                                          walter@grabowskilawoffices.com
                                          Attorneys for Defendants

OF COUNSEL:
Borce Martinoski, Esq.
75 Essex Street, Suite 220
Hackensack, NJ 07601
(201) 343-7237
(201) 342-2727 FAX
martinoskilaw@gmail.com

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                        :
NEXTGEAR CAPITAL, INC.                  :        CIVIL ACTION
                                        :
                Plaintiffs              :        3:18-CV-01617-MEM
                                        :        (Judge Mannion)
        vs.                             :
                                        :
ANTONIO L. GUTIERREZ, PAUL              :
GUTIERREZ,                              :        ELECTRONICALLY FILED
                                        :
                Defendants.             :
_____        :

## CERTIFICATION

I hereby certify that the foregoing brief complies with the word-count

limit of local Rule 7.8(b)(2) and that it contains 3,567 words.

                        Respectfully Submitted:

                        Grabowski Law Offices, LLC

             By:    */s/ Walter T. Grabowski*
                    Walter T. Grabowski
                    Pa. Attorney ID 28296
                    61 N. Washington Street
                    Wilkes-Barre, PA 18701
                    (570) 606-6100
                    (570) 606-6106 FAX
                     walter@grabowskilawoffices.com
                    Attorneys for Defendants