**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
By:     Nicholas M. Gaunce, Esq.
*Physical Address*: 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address*: P.O. Box 5404, Princeton, NJ 08543
*Telephone:* (609) 392-2100
*E-mail: ngaunce@eckertseamans.com*
(609) 989-5058 (Telephone)
(609) 392-7956 (Facsimile)
**Attorneys for Plaintiff, NextGear Capital, Inc.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| NEXTGEAR CAPITAL, INC., | : CIVIL ACTION |
| | : |
|      Plaintiff, | : CASE NO.: 3:18-cv-01617 |
| | : |
| v. | : (Judge Mannion) |
| | : |
| ANTONIO L. GUTIERREZ; PAUL GUTIERREZ, | : ELECTRONICALLY FILED |
| | : |
|      Defendants. | : |
| | : |

**BRIEF OF PLAINTIFF, NEXTGEAR CAPITAL, INC. IN OPPOSITION TO MOTION
TO DISMISS OF DEFENDANT, ANTONIO L. GUTIERREZ**

**I.     PROCEDURAL HISTORY**

The plaintiff, NextGear Capital, Inc. ("NextGear"), instituted this fraudulent-transfer action on August 16, 2018.  NextGear named two individuals, Antonio L. Gutierrez and Paul Gutierrez, as defendants.  Through its complaint, NextGear seeks the recovery of monetary judgments against both defendants, along with the appointment of a receiver and related relief concerning a second home located in the Poconos at 5334 Delia Ter., East Stroudsburg, PA 18301 (the "Poconos Property").  Currently, the Poconos Property is owned by Paul Gutierrez and was transferred to him by his brother, Antonio Gutierrez, on September 28, 2016, mere days

before a large credit line on which Antonio Gutierrez guaranteed repayment was locked due to multiple defaults stemming back to June of 2015.

Previously, on April 30, 2018, NextGear obtained a consent judgment against Antonio Gutierrez in the amount of $4,500,000.00 as a result of an action that has been pending in the Superior Court of New Jersey since October 12, 2016 (the "New Jersey Action"). (Exhibit Q to NextGear's Complaint, April 30, 2018 Consent Judgment).[1] The New Jersey Action involves claims against Antonio Gutierrez and his wife, Edith Gutierrez, concerning a fraudulent transfer of real estate in New Jersey, a commercial automobile dealership lot located at 335 Grand Avenue, Leonia, New Jersey 07605 (the "Commercial Property"),[2] and Antonio Gutierrez's misappropriation of more than $2,000,000.00 in funds owed to NextGear by a now-closed automobile dealership owned by Antonio Gutierrez, Luxury Haus, Inc. ("LHI"), along with other funds due to NextGear. (See Exhibit D to the Declaration of Paul Gutierrez, e-Courts Case Summary).[3]  NextGear's request for the appointment of a receiver as to the Commercial Property currently remains pending before the New Jersey Superior Court. (Exhibit H to the Declaration of Paul Gutierrez, October 26, 2018 Judgment).

NextGear instituted this action against Antonio Gutierrez and Paul Gutierrez having discovered after April 30, 2018 that Antonio Gutierrez transferred the Poconos Property to his brother, Paul Gutierrez, less than a week before his company's credit line with NextGear was locked. (NextGear's Compl. at ¶¶ 11, 31). NextGear served its complaint upon Antonio Gutierrez on September 28, 2018 and Paul Gutierrez on October 1, 2018. (October 4, 2018

---

[1]    NextGear's Complaint refers to the document NextGear filed as ECF No. 1 under the above case.

[2]    The Commercial Property is not the subject of NextGear's complaint in this district.

[3]    This citation refers to the documents filed by Paul Gutierrez with this Court on November 21, 2018 as ECF Nos. 10 through 18.

Proofs of Service, ECF Nos. 5 & 6).  On October 25, 2018, without either defendant filing an answer or other responsive pleading, NextGear served a request for a concurrence upon the defendants, along with a full copy of its proposed motion to enter default.  (Exhibit A to the January 4, 2019 Declaration of Nicholas M. Gaunce, Esq. ("1/4/2019 Gaunce Declaration"), October 25, 2018 Correspondence and Enclosures).[4]  On October 31, 2018, NextGear received both a phone message from Paul Gutierrez and an e-mail from his counsel, Borce Martinoski, regarding an extension for the "defendant."  (See October 31, 2018 E-mail of Borce Martinoski, ECF No. 20-1).  NextGear granted an extension to Paul Gutierrez.  (See November 1, 2018 E-mail of Nicholas M. Gaunce, ECF No. 20-1).  No one requested an extension as to Antonio Gutierrez's responsive pleading deadline.

Having received no response as to its request for concurrence from Antonio Gutierrez, NextGear filed a motion for the entry of default against Antonio Gutierrez on November 6, 2018. (November 6, 2018 Motion for Entry of Default, ECF Nos. 7, 7-1, 7-2, 7-3).  On November 7, 2018, this Court entered default against Antonio Gutierrez.  (November 7, 2018 Entry of Default, ECF No. 8).  On December 7, 2018, Antonio Gutierrez filed his present motion to vacate default and to dismiss.  (December 7, 2018, Motion to Set Aside Entry of Default and Motion to Dismiss, ECF Nos. 20 – 20-8).  NextGear now opposes Antonio Gutierrez's motion to dismiss.

---

[4]   This citation refers to the declaration and exhibits filed with the present opposition, not the declaration and exhibits attached to the December 19, 2018 declaration submitted in opposition to the motion to dismiss of Paul Gutierrez.

3

## II.    FACTUAL BACKGROUND

NextGear's business relationship with Antonio Gutierrez began on March 20, 2014.  On that date, NextGear extended a $12,000,000.00 floor-plan financing credit line to LHI. (NextGear's Compl. at ¶ 7).  The objective of this credit line was to allow LHI to purchase inventory for resale to retail customers with NextGear being repaid after a financed vehicle was sold.  (*Id.*).  Antonio executed a personal guaranty in connection with this credit line.  (*Id.* at ¶ 9).

In June of 2015, LHI first defaulted on its NextGear credit line when suspicious activity occurred on its account, including LHI submitting to NextGear fraudulent bills of sale falsely stating inflated sale prices for vehicles sold to retail customers.  (NextGear's Compl. at ¶ 10). Eventually, due to multiple defaults, LHI's credit line with NextGear was locked on October 3, 2016, and NextGear filed the New Jersey Action on October 12, 2016 after it received confirmation that LHI had been selling financed vehicles "out of trust."[5]  (*Id.* at ¶ 15).  The State of New Jersey also filed criminal charges against Antonio Gutierrez.  (*Id.* at ¶¶ 16 – 20).

As part of discovery in the New Jersey Action, NextGear deposed Antonio Gutierrez's brother, Paul Gutierrez, the corporate secretary for LHI.  (NextGear's Compl. at ¶ 21).  Paul did admit to being given $2,000,000.00 by his brother to "hold."  (*Id.* at ¶ 22).  Paul further testified that he divided these funds between two bank accounts for limited liability companies which he controlled.  (*Id.* at ¶ 23).  Paul did not mention anything about the Poconos Property.  (Exhibit F to NextGear's Compl., Dep. Trans. of Paul Gutierrez).  Following Paul's deposition, NextGear served document subpoenas upon PNC Bank and TD Bank, the two institutions identified by Paul, seeking bank records related to Paul's testimony.  (Exhibit A to the December 19, 2018 Declaration of Nicholas M. Gaunce, Esq. ("12/19/18 Gaunce Declaration"), April 12, 2017

---

[5]    In this context, "out of trust" means that LHI would sell vehicles subject to NextGear's credit line without remitting payment to NextGear as required.

Document Subpoenas).  NextGear received a no-records response from both TD Bank and PNC

Bank on or about April 26, 2017.  (12/19/18 Gaunce Declaration at ¶ 3).

After NextGear received banking records from another financial institution in late

January of 2018, Freedom Bank, NextGear discovered, for the first time, documentary evidence

that the previous subpoena response it received from TD Bank was wrong.  (Exhibit B to

12/19/18 Gaunce Declaration, March 30, 2018 Document Subpoena); (12/19/18 Gaunce

Declaration at ¶ 5).  NextGear then served a new subpoena upon TD Bank, (Exhibit B to

12/19/18 Gaunce Declaration, March 30, 2018 Document Subpoena), and received a response to

its new subpoena on April 25, 2018.  (Exhibit C to 12/19/18 Gaunce Declaration, April 24, 2018

Letter).  This response contained the records attached as Exhibit G to NextGear's current

complaint.  (12/19/18 Gaunce Declaration at ¶ 6).

Six days before, on April 19, 2018, the court in the New Jersey Action held its first

settlement conference, which resulted in the entry of NextGear's $4,500,000.00 consent

judgment against Antonio Gutierrez and in a settlement being placed on the record as to Antonio

Gutierrez's wife, Edith Gutierrez, on May 7, 2018.  (Exhibit D to 12/19/18 Gaunce Declaration,

April 4, 2018 Case Management Notice); (Exhibit E to 12/19/18 Gaunce Declaration, Transcript

of Settlement); (12/19/18 Gaunce Declaration at ¶¶ 7 - 8).  On May 8, 2018, NextGear first

discovered the existence of deeds transferring the Poconos Property to Antonio Gutierrez in

April of 2016 and then transferring it from Antonio Gutierrez to Paul Gutierrez in September of

2016.  (1/4/19 Gaunce Declaration at ¶ 10); (Exhibit M to NextGear's Compl., April 8, 2016

Recorded Deed); (Exhibit N to NextGear's Compl., September 28, 2016 Recorded Deed).

After Edith Gutierrez failed to abide by the terms of her settlement, NextGear filed a

motion to enforce its settlement against her, along with seeking the appointment of a receiver to

sell the Commercial Property.   (Exhibit D to Paul Gutierrez Declaration, August 13, 2018 Docket Entry).  In making its motion, NextGear relied upon a transcript of the settlement reached on the record on May 7, 2018.   (Exhibit E to 12/19/18 Gaunce Declaration, Transcript of Settlement).   On October 26, 2018, a monetary judgment in the amount of $507,634.61 was entered against Edith Gutierrez.  (Exhibit H to Paul Gutierrez Declaration, Order for Judgment). The court reserved decision on the receivership issue.  (*Id.*).

NextGear continues to conduct post-judgment discovery.  NextGear's ongoing activities include receiving a subpoena response from TD Bank recently on December 26, 2018 containing additional records related to Paul Gutierrez's receipt of funds from LHI.   (Exhibit F to 12/19/2018 Gaunce Declaration, November 30, 2018 Document Subpoena); (12/19/18 Gaunce Declaration at ¶¶ 13 - 14); (1/4/19 Gaunce Declaration at ¶ 4); (Exhibit B to 1/4/19 Gaunce Declaration, December 20, 2018 Letter from TD Bank).  These additional records contained bank checks which confirmed that, in addition to two limited liability companies owned by Paul Gutierrez receiving funds, Paul Gutierrez also personally profited from his brother's misappropriation of funds as evidenced by two bank checks totaling $56,623.00 which were made out personally to Paul Gutierrez and deposited in Paul Gutierrez's financial institution, Alliant Credit Union, after NextGear filed its original complaint in the New Jersey Action. (Exhibit C to 1/4/19 Gaunce Declaration, October 19, 2016 and October 26, 2016 Checks); (1/4/19 Gaunce Declaration at ¶ 4).  NextGear still has subpoenas directed to Freedom Bank, Alliant Credit Union, and Capital One that remain outstanding and are related to Paul Gutierrez's receipt of funds.   (Exhibit D to 1/4/19 Gaunce Declaration, Document Subpoenas); (1/4/19 Gaunce Declaration at ¶ 5).

As part of the New Jersey Action, Antonio Gutierrez's wife, Edith Gutierrez, submitted documents to the Court relating to Antonio Gutierrez's pending divorce action. (Exhibit E to 1/4/19 Gaunce Declaration, Certification of Edith Gutierrez). In her certification, Edith Gutierrez stated that she commenced her divorce action in December of 2015 by obtaining a temporary restraining order against Antonio Gutierrez "due to domestic violence." (*Id.* at ¶ 23). Mrs. Gutierrez also stated that a Final Restraining Order was entered on January 13, 2016. (*Id.* at ¶ 24). Mrs. Gutierrez filed a copy of her final restraining order against Antonio Gutierrez as part of a pleading in the New Jersey Action. (Exhibit F to 1/4/19 Gaunce Declaration, January 13, 2016 Final Restraining Order). This document confirmed that a final restraining order was entered against Antonio Gutierrez on January 13, 2016, and this document further confirmed that Mrs. Gutierrez filed a divorce action on December 23, 2015. (*Id.* at p. 1).

Like his brother, Antonio Gutierrez at least admits that NextGear alleges that he "used $76,000.00 that he obtained from selling vehicles out-of-trust to purchase a residential property in Monroe County." (Antonio Gutierrez's Brief at p. 2).[6]

---

[6]    This citation refers to the brief filed by Antonio Gutierrez on December 21, 2018 as ECF No. 25.

**STATEMENT OF THE QUESTION INVOLVED[7]**

    1.      Do any of the doctrines cited by Antonio Gutierrez warrant dismissal or transfer?

    **Suggested Answer:**   NO.

**III.    STANDARD OF REVIEW ON A MOTION TO DISMISS**

    A motion to dismiss may only be granted if the complaint does not "contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly,* 550 *U.S.* 544, 570 (2007).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Phillips v. County of Allegheny,* 515 *F.3d* 224, 234 (3rd Cir. 2008). While the complaint itself remains the primary focus of a motion to dismiss, a court may also consider attachments to the complaint, documents referenced in the complaint, and public records, when ruling upon such a motion.  *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.,* 810 *F.3d* 116, 127 (3rd Cir. 2016).  On a motion to dismiss, "[t]he issue is…whether the claimant is entitled to offer evidence to support the claims."  *In re: Rockefeller Ctr. Props., Inc.,* 311 *F.3d* 198, 215 (3rd Cir. 2002).  For affirmative defenses like a preclusion doctrine to justify dismissing a complaint, the affirmative defense must be "obvious on the face of the complaint." *Irish v. Ferguson,* 970 *F. Supp. 2d* 317, 353 n.43 (M.D. Pa. 2013).

    Here, for the variety of reasons outlined below, Antonio Gutierrez's affirmative defenses fail on their merits and are certainly not clear "on the face of [NextGear's Complaint]."  *See Irish*, *supra,* 970 *F. Supp. 2d* at 353 n.43.  Antonio Gutierrez's motion must be denied.

---

[7]    NextGear does not oppose Antonio Gutierrez's request to vacate the default entered against him.  NextGear would prefer that this matter be disposed of on the merits as it views Antonio Gutierrez as having no valid defense to its current claims, especially as to the Poconos Property.

## IV.    LEGAL ARGUMENT

### A.    The Doctrine of Collateral Estoppel Does Not Bar the Present Suit.

Concerning his substantive arguments, Antonio Gutierrez raises only one new theory that his brother, Paul Gutierrez, did not assert as part of his motion to dismiss.  Specifically, Antonio Gutierrez contends that all claims brought against him in the present action are barred by the doctrine of collateral estoppel.  (Brief of Antonio Gutierrez at p. 14 – 15).  On this point, Antonio Gutierrez asserts that "[t]he issue regarding the [Poconos Property] should have been litigated in the Bergen County Litigation, not in this federal court" because "[u]nder the doctrine of collateral estoppel, or issue preclusion, a final judgment forecloses Plaintiff from this successive litigation in the Pennsylvania federal court."  (*Id.* at p. 15).  Antonio Gutierrez is wrong.

Issue preclusion applies when:

(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment. [*In re: Braen*, 900 *F.2d* 621, 628 – 629 n.5 (3rd Cir. 1990).]

As to the first element of the doctrine of collateral estoppel, "[i]dentity of the issues is established by showing that the same general rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules."  *Suppan v. Dadonna*, 203 *F.3d* 228, 233 (3rd Cir. 2000).  To defeat a finding of legal identity of issues, "the difference in the applicable legal standards must be 'substantial'" *Raytech Corp. v. White*, 54 *F.3d* 187, 191 (3rd Cir. 1995).  A difference is "substantial" if "the standards governing them are significantly different."  *Id.*  A finding of factual identity, on the other hand, is defeated if a party "would have to introduce different evidence to prove the issue in this litigation than was required in the prior action."  *Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*, 453 *F.2d* 1177, 1183 (3rd Cir. 1972).

Concerning the second element of issue preclusion, the United States Supreme Court has stated that, in the case of judgments entered by consent, "none of the issues is actually litigated." *Arizona v. California*, 530 *U.S.* 392, 414 (2000).   To the contrary, such a judgment merely reflects an agreement by the parties to conclude litigation.   *Holland v. New Jersey Dept. of Corrs.*, 246 *F.3d* 267, 277 (3rd Cir. 2001)(stating that a consent judgment "is a hybrid of a contract and a court order," embodying the agreement of the parties).   Because the entry into a consent judgment may be motivated by several factors, a court may deem an issue "fully litigated" only if the language of a consent judgment expressly manifests such an intent. *Arizona*, *supra*, 530 *U.S.* at 414.   To satisfy this standard, the judgment must contain express language in which the defendant admits "to specific [mis]conduct" or the Court makes "specific factual findings."   *United States v. Rocky Mt. Holdings, Inc.*, 782 *F. Supp. 2d* 106, 117 (3rd Cir. 2011)(holding that a consent judgment acknowledging the existence of a tax debt did not later preclude a challenge to a particular transfer as fraudulent).

In this case, the judgment entered against Antonio Gutierrez clearly does not qualify for collateral estoppel effect.   This judgment was entered upon consent and did not contain any language where Antonio Gutierrez admitted to specific misconduct or the Court made specific factual findings.   To the contrary, this consent judgment simply provides that "[j]udgment is hereby entered against defendants, The Luxury Haus, Inc. and Antonio L. Gutierrez, jointly and severally…in the amount of $4,500,000.00."   (Exhibit O to NextGear's Compl., Consent Judgment).   This judgment does not have preclusive effect.

Also, the judgment entered against Edith Gutierrez does not have preclusive effect because the issues involved are plainly different.   To obtain its judgment against Edith Gutierrez, NextGear was forced to file a motion to enforce the terms of a settlement that was reached on the

10

record between Edith Gutierrez and NextGear on May 7, 2018 in the New Jersey Action. (Exhibit G to the 1/4/19 Gaunce Declaration, August 13, 2018 Motion to Enforce Settlement). To establish its right to relief there, NextGear had to factually rely upon the oral settlement placed on the court record, (Exhibit E to 12/19/18 Gaunce Declaration, Transcript of Settlement), and had to apply New Jersey's common law regarding the enforcement of settlements.  (Exhibit G to 1/4/19 Gaunce Declaration, August 13, 2018 Letter Brief in Support of Motion to Enforce Settlement at p. 4).  By contrast, in this case, NextGear will need to prove that the transfer of the Poconos Property on September 28, 2016 violated the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), 12 *Pa.C.S.A.* § 5104, *et. seq.*  (NextGear Compl. at ¶¶ 37 – 50).  To do this, NextGear will have to factually rely upon such things as the recorded deeds that are attached to its complaint and any documents related to the two real estate transactions involved, evidence not needed to obtain a judgment against Edith.

In any event, the judgments entered in the New Jersey Action could not have preclusive effect for want of subject matter jurisdiction.  The United States Court of Appeals for the Third Circuit has recently held that "Pennsylvania's preclusion law appears to require subject matter jurisdiction in the first proceeding for a decision made in that proceeding to have preclusive effect."  *Metro Edison Co. v. PA PUC*, 767 *F.3d* 335, 357 – 358 (3rd Cir. 2014).[8]  As NextGear explained in its opposition brief filed against Paul Gutierrez's motion to dismiss, and repeats below, this Court is the one that has subject matter jurisdiction over the Poconos Property, not the court in the New Jersey Action.  *See In re: School Asbestos Litigation*, 921 *F.2d* 1310, 1319 (3rd Cir. 1990)(holding that that an action over property "may only be prosecuted where the thing

---

[8]      A district court exercising diversity jurisdiction, such as this Court here, applies the "preclusion law of the state in which it sits."  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 *U.S.* 497, 508 – 509 (2001).

on which they are found is situated"); *General Electric Capital Corp. v. East Coast Yacht Sales, Inc.*, 757 *F. Supp.* 19, 20 (E.D. Pa. 1991)(denying a motion for the issuance of a writ of seixure where the assets subject to seizure were located outside Pennsylvania).  Because of this, any prior judgment entered against anyone in the New Jersey Action cannot have preclusive effect here.

Furthermore, Antonio Gutierrez's preclusion defense is barred because continuing post-judgment discovery in the New Jersey Action reveals that wrongful conduct occurred after NextGear filed its initial complaint in the New Jersey Action on October 12, 2016.  The United States Court of Appeals for the Third Circuit has announced a "bright-line" rule for the application of preclusion defenses and has held that "*res judicata*[9] does not bar claims that are predicated on events that postdate the filing of the initial complaint[.]"  *Morgan v. Covington*, 648 *F.3d.* 172, 178 (3rd Cir. 2011); *Smith v. Potter*, 513 *F.3d* 781, 783 (7th Cir. 2008)(stating that "[r]es judicata does not bar a suit based on claims that accrue after a previous suit was filed").

Here, any preclusion doctrine is clearly inapplicable to NextGear's current claims because its current claims involve misconduct that occurred after October 12, 2016.  Specifically, NextGear alleges here that the unlawful conversion of its funds continued at least "through March 15, 2017."  (NextGear's Compl. at ¶ 26).  Given this, Antonio Gutierrez cannot defeat NextGear's current claims simply by attempting to argue that it should have amended its complaint in the New Jersey action to include additional claims.  (*See* Declaration of Antonio Gutierrez at ¶¶ 31 – 40).

---

[9]	*Res judicata* encompasses issue preclusion as argued by Antonio Gutierrez here.  *Onedia Motor Freight Inc. v. United Jersey Bank*, 848 *F.2d* 414, 416 n.3 (3rd Cir. 1988).

**B.**     **This Court has Personal Jurisdiction over Antonio Gutierrez.**

Federal courts in Pennsylvania are permitted to exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of [Pennsylvania]." *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 *F.2d* 1217, 1221 (3rd Cir. 1992). 42 *Pa. Cons. Stat. Ann.* § 5322(b), the long-arm statute for Pennsylvania, grants state courts the authority to exert "personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment." *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 *F.2d* 687, 688 (3rd Cir. 1990). Thus, a district court's exercise of personal jurisdiction in Pennsylvania will be "proper as long as it d[oes] not violate due process." *Mellon Bank PSFS*, *supra*, 960 *F.2d* at 1221.

42 *Pa.C.S.* § 5322 specifically addresses the question of whether a court in Pennsylvania may exercise personal jurisdiction over a non-resident defendant when that defendant owns or owned real estate in Pennsylvania and provides:

> (a) General rule. – A tribunal of this Commonwealth may exercise personal jurisdiction over a person….who acts directly…as to a cause of action or other matter arising from such person:
>
> > (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:
> >
> > > (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or other accomplishing an object.
> > >
> > > (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit…
> >
> > ***
> >
> > > (v) The ownership, use or possession of any real property situate within this Commonwealth.

\*\*\*

(5) Having an interest in, using, or possessing real property in this Commonwealth.  [42 *Pa.C.S.* § 5322(a)(1), (5).]

Multiple courts within the Commonwealth of Pennsylvania have acknowledged that the ownership, or agreement to purchase, real estate in Pennsylvania subjects someone to personal jurisdiction in Pennsylvania for claims related to the property that is involved.  *Filsam Corp. v. Dyer*, 422 *F. Supp.* 1126, 1130 (E.D. Pa. 1976)(holding that "the agreement to purchase the Filsam property satisfies the single act requirement"); *Smithers v. Wood*, Civil No. 89-1429, 1990 *U.S. Dist.* LEXIS 10572 at \*1, \*6 - \*8 (M.D. Pa. June 20, 1990)(stating that "[s]ubection 5322(a)(5) provides for personal jurisdiction over a person who has an interest in, uses or possesses real property in the Commonwealth"); *Mack v. Mack*, No. 90 FC 00730, 1991 *Pa. Dist. & Cnty. Dec.* LEXIS 290 at \*1, \*6 (Comm. Pleas Ct., Bradford Cty. Apr. 19, 1991)(holding that the ownership of real estate in Pennsylvania permitted the exercise of personal jurisdiction over a defendant).  As the court succinctly stated in *Mack*: "[the] defendant owns a house and a parcel of real estate in…Pennsylvania.  [w]e believe that this ownership constitutes an interest in real property sufficient to confer jurisdiction."  *Mack*, *supra*, 1991 *Pa. Dist. & Cnty. Dec.* LEXIS 290 at \*6.  Plus, the United States District Court for the Eastern District of Pennsylvania in reviewing personal jurisdictional issues arising from real estate disputes has held that the entry into one agreement to transfer real estate in Pennsylvania "satisfies the single act requirement of section 8309(a)(2)."  *Filsam Corp.*, *supra*, 422 *F. Supp.* at 1130.

In this case, this Court can exercise personal jurisdiction over Antonio Gutierrez. Antonio Gutierrez does not dispute that he purchased the Poconos Property on April 8, 2016. (NextGear's Compl. at ¶ 30).  Antonio Gutierrez also does not dispute that he then transferred

the Poconos Property to his brother, Paul Gutierrez, on September 28, 2016, a matter of days before his company's substantial credit line with NextGear was locked.  (*Id.* at ¶¶ 31 – 32).  Most importantly, Antonio Gutierrez cannot dispute that specific jurisdiction exists in this case because NextGear's claims against him arise from the transfer of the Poconos Property to his brother.  (*Id.* at ¶¶ 37 – 50).  Personal jurisdiction cannot serve as a basis to dismiss NextGear's Complaint as against Antonio Gutierrez.[10]

---

[10]     For the same reasons it articulated as to its conversion claims against Paul Gutierrez, NextGear believes personal jurisdiction would exist over these same conversion claims brought against Antonio Gutierrez in this district.  (*See* December 19, 2018 NextGear's Opposition Brief to Paul Gutierrez's Motion to Dismiss at p. 8)(this cite refers to the document numbered ECF No. 24 in the above matter); *see also*, *United States v. Nazemzadeh*, Criminal No. 11 CR 5726 L, 2014 *U.S. Dist. LEXIS* 10525 at *1, *37 - *38 (S.D. Cali. Jan. 28, 2014)(holding that personal jurisdiction exists over a defendant as to money-laundering issues when funds ended up in the pertinent district).

C.  <u>**Venue is Proper in the Middle District of Pennsylvania.**</u>

Similar to his brother, Antonio Gutierrez also challenges whether the current action has been filed in the proper venue.  28 *U.S.C.* § 1391 governs venue and states, in relevant part, that:

(b) Venue in general.- A civil action may be brought in –

\*\*\*

>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]  [28 *U.S.C.*§ 1391(b)(2).]

Under subsection (b)(2) of the above statute, the events or omissions occurring in a particular district or the property situated within that district must be more than tangentially connected to the subject claims so "to preserve the element of fairness…that a defendant is not haled into a remote district having no real relationship to the dispute."  *Cottman Transmission Sys., Inc. v. Martino*, 36 *F.3d* 291, 294 (3rd Cir. 1994).  The burden of demonstrating that venue is improper is on the party that challenges venue.  *Myers v. Am Dental Ass'n*, 695 *F.2d* 716, 724 – 725 (3rd Cir. 1982).

Concerning disputes involving real property, the courts within this circuit have consistently held that venue is proper for actions affecting real estate where the "propert[y] [is] located."  *Phila. Fed. Credit Union v. Ankrah*, Civil Action No. 13-3040, 2014 *U.S. Dist.* LEXIS 21095 at \*1, \*11 (E.D. Pa. Jan. 30, 2014); *U.S. Bank N.A. v. Lighthouse Whitehall Commons, LLC*, Civil Action No. 11-cv-05054, 2012 *U.S. Dist. LEXIS* 140805 at \*1, \*4 (E.D. Pa. Sept. 28, 2012)(holding that venue in the Eastern District of Pennsylvania was proper "because a substantial part of the property that is the subject of this action, namely the Mortgaged Premises – is located in Whitehall Township, Lehigh County, Pennsylvania, which is located in this judicial district"); *East Coast Yacht Sales, Inc.*, *supra*, 757 *F. Supp.* at 20 (denying a motion for

the issuance of a writ of seizure where the assets subject to seizure were located outside Pennsylvania); *Uniroyal Goodrich Tire Co. v. Munnis*, Civil Action No. 89-2690, 1989 *U.S. Dist LEXIS 9170* at *1, *3 (E.D. Pa. 1989)(holding that actions seeking "a remedy in or to that property…requires the court to have jurisdiction over the res to afford the relief sought").  The United States Courts of Appeals for the Third Circuit has also stated that such actions "may only be prosecuted 'where the thing on which they are found is situated.'"  *In re: School Asbestos Litigation*, *supra*, 921 *F.2d* at 1319.

As NextGear explained in its opposition brief filed as to Paul Gutierrez's motion to dismiss, venue is not only proper in this district, this district is the only venue where the relief sought by NextGear can be obtained.  (NextGear's Opposition Brief to Paul Gutierrez's Motion to Dismiss at p. 9 – 11).  NextGear's claims are based, in substantial part, upon Antonio Gutierrez's transfer of the Poconos Property to his brother, Paul Gutierrez.  Then, when it comes to its first, substantive claim made against Antonio Gutierrez, NextGear specifically requests that the Court avoid the subject transfer, issue an injunction as to the Poconos Property, and appoint a receiver to sell that property.  (NextGear's Compl. at p. 10, Wherefore Clause).  Unless Antonio Gutierrez is ready to concede to the appointment of a receiver as to his brother's vacation home appraised at $168,000.00, the Poconos Property has significant value and makes this district the proper venue for this action.[11]

---

[11]    For the same reasons stated in its opposition brief as to Paul Gutierrez's motion to dismiss, NextGear believes venue is also proper in this district as to any conversion claim brought against Antonio Gutierrez. (*See* NextGear's Opposition Brief to Paul Gutierrez's Motion to Dismiss at p. 11); *see also*, *United States v. Angotti*, 105 *F.3d* 539, 544 – 545 (9th Cir. 1997)(holding that venue for matters involving money laundering can lie at the destination of the transported funds).

**D.**    **This Action Should Not be Dismissed or Transferred Based Upon Forum Non Conveniens.**

Like his brother, Antonio Gutierrez also argues that this action should be dismissed on the grounds of *forum non-conveiens*.  (Antonio Gutierrez Brief at p. 13 – 14).  Antonio Gutierrez wrongly applies this doctrine here.

*Forum non conveniens* is a common-law doctrine retained by courts to dismiss a case where that case would be more appropriately brought in a foreign court.  *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 *U.S.* 422, 432 (2007).  Generally, it is not the role of the court to deny a plaintiff his choice of forum where the plaintiff has filed his claim in conformity with statutory and constitutional jurisdictional requirements.  *Piper Aircraft Co. v. Reyno*, 454 *U.S.* 235, 258 (1981).  The doctrine of *forum non conveniens* "must be sparingly applied." *Am. Cyanamid Co. v. Picaso-Anstalt*, 741 *F. Supp.* 1150, 1155 (D.N.J. 1990).

As a threshold matter, a trial court must determine whether an adequate alternative forum is available.  *Tech. Dev. Co. v. Onischenko*, 174 *Fed. Appx.* 117, 120 (3rd Cir. 2006).  Two conditions must be satisfied to meet this adequacy requirement: (a) the defendant must be amendable to process in the alternative forum; and (b) the subject matter of the lawsuit must be cognizable in the alternative forum.  *Piper Aircraft Co.*, *supra*, 454 *U.S.* at 254.  If the proposed alternative forum offers a clearly unsatisfactory remedy, for instance when the subject matter of the suit is not cognizable in the alternative forum, such forum will be deemed inadequate.  *Id.* at 254 n.22.

Here, Antonio Gutierrez's suggested forum, New Jersey, does not vault the initial threshold related to the doctrine of *forum non conveniens*.  The only federal court which has jurisdiction over the Poconos Property is this Court.  The United States District Court for the District of New Jersey could not take any direct action against the Poconos Property because,

quite simply, it has no subject matter jurisdiction over that property.  *See East Coast Yacht Sales, Inc.*, *supra*, 757 *F. Supp.* at 20.  Thus, a federal court in New Jersey could not issue an injunction or appoint someone with authority to sell the Poconos Property.  Because these items are integral parts of the relief NextGear has requested in this case, no other forum is available to NextGear.

NextGear also disagrees that New Jersey is a more convenient forum.  When looking at this issue, this Court will review so-called "private-interest factors," such as: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of viewing premises, if viewing would be appropriate to the action; (5) enforceability of judgments; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Gulf Oil Corp. v. Gilbert*, 330 *U.S.* 501, 508 (1947).  In addition, this Court will look at the so-named "public-interest" factors, including:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws…; and the unfairness of burdening citizens in an unrelated forum with jury duty.  [*Piper Aircraft Co.*, *supra*, 454 *U.S.* at 241 n.6.]

The burden rests with Antonio Gutierrez to show that the above factors "support dismissal."  *See In re: Corel Corp., Secs. Litig.*, 147 *F.Supp. 2d* 363, 367 (E.D. Pa. 2001).

In the case at bar, the pertinent private-interest factors weigh in favor of maintaining suit in this district.  There will be key third-party witnesses with documents relevant to NextGear's claims in this district.  For instance, the law firm that handled the September 28, 2016 transfer from Antonio Gutierrez to Paul Gutierrez is located in Stroudsburg, Pennsylvania, (Exhibit N to NextGear's Compl., September 28, 2016 Deed at p. 1), and the title agency that handled Antonio Gutierrez's closing in April of 2016 is located in Scranton, Pennsylvania.  (Exhibit M to

NextGear's Compl., April 8, 2016 Deed at p. 5).  The grantors who first transferred the Poconos Property to Antonio Gutierrez also appear to be located in Monroe County.  (Exhibit M to NextGear's Compl. at p. 1)(stating that the grantors are "of the Township of Stroud, County of Monroe").  Plus, discovery will be made easier in this district as NextGear will be readily able to gain access to and inspect the Poconos Property to further review such issues as property valuation.

The enumerated public-interest factors further weigh in favor of continuing suit here in this district.  The Middle District of Pennsylvania has an inherent interest in addressing matters of real property that are located here.  *See Bailey v. Shell W. E&P Inc.*, 609 *F.3d* 710, 721 (5th Cir. 2010)(describing matters involving real property as inherently "local actions").  Plus, this district would also have a vested interest in ensuring, in this diversity case, that legal issues dealing with real property in Pennsylvania, which will be resolved by reference to Pennsylvania law, are decided by courts in Pennsylvania.  *See BA Props., Inc. v. Aetna Cas. & Sur. Co.*, 273 *F. Supp. 2d* 673, 680 (D.V.I. 2003)(recognizing that, in conflict-of-law issues involving real estate, "the law of the situs [property location]" controls because "[e]ach state…has a strong expectation that its law will be applied to questions involving interests in real property lying within its jurisdictional boundaries").  Finally, if citizens of any particular district are required to sit for jury duty for this action, it would only make sense that citizens in this district would be the ones to do so because those citizens are the ones who also assumedly own property here.

In short, dismissal or transfer for *forum non conveniens* is not warranted.

**E.**     ***Younger* Abstention is Inapplicable Here.**

Similar to his brother, Antonio Gutierrez contends that this Court should abstain from hearing the present matter because of the New Jersey Action.  (Antonio Gutierrez's Brief at p. 15 – 16).  Like his brother, Antonio Gutierrez cites a doctrine that does not apply here.

In the case of *Younger v. Harris*,[12] the United States Supreme Court held that a federal court should not enjoin a pending state criminal proceeding except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury.  *Younger v. Harris*, 401 *U.S.* 37, 43 (1971).  Since *Younger* was decided, the United States Supreme Court has applied the so-called "*Younger abstention*" principle to civil proceedings in which "important states interests are involved."  *Huffman v. Pursue, Ltd.*, 420 *U.S.* 592, 612 - 613 (1975).  Thus, for example, the principle of abstention has been applied to such matters as allowing a pending state-court civil lawsuit to proceed through a state-court appeals process where a matter of important state, constitutional law was involved, *Pennzoil Co. v. Texaco, Inc.*, 481 *U.S.* 1, 10 – 17 (1987), and allowing a state supreme court to interpret its own state law in matters of sex discrimination.  *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 *U.S.* 619, 625 – 628 (1986)(stating that "[w]e have no doubt that the elimination of prohibited sex discrimination is a sufficiently important state interest to bring the present case within the ambit of the cited authorities").  The party against whom abstention is applied must have the opportunity to actually raise their claim in the pending state-court proceeding.  *Dayton Christian Sch., Inc.*, *supra*, 477 *U.S.* at 629.

In this case, *Younger* abstention is inappropriate.  Antonio Gutierrez does not identify a single issue in the New Jersey Action which qualifies as "an important state interest."  Instead,

---

[12]     Although he is unclear about what type of abstention he is attempting to apply to the present case, Antonio Gutierrez is clearly arguing the application of *Younger* abstention due to his citation of a pending state-court civil proceeding.

that dispute revolves around one private party, a lender, NextGear, seeking to enforce its rights and collect on two judgments obtained against two, different private persons, Antonio Gutierrez and Edith Gutierrez.  Moreover, adequate relief is not available to NextGear in the New Jersey Action.  Through the present action, NextGear is seeking to execute upon the Poconos Property as the subject matter of at least one transfer made in violation of PUVTA.  Because this claim involves real estate located in Pennsylvania, there is nothing a court in New Jersey can do to directly affect this property.[13] [14]

The mere fact that Antonio Gutierrez is involved in a divorce action with his wife also does nothing to impact whether this action should proceed.  As can be seen from NextGear's present submission, Edith Gutierrez filed a divorce action against Antonio Gutierrez on December 23, 2015.  (Exhibit F to 1/4/19 Gaunce Declaration, Final Restraining Order).  As part of that divorce action, Edith Gutierrez obtained both a temporary and final restraining order against Antonio Gutierrez in December of 2015 and January of 2016, respectively, resulting from domestic violence. (Exhibit E to 1/4/19 Gaunce Declaration, Certification of Edith Gutierrez); (Exhibit F to 1/4/19 Gaunce Declaration, Final Restraining Order).  Antonio Gutierrez did not purchase the Poconos Property until April 8, 2016 and did not transfer this property to his brother until September 28, 2016.  Because the events related to the initiation of Antonio Gutierrez's divorce preceded his purchase of the Poconos Property by several months

---

[13]    For the same reasons stated in its opposition brief as to Paul Gutierrez's motion to dismiss, NextGear also believes that the doctrine of comity does not provide a basis to stay or dismiss the conversion claims pending against Antonio Gutierrez in this district.  *See Parachos v.YBM Magnex Int'l Inc.*, Civil Action No. 98-6444, 2000 *U.S. Dist. LEXIS* 3829 at *1, *18 (E.D. Pa. Mar. 28, 2000)(holding that a "parallel action" involving the same parties and issues must be present to allow the application of the doctrine of comity).

[14]    In any event, this Court has recently acknowledged that *Younger* abstention is truly an offspring of comity.  *Gochenaur v. Juniata Valley Bank*, Civil No. 1:17-cv-743, 2017 *U.S. Dist. LEXIS* 97426 at *1, *22 (M.D. Pa. June 22, 2017).  Thus, an analysis under the *Younger* abstention principle would likely be similar to an analysis under the doctrine of comity.

and involved such divisive issues as domestic violence and restraining orders, the Poconos Property cannot be considered an asset that was acquired "in pursuit of the shared enterprise of a marriage." *See Thieme v. Aucoin-Thieme*, 227 *N.J.* 269, 285 (2016)(defining a marital asset as one "which was earned, or otherwise acquired, during the period in which the parties acted in pursuit of the shared enterprise of a marriage"); *see also*, *Vander Weert v. Vander Weert*, 304 *N.J. Super.* 339, 348 (App. Div. 1997)(stating that the filing of a divorce complaint "normally defines the scope and extent of distributable marital assets").   Therefore, from a practical standpoint, a decision to proceed with the present action will not impede Antonio Gutierrez's divorce.

Moreover, and perhaps more importantly, the fact that a divorce proceeding is pending in state court will not prevent a federal court from hearing a claim over which it has jurisdiction. Recently, both the United States Court of Appeals for the Third Circuit and a district court within this circuit have confirmed that *Younger* abstention is inapplicable to state-court divorce proceedings.   *Strom v. Corbett*, Civil Action No. 14-1518, 2015 *U.S. Dist. LEXIS* 97441 at *1, *22 (W.D. Pa. May 18, 2015)(holding that *Younger* abstention is inapplicable when the underlying state-court action is a divorce proceeding); *Healy v. Attorney Gen. Pa.*, 563 *F. App'x* 139, 142 n.3 (3rd Cir. Apr. 14, 2014)(affirming that *Younger* abstention does not apply to state-court divorce proceedings after the decision of *Sprint Communications, Inc. v. Jacobs*, 134 *S. Ct.* 584 (2013)).   Given this, a pending state-court divorce action cannot affect a federal-court case that was properly filed.

F.      **The Entire Controversy Doctrine Does Not Bar the Present Suit.**

Even though he does not specifically argue it in his brief, Antonio Gutierrez, nevertheless, asserts in his declaration that "the entire controversy doctrine" bars the present case against him.   (Declaration of Antonio L. Gutierrez at ¶ 7).   Antonio Gutierrez provides no elaboration on why this doctrine applies to NextGear's current claims.

Rule 4:30A of the New Jersey Rules of Court embodies the entire controversy doctrine and states:

> ***Non-joinder of claims*** required to be joined by the entire controversy doctrine shall result in the preclusion of the ***omitted claims to the extent required by the entire controversy doctrine***.   [*N.J. Court Rule* 4:30A.]

This doctrine "'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court." *Highland Lakes Country Club & Cmty. Ass'n v. Nicastro*, 201 *N.J.* 123, 125 (2009).   Notably, the entire controversy doctrine "'does not apply to unknown or unaccrued claims" because a plaintiff "should have a 'fair and reasonable opportunity to have fully litigated [a] claim in the original action." *Id.*   By the same token, an equality of forum must exist between two different venues for the entire controversy doctrine to apply.   *Heir v. Delaware River Poth Auth.*, 218 *F. Supp. 2d* 627, 636 (D.N.J. 2002).   As one court within the Third Circuit has put it, "application of the entire controversy doctrine requires…that…the first forum must have been able to provide all parties with the same full and fair opportunity to litigate the issues and with the same remedial opportunities as the second forum." *Id.*

Here, there are two equally persuasive substantive reasons to find that the entire controversy doctrine does not apply to NextGear's current claims.   First, equality of forum does not exist.   As explained above, this Court, not the court in the New Jersey Action, has subject

matter jurisdiction over the Poconos Property and, therefore, this Court is the only one that can afford NextGear specific relief as to disposing of the Poconos Property to satisfy its judgment. Because the Court in the New Jersey Action cannot take any direct action against the Poconos Property, NextGear needed to commence this action to be afforded full relief on its claims.

Secondly, NextGear's current claims, especially as to the Poconos Property, were certainly "unknown" or "unaccrued" at the time judgments were entered in the New Jersey Action. Discovery was ongoing in the New Jersey Action as settlement conferences were being conducted. Indeed, it was not after all judgments were entered that NextGear even first saw the April 8, 2016 and September 28, 2016 deeds for the Poconos Property. (1/4/19 Gaunce Declaration at ¶ 11). Plus, the defendants' conduct in the New Jersey Action certainly contributed to the unknown nature of these claims as Paul Gutierrez did not mention anything about the Poconos Property in his deposition. (*See* Exhibit F to NextGear's Compl., Paul Gutierrez Dep. Trans.). NextGear has not had a "fair and reasonable opportunity" to litigate its current tort and fraud claims,[15] and these claims should not be barred now. *See Highland Lakes Country Club & Cmty. Ass'n*, *supra*, 201 *N.J.* at 125.

If nothing else, procedurally, any entire controversy argument raised by Antonio Gutierrez would be premature as such a defense, based upon the parties' present submissions, is not obvious "on the face of [NextGear's Complaint]" and involves issues that require discovery. *See Irish*, *supra*, 970 *F. Supp. 2d* at 353 n.43. Therefore, any entire controversy defense is only to be considered after NextGear has received full discovery in the present action. *See id.*

---

[15]   This issue may have resolved differently if, for example, NextGear added a breach of contract claim against Antonio Gutierrez in its current complaint because that issue was resolved in the New Jersey Action as Antonio Gutierrez indisputably breached the guaranty he signed.

V.      **CONCLUSION**

For the foregoing reasons, Plaintiff, NextGear Capital, Inc. respectfully requests that the motion to dismiss filed by Defendant, Antonio L. Gutierrez be denied.  The New Jersey Action does not bar the present case against Antonio Gutierrez because no claims against Antonio Gutierrez were "actually litigated" in the New Jersey Action as he simply agreed to the entry of a consent judgment to conclude the claims brought against him in that action.  Moreover, NextGear could not have brought its current claims in the New Jersey Action as this district is the only one that has subject matter jurisdiction over the Poconos Property and NextGear did not even discover the offending transfers until after judgments were entered in the New Jersey Action.  Making matters worse, the defendants contributed to a delay in bringing the present action by failing to disclose the transfers of the Poconos Property to which they were both parties.  Under these circumstances, NextGear's claims against Antonio Gutierrez must be heard and must be heard by this Court.  NextGear's complaint must not be dismissed.

ECKERT SEAMANS CHERIN & MELLOTT, LLC
*Attorneys for Plaintiff, NextGear Capital, Inc.*


By: /s/ Nicholas M. Gaunce
      Nicholas M. Gaunce


Dated:  January 4, 2019

## DECLARATION OF FILING AND SERVICE

I, Nicholas M. Gaunce, Esq., hereby declare that, on January 4, 2019, I caused the above opposition brief and my declaration, with exhibits, to be filed with the Court through its ECF system.  I further declare that I caused a true and correct copy of this filing to be served upon the below via e-mail:

Walter T. Grabowski, Esq.
Holland, Brady & Grabowski, P.C.
61 North Washington Street
Wilkes-Barre, PA 18701
WTGLAW@aol.com
**Attorneys for Defendants, Antonio L. Gutierrez and Paul Gutierrez**

-and-

Borce Martinoski, Esq.
75 Essex Street, Suite 220
Hackensack, New Jersey 07601
**Pro Hac Vice Attorney for Defendants, Antonio L. Gutierrez and Paul Gutierrez**

Pursuant to 28 *U.S.C.* § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:   /s/ Nicholas M. Gaunce
Nicholas M. Gaunce

Dated:  January 4, 2019