# EXHIBIT E

Wendy F. Klein, Esq. – Atty. ID # 032321993
Jenny R. Flom – NJ Atty ID # 018212006
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536  Facsimile
Attorneys for Defendant, Edith Gutierrez

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE LUXURY HAUS, INC. and ANTONIO L. GUTIERREZ, and ABC Co., and EDITH GUTIERREZ, jointly and severally, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br> DOCKET NO.: BER-L-7268-16 <br><br> <u>Civil Action</u> <br><br> **CERTIFICATION OF EDITH GUTIERREZ** |

EDITH GUTIERREZ, being of full age, hereby certifies as follows:

1. I am an individual defendant in the above captioned matter and am fully familiar with the facts contained herein. I submit this Certification in opposition to the Order to Show Cause application filed by plaintiff, NextGear Capital, Inc. ("NextGear" or "Plaintiff"), for the issuance of an order and writ of replevin and related relief (the "Application").

**Background**

2. Defendant, Antonio L. Gutierrez ("Antonio") and I were married on April 20, 2000. We have six (6) children, ages eight (8), ten (10), fourteen (14), fifteen (15), sixteen (16) and nineteen (19).

3. In or about July 2010, Antonio moved from our home in Arizona, which we owned, to start a job in New Jersey. Approximately four (4) months later, in November 2010, the children and I joined Antonio in New Jersey.

4. When we first moved to New Jersey, we decided to rent a house in Ridgefield, New Jersey and not sell our Arizona home.

**Antonio Opens The Luxury Haus, Inc.**

5. In or about May 2012, Antonio invested $200,000 which we had saved from prior jobs to open The Luxury Haus, Inc. ("Luxury Haus" or the "Company"), a dealership that sold pre-owned cars.

6. In June of 2013, Antonio and I sold our home in Arizona from which we realized a profit of approximately $300,000. Those funds were also invested in Luxury Haus.

7. In 2013, I worked approximately twenty-five (25) hours a week at Luxury Haus. In 2014, I worked forty (40) to sixty (60) hours a week. I continued to work forty (40) to sixty (60) hours a week until approximately November 2015, when I left the company. During the time I worked at Luxury Haus, I never received a salary. However in 2014, Antonio received a salary of $9,000 a week.

8. Although Plaintiff contends in its Second Amended Complaint and in its attorney's certification that I was a *de facto* Chief Financial Officer at Luxury Haus, this allegation is untrue. My job function at the Company consisted primarily of registering vehicles that were sold to customers.

9. I had no responsibilities regarding Luxury Haus' finances or its books and records.

10. I was aware that Luxury Haus received floor plan financing from NextGear which enabled the Company to purchase vehicles which it then sold to customers, and that a Demand

2

Promissory Note and Loan and Security Agreement (the "Loan Agreement") with NextGear was executed, but I was not involved in negotiating or executing the floor plan financing or Loan Agreement.

**NextGear's Audits**

11. I was aware that pursuant to the Loan Agreement, Luxury Haus agreed to permit NextGear to inspect the inventory that it financed, specifically the vehicles ("Audits"), which were collateral for the loan. While I worked at Luxury Haus, NextGear performed these Audits on a very regular basis, which I believe was monthly.

12. The Audits consisted of NextGear conducting an on-premises inventory of all vehicles it financed and, to the best of my knowledge, were undertaken to ensure that Luxury Haus could account for each and every financed vehicle and to make sure that no vehicle that it had financed had been "sold out of trust" -- that is, sold without remitting the required payment to NextGear.

13. During each Audit, NextGear would also meet with Luxury Haus' Controller, Elizabeth Vega, and review Luxury Haus' books and records as they related to the vehicles that were financed by it and had been sold.

14. If NextGear representatives were unable to locate a vehicle during an Audit at Luxury Haus' premises, Luxury Haus was required to locate the vehicle. If those vehicles were at another location getting serviced, for example, NextGear representatives traveled to the location of the car to ensure it was physically present before concluding the Audit.

15. NextGear representatives would not conclude an Audit until they were able to account for and identify the location of each and every vehicle it financed or, if the vehicle had been sold, confirm that they had been paid.

16. During the time I worked at Luxury Haus, to the best of my knowledge, Luxury Haus never failed an Audit and NextGear was able to account for all vehicles and payments.

17. In addition, NextGear held the title for each vehicle it financed. When a vehicle that was financed by NextGear was sold, NextGear would not provide Luxury Haus with the title to the vehicle to give to the customer until NextGear received the required payment from Luxury Haus.

18. To the best of my knowledge, during the time I worked at Luxury Haus, NextGear received the required payment on every vehicle sold and, as such, provided title for each vehicle sold.

19. To the best of my knowledge, while I worked at Luxury Haus, no vehicles were sold out of trust.

**Purchase of the Ridgefield Home and the Bermuda Property**

20. In July 2014, Antonio purchased the home I now reside in with my children, located at 487 Shaler Avenue in Ridgefield, New Jersey (the "Ridgefield Home"). (Attached hereto as **Exhibit A** is a copy of the Deed for the Ridgefield Home).

21. To the best of my knowledge, no vehicles were sold out of trust at the time the Ridgefield Home was purchased and, therefore, no proceeds from vehicles allegedly sold out of trust were used to purchase the property.

22. Additionally, despite Plaintiff's contention, the property located at the Reefs Club in Bermuda (the "Bermuda Property"), was not purchased with funds drawn from Luxury Haus. Rather, in August of 2014, Antonio took out a line of credit on the Ridgefield Home and funds from that credit line were used to purchase the Bermuda Property.

**Antonio and I Begin Divorce Proceedings**

23. In or about December 2015, I received a Temporary Restraining Order ("TRO") against Antonio due to domestic violence. At that time, I also stopped working at Luxury Haus and had no access to the premises.

24. On January 13, 2016, the Honorable Lisa A. Firko, J.S.C., entered a Final Restraining Order ("FRO") against Antonio.

25. A few weeks after I obtained the Final Restraining Order, Antonio instituted divorce proceedings against me.

26. Pursuant to the FRO, Antonio and I are not permitted to have any contact apart from through a software application ("app") called Family Wizard and only to arrange Antonio's visitation with our children. Apart from communicating through Family Wizard regarding his visitation, we have no communication whatsoever.

27. The Uniform Summary Support Order entered by Judge Firko in connection with the FRO on January 13, 2016 also required Antonio to pay child support during the pendency of our divorce proceedings. (Attached here to as **Exhibit B** is a redacted copy of the Uniform Summary Support Order).

28. After Antonio and I separated in December 2015, I was left with no money. All of our bank accounts were in Antonio's name and he removed me from each one. As a result, I was prohibited from accessing any of the funds in our accounts. Additionally, any money I received from Antonio since we separated has been paid by him pursuant to child support orders and oftentimes only after I sought assistance from the Court or the Probation Department.

29. After his most recent failure to remit the required child support payments, on August 22, 2017, the Honorable Terry Paul Bottinelli, J.S.C., entered an Order directing, in pertinent part, as follows:

> B. . . . No sale [of the Ridgefield Home] shall occur without written consent of both parties or further Order of the Court.
>
> C. Defendant and the parties' six (6) children shall have sole exclusive possession of the [Ridgefield Home] pending any sale of the property or until further Order of the Court;
>
> D. In the event that [the Ridgefield Home] is sold, all proceeds shall be held in the escrow account of Katheryn Gilbert, Esq. as a domestic support obligation, pending further Order of the Court.
>
> E. The Court finds that there is a judgment of *pendent lite* support against the Plaintiff in the amount of $139,861.00. The net proceeds of the sale from the [Bermuda Property] are to be distributed as follows:
>
>> i.  $114,610.16 shall be paid by Kathryn Gilbert, Esq. to Probation, Account Number . . . ; and
>>
>> ii. $114,610.16 shall be paid to the Defendant representing her marital interest in the property.

30. As stated above, I am currently living in the Ridgefield Home with my children. The property has not been sold and is not under contract.

## CERTIFICATION

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: September ___, 2017

                                                    Edith Gutierrez

57057/0001-14936637v2

# EXHIBIT A



```
14-053277    Deed > 350,000
V Bk: 01728 Pg: 1161-1164   Rec. Fee $73.00
John S. Hogan, Bergen County Clerk
Recorded 08/13/2014  11:25:36 AM
```

| | |
|---|---|
| Consideration | : $620,000.00 |
| Realty Transfer Fee | : $5,397.00 |
| State Portion | : $3,762.00 |
| County Portion | : $930.00 |
| Municipality Portion | : $705.00 |

BARGAIN AND SALE (Covenants as to Grantor's Acts)

**PLEASE RECORD AND RETURN TO:**
Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Suite 720
Ft. Lee, New Jersey 07024

**PREPARED BY:**
Ida Lazara Rubin, Esq.
301 Sutton Avenue
2nd Floor
Hackensack, NJ 07601

## DEED

This Deed is made on the 24 day of July, 2014

**BETWEEN**

LOFARO DEVELOPERS, LLC, a New Jersey Domestic Limited Liability Company,

whose address is: 1566 John Street, Ft. Lee, New Jersey,

referred to as the Grantor.

**AND**

ANTONIO GUTIERREZ

whose address is: 487 Shaler Boulevard, Ridgefield, New Jersey,

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

***TRANSFER OF TITLE.*** The Grantor does hereby grant and convey the property described below to the Grantee.

***CONSIDERATION.*** This transfer of ownership is made for the sum and consideration of $620,000.00. The Grantor acknowledges receipt of this money.

***TAX MAP REFERENCE.*** The property located in the Municipality of Borough of Ridgefield, Block No. 2703, Lot No. 3.01, commonly known as 487 Shaler Boulevard, Ridgefield, New Jersey.

***PROPERTY DESCRIPTION.*** The property consists of all the land, buildings, structures and improvements contained on the property, and is located in the Town/City of Ridgefield, County of Bergen and State of New Jersey, and is described as follows:

See Schedule "A" attached hereto and made a part hereof.

**BEING THE SAME LAND AND PREMISES** conveyed to the Grantor by deed from DAVID PITERSKI and DAWN PITERSKI, his wife, dated April 24, 2009 and recorded in the Office of Bergen County on May 13, 2009 in Deed Book 00109, Page 0840.



EASEMENT

## Schedule "A"

Beginning at a point in the northwesterly right of way line of Shafer Boulevard, said point being located 150.00 southwesterly from the intersection formed by the northwesterly right of way line of Shafer Boulevard (60.00 feet wide) and the southwesterly right of way line of Edgewater Avenue (50 feet wide) and running thence

1. South 44 degrees 53 minutes 00 seconds West along the northwesterly right of way line of Shafer Boulevard for a distance of 50.00 feet to a point, thence
2. North 45 degrees 07 minutes 00 seconds West for a distance of 100.00 feet to a point, thence
3. North 44 degrees 53 minutes 00 seconds East for a distance of 50.00 feet to a point, thence
4. South 45 degrees 07 minutes 00 seconds East for a distance of 100.00 feet to the point and place of Beginning.

Being part of Lot 2 in Block A as shown on a map entitled "Map of Property S.F.B Morse, Deceased. Ridgefield, N.J., 1890" filed on January 29, 1891 as Map No. 500.

Subject to a Sanitary Sewer and Driveway Easement as follows:

Beginning at a point in the northwesterly right of way line of Shafer Boulevard, said point being located 200.00 southwesterly from the intersection formed by the northwesterly right of way line of Shafer Boulevard (60.00 feet wide) and the southwesterly right of way line of East Edgewater Avenue (50 feet wide) and running thence

1. North 45 degrees 07 minutes 00 seconds West for a distance of 100.00 feet to a point, thence
2. North 44 degrees 53 minutes 00 seconds East for a distance of 8.00 feet to a point in the southwesterly right of way line of Edgewater Avenue (50 feet wide), thence
3. South 45 degrees 07 minutes 00 seconds East for a distance of 100.00 feet to a point in the northwesterly right of way line of Shafer Boulevard, thence
4. South 44 degrees 53 minutes 00 seconds West along the northwesterly right of way line of Shafer Boulevard for a distance of 8.00 feet to the point and place of Beginning.

***PROMISES BY GRANTOR.*** The Grantor promises and warrants that Grantor, by acts of the Grantor, has not encumbered the property. This promise means that the Grantor has now allowed anyone else to obtain any legal right which would affect the property being transferred (such as a mortgage or entering a judgment against the Grantor).

***SIGNATURES.*** The Grantor signs this Deed as of the date first above written:

_____  
Witness

*Carmine Lofaro*  
LOFARO DEVELOPERS, LLC  
By: CARMINE LOFARO, Sole Member & Manager

_____  
Witness

STATE OF NEW JERSEY  :  
                     : ss:  
COUNTY OF BERGEN     :

I CERTIFY that on July 26, 2014, __CARMINE LOFARO__ personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the this Deed.
(b) was authorized to and did execute this Deed as __Sole Member__ of LOFARO DEVELOPERS, LLC, the entity named in this Deed;
(c) made this Deed for $620,000.00 as the full and actual consideration paid or to be paid for the transfer of title (such consideration is defined in N.J.S.A. 46:15-5; and
(d) executed this Deed as the act of the entity.

_____  
IDA LAZARA RUBIN, ESQ.  
ATTORNEY AT LAW, STATE OF NEW JERSEY

GIT/REP-3
(5-12)



State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

### SELLER(S) INFORMATION (See Instructions, Page 2)

Names(s)
LOFARO DEVELOPERS, LLC

Current Resident Address:
Street: 1566 JOHN STREET

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| FORT LEE | NJ | 07024 |

### PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 2703 | 3.01 | |

Street Address:
487 SHALER BOULEVARD

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| RIDGEFIELD | NJ | 07657 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $620,000 | 7/26/2014 |

### SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 10 apply to Residents and Non-residents)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☒ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

   ☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

9. ☐ The property being sold is subject to a short sale instituted by the mortgagee, whereby the seller has agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.

10. ☐ The deed being recorded is a deed dated prior to the effective date of P.L. 2004, c. 55 (August 1, 2004), and was previously unrecorded.

### SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box ☐ I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

7/26/14
Date

_____
(Seller) Please indicate if Power of Attorney or Attorney in Fact

_____
Date

_____
Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Bergen County Clerk   BK 01728 PG 1164   08/13/2014 11:25 AM   4 of 4   ** End of Document **

# EXHIBIT B

| PLAINTIFF | VS | DEFENDANT | SUPERIOR COURT OF NEW JERSEY |
|---|---|---|---|
| EDITH GUTTIERREZ | | ANTONIO GUTTIERREZ | Chancery Division-Family Part |

**Uniform Summary Support Order**

☐ Obligor  ☑ Obligee        ☑ Obligor  ☐ Obligee        COUNTY: BERGEN

HEARING DATE: 01 /13 /2016    WELFARE / U.I.F.S.A. #         DOCKET # FV-02-1181-16    CS# _____

FILED JAN 13 2016 LISA A. FIRKO J.S.C.

With appearance by: ☑ PL  ☑ Atty for PL _____   ☑ DEF  ☑ Atty for DEF _____
☐ IV-D Atty _____                              ☐ County Probation Division

This matter having been opened to the court by: ☑ Plaintiff ☐ Defendant ☐ County Welfare Agency ☐ Probation Division ☑ Family Division
for an ORDER for: ☐ Paternity ☑ Support ☐ Visitation ☐ Custody ☐ Enforcement ☐ Modification / Increase / Decrease

1. State with Continuing Exclusive Jurisdiction: _____

| | CHILD'S NAME | BIRTH DATE | | CHILD'S NAME | BIRTH DATE |
|---|---|---|---|---|---|
| 2A. | REDACTED | 01/04/1998 | 2D. | REDACTED | 07/13/2003 |
| 2B. | REDACTED | 03/11/2001 | 2E. | REDACTED | 08/08/2007 |
| 2C. | REDACTED | 07/03/2002 | 2F. | REDACTED | 09/09/2009 |

3. ☐ PATERNITY of child(ren) (# above) _____ is hereby established and an ORDER of paternity is hereby entered.
4. ☐ A Certificate of Parentage has been filed for child(ren) # _____ above.
5. ☑ IT IS HEREBY ORDERED THAT: The obligor shall pay support to the New Jersey Family Support Payment Center in the amount of:

| $5,000.00 | + | | + | | = | $5,000.00 | payable | WEEKLY | effective | 01/13/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Child Support | | Spousal Support | | Arrears Payment | | Total | | Frequency | | Date |

NOTE: Child support is subject to a biennial cost-of-living adjustment in accordance with R. 5:6B

6. ☐ Child Support Guidelines Order   ☑ Deviation reason: INCOME OF THE PARTIES
6A. ☐ Worksheet attached.
7. ☐ Support order shall be administered and enforced by the Probation Division in the county of Venue, _____ County.
8. ☐ ARREARS calculated at establishment hearing are based upon amounts and effective date noted above and total $_____
9. ☐ ARREARS indicated in the records of the Probation Division, are $_____ as of ___/___/___
10. ☐ GROSS WEEKLY INCOMES of the parties, as defined by the Child Support Guidelines, upon which this ORDER is based:
    OBLIGEE $_____                OBLIGOR $_____
11. ☐ INCOME WITHHOLDING is hereby ORDERED on current and future income sources, including:
    Name of income source:                    Address of income source:
    _____                                    _____
    _____                                    _____

    OBLIGOR SHALL, however, make payments AT ANY TIME that the full amount of support and arrears is not withheld.

12. ☐ Medical Support coverage as available at reasonable cost shall be provided for the ☐ child(ren)   ☐ spouse,
    by    Obligor ☐              Obligee ☐              Both ☐
    The parties shall pay unreimbursable health care expenses of the child(ren) which exceed $250.00 per child per year as follows:
    _____% Obligor           _____% Obligee
    Pursuant to R 5:6A the obligee shall be responsible for the first $250.00 per child per year.
    If coverage is available, Medical Insurance I.D. card(s) as proof of coverage for the child(ren)/spouse shall be provided immediately upon availability to the Probation Division by the:
            ☐ Obligee                     ☐ Obligor
12A. ☐ Insurance currently provided by a non-party: _____
12B. ☐ Health insurance benefits are to be paid directly to the health care provider by the insurer.

Promulgated 08/29/11 to be effective 09/01/2011, CN 10284                                                page 1 of 5

| DOCKET# FV-02-1181-16 | | HEARING DATE 1 /13 /2016 | PAGE 2 OF 2 |
|---|---|---|---|

**13.** ☐ **GENETIC TESTING** to assist the court in determining paternity of the child(ren) (#_____) is hereby **ORDERED**. The county welfare agency or the foreign jurisdiction in the county of residence of the child shall bear the cost of said testing, without prejudice to final allocation of said costs. If defendant is later adjudicated the father of said child(ren), defendant shall reimburse the welfare agency for the costs of said tests, and pay child support retroactive to ____/____/____.

**13A.** ☐ Issues of reimbursement reserved.      **13B.** ☐ Issue of retroactive order reserved.

**14.** ☐ This matter is hereby **RELISTED** for a hearing on ____/____/____ before _____. A copy of this **ORDER** shall serve as the summons for the hearings. **No further notice for appearance shall be given.** Failure to appear may result in a default order, bench warrant, or dismissal. Reason for relist:

**15.** ☐ **AN EMPLOYMENT SEARCH MUST BE CONDUCTED BY THE OBLIGOR.** Written records of at least #_____ employment contacts per week must be presented to the Probation Division. If employed, proof of income and the full name and address of employer must be provided immediately to the Probation Division.

**16.** ☐ **SERVICE** upon which this order is based:

     ☐ Personal Service     ☐ Certified Mail:     ☐ Refused     ☐ Regular Mail (not returned)
     Date: ____/____/____     ☐ Signed by: _____     ☐ Returned Unclaimed     ☐ Other:

**17.** ☐ A **BENCH WARRANT** for the arrest of the obligor is hereby **ORDERED**. The obligor was properly served with notice for court appearance on ____/____/____, and failed to appear. (Service noted above). An amount of $_____ shall be required for release.

**18.** ☐ **EFFECTIVE** ____/____/____ **FUTURE MISSED PAYMENT(S)** numbering _____ or more may result in the issuance of a warrant, without further notice.

**19.** ☐ A **LUMP SUM PAYMENT OF $**_____ must be made by the obligor by ____/____/____, or a bench warrant may be issued without further notice.

**20.** ☐ This complaint / motion is hereby **DISMISSED**: (reason) _____

**21.** ☐ Order of Support is hereby **TERMINATED** effective ____/____/____, as _____
Arrears accrued prior to effective date, if any, shall be paid at the rate and frequency noted on page number one of this **ORDER**.

**22.** ☐ **THIS ORDER IS ENTERED BY DEFAULT.** The ☐ obligor ☐ obligee was properly served to appear for a hearing on ____/____/____ and failed to appear.     **22A.** ☐ Affidavit of Non-Military Service is filed.

**23.** ☐ It is further **ORDERED**: _____

**EXCEPT AS PROVIDED HEREIN, ALL PRIOR ORDERS OF THE COURT REMAIN IN FULL FORCE AND EFFECT.**

I hereby declare that I understand all provisions of this **ORDER** recommended by a Hearing Officer and I waive my right to an immediate appeal to a Superior Court Judge:

**PLAINTIFF** EDITH GUTTIERREZ      **DEFENDANT** ANTONIO GUTTIERREZ

**ATTORNEY FOR PLAINTIFF** _____     **ATTORNEY FOR DEFENDANT** _____

**24.** ☐ **INTAKE CONFERENCE BY AUTHORIZED COURT STAFF:**

**25.** ☐ The parties request the termination of all Title IV-D services and consent to direct payment of support. They are advised that all monitoring, collection, enforcement and location services available under Title IV-D of the Social Security Act are no longer in effect. I understand I may reapply for Title IV-D services.

     _____ obligee          _____ obligor

**26.** ☑ Copies provided at hearing to ☑ obligee ☑ obligor     **26A.** ☐ Copies to be mailed to ☐ obligee ☐ obligor

**TAKE NOTICE** THAT THE NEW JERSEY UNIFORM SUPPORT NOTICES WHICH ARE PROVIDED IN APPENDIX XVI OF THE RULES OF COURT, AND WHICH FOLLOW, ARE INCORPORATED INTO THIS ORDER BY REFERENCE AND ARE BINDING ON ALL PARTIES.

So **Recommended** to the Court by the Hearing Officer:

Date ___/___/___     H.O. _____     Signature _____

So **Ordered** by the Court:

Date 01 /13 /2016     Judge LISA A. FIRKO, J.S.C.     Signature _____ J.S.C.

Promulgated 08/29/11 to be effective 09/01/2011, CN 10284        page 2 of 5