# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.,** | : |
| | : |
| **Plaintiff** | :    **CIVIL ACTION NO. 3:18-1617** |
| | : |
| **v** | : |
| | :    **(JUDGE MANNION)** |
| **ANTONIO L. GUTIERREZ and PAUL GUTIERREZ,** | : |
| | : |
| **Defendants** | : |

## MEMORANDUM

Presently before the court, in this case alleging a fraudulent transfer of real property to thwart collection of monetary judgments against both defendants, is a motion to dismiss filed by defendant Paul Gutierrez ("Paul") made pursuant to Fed.R.Civ.P. 12(b)(2), (b)(3), and 12(b)(6). (Doc. 9). The defendant argues that the complaint, which plaintiff NextGear Capital, Inc. ("NextGear"), filed, should be dismissed for lack of personal jurisdiction over the stated defendant as well as for improper venue. The motion also argues that plaintiff's complaint should be dismissed based on forum *non-conveniens*, the Full Faith and Credit Doctrine, the Entire Controversy Doctrine, and the Doctrine of Abstention. Paul Gutierrez's motion to dismiss, **(Doc. 9)**, NextGear's complaint, **(Doc. 1)**, will be **GRANTED IN PART** and **DENIED IN PART**. Since the court has personal jurisdiction over defendant Paul Gutierrez, and venue is proper, the motion will be **DENIED** under Rule 12(b)(2) and 12(b)(3) with respect to NextGear's fraudulent transfer claim. The

motion under Rule 12(b)(6) with respect to NextGear's fraudulent transfer claim will also be **DENIED** since NextGear's complaint is not barred by the stated doctrines. Paul Gutierrez's motion to dismiss will be **GRANTED** with respect to NextGear's conversion claim since this court does not have personal jurisdiction over him regarding this claim.

## I.    BACKGROUND[1]

On April 30, 2018, NextGear obtained a consent judgment against defendant Antonio Gutierrez in the amount of $4,500,000.00 as a result of an action that was pending in the Superior Court of New Jersey (the "New Jersey Action"). The New Jersey Action involved claims against Antonio Gutierrez and his wife, Edith Gutierrez, regarding fraudulent transfer of real estate in New Jersey, related to a commercial automobile dealership located at 335 Grand Avenue, Leonia, New Jersey (the "Commercial Property"), and Antonio Gutierrez's misappropriation of more than $2,000,000.00 in funds allegedly owed to NextGear by a now-closed automobile dealership owned by Antonio Gutierrez, Luxury Haus, Inc. ("LHI"), along with other funds due to NextGear.

NextGear filed its complaint in the instant case on August 16, 2018, against defendants Antonio Gutierrez and Paul Gutierrez. NextGear alleges that on April 8, 2016 Antonio used $76,000 that he obtained from improperly

---

[1]The court must accept NextGear's allegations in its complaint as true and resolve disputed facts in its favor in considering defendant's motion to dismiss for lack of personal jurisdiction under to Fed.R.Civ.P. 12(b)(2). Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).

selling 81 vehicles subject to its floor plan financing for LHI out-of-trust to purchase a residential property in Monroe County, Pennsylvania (the "Poconos Property"). NextGear alleges that Antonio conveyed the Poconos Property to his brother, Paul Gutierrez, for $1.00 on September 28, 2016. NextGear alleges that this transfer occurred less than a week before Antonio's company credit line with NextGear was locked. NextGear asserts fraudulent transfer claims against Antonio and Paul alleging that the transfer of the Poconos Property from Antonio to Paul and the cash transfers to Paul were done in violation of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), 12 Pa.C.S.A. §5104. NextGear requests the court to set aside the transfer of the Poconos Property, to issue an injunction regarding the Poconos Property, and to appoint a receiver, pursuant to 12 Pa.C.S. §5107(a)(3)(ii), to take charge of and sell this property. NextGear further asserts conversion claims against Antonio and Paul alleging that "Antonio's transfer of $2,976,823.10 to Paul in LHI funds was a conversion as to NextGear's interest in the collateral of its loan to LHI." NextGear also alleges that Paul currently possesses approximately $1.6 million he obtained from Antonio which came from proceeds from the out-of-trust sale of vehicles by Antonio. As such, NextGear also requests a judgment against Paul for this money.

NextGear served the summons and its complaint upon Paul Gutierrez on October 1, 2018. Paul Gutierrez then filed the instant motion to dismiss NextGear's complaint on November 21, 2018. (Doc. 9). Paul Gutierrez's motion has been fully briefed and exhibits were filed by both parties.

## II.   STANDARDS[2]

### Rule 12(b)(2)

Rule 12(b)(2) provides for the dismissal of a complaint if the plaintiff fails to establish that the court has personal jurisdiction over a party. Fed.R. Civ.P.12(b)(2). Rule 12(b)(3) in conjunction with 28 U.S.C. §1391, requires the court to dismiss the case if the plaintiff fails to show that the district in which the suit is brought is the proper venue. Fed.R.Civ.P. 12(b)(3).

Rule 12(b)(2) requires the court to accept the truth of factual allegations in the complaint relating to jurisdiction and the reasonable inferences that flow therefrom unless the moving party produces evidence tending to contradict the existence of jurisdiction. In re Chocolate Confectionary Antitrust Litigation, 674 F.Supp.2d 580, 595 (M.D.Pa. 2009). In other words, a party may rely entirely on allegations unless and until the moving party presents the court with actual evidence to the contrary. Id.; Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) ("when the court does not hold an evidentiary hearing on the motion to dismiss, . . . the plaintiff is entitled to have its

---

[2]Although Paul Gutierrez's motion to dismiss is also brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6), the court does not include the complete Rule 12(b)(6) standard. Suffice to say that this rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

allegations taken as true and all factual disputes drawn in its favor."); *but see*, e.g., Rodi v. S. New Eng. Sch. of Law, 255 F.Supp.2d 346, 348 (D.N.J. 2003) ("the plaintiff may not rely on the pleadings, but rather must introduce sworn affidavits or other competent evidence.").

If the moving party does submit competent evidence refuting jurisdiction, the non-moving party shoulders the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the matter. In re Chocolate Confectionary Antitrust Litigation, 674 F.Supp.2d at 595 ("Once these allegations are contradicted by an opposing affidavit, however, plaintiffs must present similar evidence in support of personal jurisdiction."). At this point, the plaintiff may not rely on bare pleadings but must support those pleadings with "actual proofs, not mere allegations." Id. (quoting Patterson by Patterson v. FBI, 893 F.2d 595, 603-04 (3d Cir. 1990)). As such, "although the burden of persuasion always lies with the non-moving party, the burden of production rests initially with the party moving for dismissal under Rule 12(b)(2)." Id. at 595, n. 21.

Additionally, "[a] motion under Federal Rule of Civil Procedure 12(b)(2) 'is inherently a matter which requires resolution of factual issues outside the pleadings, i.e., whether *in personam* jurisdiction actually lies.'" Farber v. Tennant Truck Lines, Inc., 84 F.Supp.3d 421, 426 (E.D.Pa. 2015) (citation omitted). As such, the court considers the exhibits submitted by NextGear, (Doc. 23), and the exhibits filed by the defendant with his motion, (Docs. 10-18).

### Rule 12(b)(3)

"In a diversity case, an action may be brought against an individual in a venue in which 1) any defendant resides if all defendants reside in the same state; 2) a substantial part of the events or omissions giving rise to the claim occurred; or 3) any defendant is subject to personal jurisdiction at the time an action is commenced, if there is no district in which the action may otherwise be brought." MacKay v. Donovan, 747 F.Supp.2d 496, 501-02 (E.D.Pa. 2010) (citation omitted). "When deciding a Rule 12(b)(3) motion to dismiss for improper venue, a court must accept as true the allegations in the complaint, although both parties may submit affidavits in support of their positions." Id. at 502 (citation omitted). *See also* Bockman v. First Am. Mktg. Corp., 459 Fed.Appx. 157, 158 (3d Cir. 2012) (Third Circuit stated that under a Rule 12(b)(3) motion to dismiss for improper venue, the court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits"). Further, "[t]he defendant bears the burden of showing that venue is improper" and, "a plaintiff's choice of venue is accorded deference." Id. (citations omitted). Venue can also exist in several districts and "[v]enue does not have to be the 'best forum' for the action", *see id.* (citation omitted), or "the forum with the most substantial events." Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F.Supp.2d 438, 444 (E.D.Pa.1999).

Additionally, when considering a motion to dismiss under Rule 12(b)(3) for forum *non conveniens*, "the Court must determine whether (1) an adequate alternative forum exists in which the case may be brought against all

defendants and (2) that private and public interest factors weigh heavily in favor of dismissal." Id. (citation omitted).

## III.    DISCUSSION

Since jurisdiction is a threshold issue, the court will first address Paul Gutierrez's contention that NextGear's complaint should be dismissed under Fed.R.Civ.Pro. 12(b)(2) because he is not subject to the court's jurisdiction.[3] Both parties have submitted evidence regarding the issue of whether the court has personal jurisdiction over Paul Gutierrez. Thus, NextGear cannot simply rely on bare pleadings in its complaint to establish that the court has personal jurisdiction over Paul Gutierrez.

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Farber, 84 F.Supp.3d at 426 (citation omitted). *See also* Fed.R.Civ.P. 4(k)(1)(A). "The Pennsylvania [long-arm] statute [42 Pa.Cons.Stat. §5322(b)] permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992). "The Due Process

---

[3]Insofar as Paul Gutierrez includes arguments in his brief regarding lack of jurisdiction on behalf of Antonio, the court notes that Antonio has not joined in the instant motion and the clerk entered default against him on November 7, 2018. (Doc. 8). Subsequently, Antonio was represented by Paul's counsel and he filed a motion to set aside default combined with a motion to dismiss on December 7, 2018, which is presently pending with the court. (Doc. 20).

Clause of the Fourteenth Amendment to the Constitution permits personal jurisdiction so long as the nonresident defendant has certain minimum contacts with the forum such that maintenance of the suit does not offend "'traditional notions of fair play and substantial justice.'" Farber, 84 F.Supp.3d at 426 (citations omitted).

"There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction." Plumbers' Local Union No. 690 Health Plan v. Apotex Corp., 2017 WL 3129147, *4 (E.D.Pa. July 24, 2017) (citation omitted). "A Plaintiff may demonstrate that a court's exercise of personal jurisdiction is proper, by establishing that a court has either general jurisdiction or specific jurisdiction over the defendant, or by establishing that the defendant has consented to jurisdiction." Id. (citation omitted). Paul Gutierrez states that he has not consented to the jurisdiction of this court. He also contends that neither general nor specific personal jurisdiction exists over him in this case.

**1. General Jurisdiction**

"General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). *See also* Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 588 (3d Cir. 1982) ("If the claim pursued arises from non-forum related activity, the plaintiff must demonstrate that in other respects the defendant has maintained 'continuous and substantial' forum affiliations."). The court "may assert general jurisdiction over a person

when a defendant 'is generally present in Pennsylvania, has consented to suit there, or systematically or continuously conducts business in that state.'" PNC Bank, Nat. Ass'n v. Kanaan, 2012 WL 1835534, *6 (E.D.Pa. May 21, 2012) (citing 42 Pa.C.S.A. §5322 n. 3).

In its complaint, NextGear alleges that "Paul and Antonio are subject to personal jurisdiction in Pennsylvania because this dispute revolves around the improper transfer of real estate occurring in Pennsylvania and the improper receipt of funds by Paul as part of the same scheme involving the purchase of the subject real estate."

Paul Gutierrez argues that he did not have either "continuous and systematic" or "extensive and pervasive" contact in Pennsylvania. In fact, he contends that he did not have any contact with Pennsylvania. He states that neither he nor Antonio had "direct sales, maintenances of a sales force, advertise to target residence, or derive a significant slice of revenue from activities in Pennsylvania." Paul further points out that he resides in New Jersey and the businesses of he and Antonio are located in New Jersey. He states that there is "no allegation that [he] ever entered Pennsylvania with respect to the conveyance of the [Poconos] Property", and that "[his] Declaration establishes that all documents to effect conveyance of the Property were executed in New Jersey." Thus, Paul contends that he has established that his purchase of the Poconos Property occurred in New Jersey. Further, he states that all transfers of cash at issue between he and Antonio occurred in New Jersey, and that there is no claim that he holds any

of the subject cash in an account in Pennsylvania. Thus, Paul states that "the only connection that NextGear's claims have with Pennsylvania is the [Poconos] Property", and that "[a]ll of the other acts that Next Gear alleges occurred in New Jersey."

Based on the facts stated above, the court finds that it does not have general jurisdiction over Paul regarding either of NextGear's claims against him since he does not maintain "continuous and systematic" contacts with Pennsylvania.

### 2. Specific Jurisdiction

"Specific jurisdiction is dependent upon the relationship of the litigation to the defendant's contacts with the forum, i.e., the court's focus is on the minimum contacts between the non-resident defendant and the forum." Gorton v. Air & Liquid Systems Corporation, 303 F.Supp.3d 278, 291-92 (M.D.Pa. 2018) (citations omitted). "Specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." Id. at 292 (citations omitted).

The central question is whether Paul purposefully availed himself "of the privilege of conducting business within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The defendant must "purposefully direct[] [its] activities at residents of the forum and the litigation results from alleged injuries that arise out of or

10

related to those activities." BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quotations and citations omitted). Moreover, the Supreme Court clarified that the minimum contacts "analysis looks to the defendant's contact with the forum State itself, not the defendant's contact with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115 (2014). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 1121. "[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." Id. (citation omitted). Thus, "specific personal jurisdiction over a defendant exists when: (1) the defendant 'purposefully directed [its] activities' at the forum; and (2) the litigation 'arise[s] out of or relate[s] to' at least one of the defendant's activities in Pennsylvania. Plumbers' Local Union, 2017 WL 3129147, *5 (citation omitted). "If the 'purposeful availment' and 'relatedness' requirements are met, a court may exercise personal jurisdiction as long as the assertion of jurisdiction 'comport[s] with 'fair play and substantial justice.'" Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

The court now considers the first requirement stated above.

In determining whether Paul "purposefully avails itself of the privilege of conducting activities within [Pennsylvania]", the court is mindful that "[p]hysical presence in the forum is not required, '[b]ut what is necessary is a deliberate

11

targeting of the forum.'" Plumbers' Local Union, 2017 WL 3129147, *5 (citations omitted). *See also* Britax Child Safety, Inc. v. Nuna International B.V., 321 F.Supp.3d 546, 554 (E.D.Pa. 2018)("a defendant must act so as to enjoy the 'privilege of conducting activities within the forum state.'") (citations omitted).

NextGear contends that many courts in Pennsylvania have held that "the ownership, or agreement to purchase, real estate in Pennsylvania subjects someone to personal jurisdiction in Pennsylvania for claims related to the property that is involved." It states that Paul's ownership of real estate in Pennsylvania, i.e., the Poconos Property, permits this court to exercise personal jurisdiction over him. NextGear points out that under 42 Pa.C.S. §5322, a court in Pennsylvania may exercise personal jurisdiction over a non-resident defendant when that defendant owns real estate in Pennsylvania. As such, NextGear states that the court can exercise personal jurisdiction over Paul Gutierrez since it is undisputed that he currently owns the Poconos Property, that he purchased the property from Antonio for $1.00 "only days before a substantial credit line for his brother's company was locked, and that the Poconos Property was recently valued at $168,000.00." It is also undisputed that at least some of NextGear's present claims involve Paul's purchase of the Poconos Property. Based on these facts, NextGear states that Paul Gutierrez "purposefully avail[ed]" himself of the benefits and protections of Pennsylvania by owning a home within the Commonwealth," and, that "he can certainly be sued in Pennsylvania for claims related to the

Poconos Property."

Section 5322(a)(1)(v) provides that "[a] tribunal of this Commonwealth may exercise personal jurisdiction over a person [ ] who acts directly or by an agent, as to a cause of action" and, that "[t]ransacting any business in this Commonwealth" includes "[t]he ownership, use or possession of any real property situate within this Commonwealth." Transacting business in the Commonwealth also includes "[h]aving an interest in, using, or possessing real property in this Commonwealth." *See* §5322(a)(1).

Specific jurisdiction focuses on the particular acts of the defendant that are the basis for the underlying cause of action. No doubt that Paul engaged in activity in Pennsylvania by entering into an agreement with Antonio to purchase real estate in Pennsylvania and, by then buying the property and becoming an owner of real estate in Pennsylvania which is sufficient for this court to effect personal jurisdiction over him even though he is a nonresident in this Commonwealth. *See* §5322(a)(1). After the sale of the property, Paul's deed was recorded in Monroe County. Also, by owning property in Pennsylvania, Paul has certain obligations he must meet in the state, including the payment of real estate taxes on Poconos Property in Pennsylvania and subjecting himself to suit in Pennsylvania if someone was injured on the property.

Thus, Paul has purposeful availed himself of conducting activities within Pennsylvania regarding the Poconos Property. *See* O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (a defendant's contacts with the

13

forum must amount to "a deliberate targeting of the forum.").

Next, the court considers the relatedness factor. "[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Id. (citation omitted). "[A] connection between the forum and the specific claims at issue" is required. Id. (quoting Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773, 1781 (2017)). "[A] plaintiff's claims must 'arise out of or relate to' a defendant's forum contacts", and in order for claims to "'arise out of or relate to' a defendant's contacts, 'the causal connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the *quid pro quo* proportional and personal jurisdiction reasonably foreseeable.'" Id. (citing O'Connor, 496 F.3d at 323). "The inquiry is 'necessarily fact-sensitive.'" Id.

"Simply put, the defendant's contacts with the forum state must be material to the claim. The court may not exercise personal jurisdiction if the defendant's contacts with the forum are 'too attenuated.'" Gorton, 303 F.Supp.3d at 292. (citations omitted).

Here, based on the above discussion, NextGear's claims against Paul regarding the Poconos Property clearly "arise out of or relate to" Paul's forum contacts and these contacts are indeed material to NextGear's claims.

Since the purposeful availment and relatedness requirements are met, the court must determine whether the assertion of personal jurisdiction over Paul comports with "fair play and substantial justice."

14

Paul claims that it would offend the notions of fair play and substantial justice to require him to defend against NextGear's claims in Pennsylvania since it commenced an action two years ago in New Jersey and that this litigation is still pending. *See* <u>Kanaan</u>, 2012 WL 1835534, *8 ("The exercise of personal jurisdiction over a defendant, whether general or specific, must comport with 'traditional notions of fair play and substantial justice,' such that the parties can 'reasonably anticipate being haled into court [in this forum].'"). NextGear's admits that its request for the appointment of a receiver as to the New Jersey commercial automobile dealership property currently remains pending before the New Jersey Superior Court. However, the court finds no merit to Paul's contention since Paul is not a party in the New Jersey case and that case concerns the New Jersey property which is not subject to NextGear's claims in this court.

Thus, Paul can be sued in Pennsylvania regarding NextGear' fraudulent transfer claim, Count I, related to the Poconos Property.

In Count III, NextGear asserts its conversion claim against Paul. It alleges that "Paul's receipt of $2,976,823.10 in LHI funds was a conversion as to NextGear's interest in the collateral of its loan to LHI." Out of the stated amount, NextGear alleges that Antonio transferred $2,000,000 to Paul which came from funds that it was due from Antonio's sale of vehicles in New Jersey out-of-trust. As to the balance of the amount subject to NextGear's conversion claim against Paul, it is alleged that "$976,823.10 [was] transferred to a Luxury Haus Leonia TD Bank account" and that "these funds were acquired

by Luxury Haus Lenoia at a time when NextGear had funded a substantial amount of transactions for LHI, and were funds drawn from LHI accounts where NextGear had made large deposits." However, it is not alleged that any of these events occurred in Pennsylvania and they all appear to have occurred in New Jersey based on the parties' exhibits. (*See* Docs. 23-2, 23-6, 30-3 & 3-4).

NextGear states this court can exercise personal jurisdiction over Paul regarding its conversion claim "because it would have been foreseeable that Paul and his brother, Antonio, would be sued in a location where [it is alleged that] illicitly-obtained funds were directed." However, even though NextGear alleges that Antonio used $76,000 of illicitly-obtained money to purchase the Poconos Property, the court finds that it lacks personal jurisdiction over Paul Gutierrez with respect to NextGear's conversion claim, Count III. As Paul points out, "all transfers of cash occurred in New Jersey", and "[t]here is no allegation ... that Paul holds the cash in an account in Pennsylvania." Nor is there any claim that Paul spent any of this money in Pennsylvania. Paul does not have minimum contacts with Pennsylvania regarding NextGear's conversion claim against him, and it would offend traditional notions of fair play and substantial justice by making Paul defend against this claim in Pennsylvania.

Thus, Paul's motion to dismiss NextGear's conversion claim against him

based on lack of personal jurisdiction will be granted.[4]

Next, Paul argues that venue in this district is not proper and that the complaint should be dismissed under Rule 12(b)(3) for forum *non conveniens*. The court finds that venue in this district is proper since it has already determined that it has personal jurisdiction over Paul regarding the fraudulent transfer claim, *see* Quinn v. Worldwide Comm'ns, Inc., 2011 WL 673748, at *5 (E.D.Pa. Feb. 16, 2011) ("Although venue may be proper in ... Washington or Colorado ..., it is clear that venue is proper in this District where this Court has determined that Defendants are subject to personal jurisdiction."), and since the Poconos Property, the purchase and conveyance of which gives rise to NextGear's claims against Paul, is located in this district. *See* §1391(b)(2); *see also* U.S. Bank Nat. Ass'n v. Lighthouse Whitehall Commons, LLC, 2012 WL 4473232, *2 (E.D.Pa. Sept. 28, 2012) (court held that "[v]enue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the property that is the subject of this action—namely, the Mortgaged Premises—is located in Whitehall Township, Lehigh County, Pennsylvania, which is located in this judicial district."). Moreover, NextGear alleges that Antonio Gutierrez used illegally-procured funds, i.e., the $76,000.00 that he allegedly obtained from selling vehicles out-of-trust, in this district to purchase the Poconos Property.

---

[4]Also, since Paul Gutierrez is not subject to personal jurisdiction in this district regarding NextGear's conversion claim against him, since no events regarding this claim occurred here and since the subject money is not located here, venue is not proper in this district as to this claim.

17

Additionally, the court will not transfer this case to New Jersey based on forum *non conveniens* as Paul requests. "In reviewing a Rule 12(b)(3) motion to dismiss for forum *non conveniens*, the Court must determine whether (1) an adequate alternative forum exists in which the case may be brought against all defendants and (2) that private and public interest factors weigh heavily in favor of dismissal." MacKay, 747 F.Supp.2d at 502 (citation omitted). New Jersey is not an adequate alternative forum since only this federal court has subject matter jurisdiction over the Poconos Property. As NextGear states, "[t]he United States District Court for the District of New Jersey could not take any direct action against the Poconos Property because, ..., it has no subject jurisdiction over that property." Additionally, NextGear's forum choice is given "great deference", *see id.* at 503, and part of the relief sought by NextGear is for the appointment of a receiver in Pennsylvania so that the Poconos Property can be sold. A district court in New Jersey could not give NextGear all of the relief it is seeking in this case if it prevails, including appointment of a person with authority to sell the Poconos Property.

Based on the foregoing, there is no need to consider the private and public interest factors.[5]

---

[5]Even if the court did consider the private and public interest factors, *see* MacKay, 747 F.Supp. 2d at 502, they do not "weigh heavily in favor of dismissal." The burden is on Paul Gutierrez to show that venue is improper, *see id.*, and he has not met his burden. As NextGear states, (Doc. 24 at 13-14), the evidence shows that both factors weigh in favor of keeping this case

Thus, Paul's motion to transfer this case to New Jersey based on forum *non conveniens* will be denied and NextGear's choice of venue in this district will not be altered as to Count I.

As his next contention, Paul Gutierrez argues that the New Jersey Entire Controversy Doctrine bars NextGear's claims against him. "The Doctrine thus requires a party to bring in one action 'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." Rycoline Products, Inc. v. C & W, 109 F.3d 883, 885 (3d Cir. 1997) (citations omitted). The Doctrine is related to the general principles of *res judicata*. Id. at 886. The Entire Controversy Doctrine is "an affirmative defense," and "does not defeat the subject matter jurisdiction of a federal court." Id. As an affirmative defense under Fed.R.Civ.P. 8(c), the Doctrine can be "the grounds for a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6)." Id.

---

in this district, including the following:

> "key third-party witnesses with documents relevant to NextGear's claims in this district" such as, "the law firm that handled the September 28, 2016 transfer from Antonio Gutierrez to Paul Gutierrez is located in Stroudsburg, Pennsylvania," and "the title agency that handled Antonio Gutierrez's closing in April of 2016 is located in Scranton, Pennsylvania." Also, "[t]he grantors who first transferred the Poconos Property to Antonio Gutierrez also appear to be located in Monroe County", and discovery will be simplified in this district since NextGear will be able to access and inspect the Poconos Property. This district also "has an interest in addressing matters of real property that are located here."

The Doctrine is part of the substantive law of New Jersey, "by virtue of the Full Faith and Credit Act", id. at 887, however, New Jersey law does not apply to this case. Nonetheless, in construing the Doctrine as an affirmative defense of *res judicata*, there is no merit to Paul's Rule 12(b)(6) motion to dismiss since he was not joined as a party in the pending New Jersey Action and, NextGear's instant claims against him are not part of that action and, thus could not have been brought in one single action. Any judgment that may be obtained by NextGear in the New Jersey Action against Antonio and his wife would not apply to Paul. Thus, the present action regarding the alleged unlawful transfer of the Poconos Property from Antonio to Paul do not involve the same underlying facts as in the New Jersey Action. As such, Paul's Rule 12(b)(6) motion to dismiss based on traditional *res judicata* principles will be denied. *See id.* ("the entire controversy doctrine only precludes successive suits involving related claims.") (citation omitted).

Finally, Paul Gutierrez contends that the court should abstain from deciding the instant case apparently based on the *Younger* abstention doctrine in light of the pending New Jersey Action against Antonio and his ex-wife Edith. *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). The Supreme Court has recognized "a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable harm to a federal plaintiff." Moore

v. Sims, 442 U.S. 415, 423 (1979)(discussing the abstention doctrine articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), and determining that it applies to civil, as well as criminal, proceedings). "Under *Younger*, federal courts will abstain from, and therefore dismiss, claims otherwise within the scope of federal jurisdiction when 'exceptional circumstances ... justify a federal court's refusal to decide a case in deference to the States.'" Mikhail v. Kahn, 991 F.Supp.2d 596, 626 (E.D.Pa. 2014) (citing Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 134 S.Ct. 584, 591 (2013)).

As NextGear explains, (Doc. 24 at 18), in its brief:

> Paul Gutierrez does not identify a single issue in the New Jersey Action which qualifies as "an important state interest." Instead, that dispute revolves around one private party, a lender, NextGear, seeking to enforce its rights and collect on two judgments obtained against two, different private persons, Antonio Gutierrez and Edith Gutierrez. Moreover, adequate relief is not available to NextGear in the New Jersey Action. Through the present action, NextGear is seeking to execute upon the Poconos Property as a transfer made in violation of Pennsylvania law. Because this claim involves real estate located in Pennsylvania, there is nothing a court in New Jersey can do to directly affect this property.

As such, the present case and the New Jersey Action involve different parties and different issues, i.e., the former involves the Poconos Property and the latter involves the New Jersey Commercial Property. Thus, simply put, the *Younger* abstention doctrine does not apply to the instant case since Paul is not a party in the New Jersey Action and NextGear's instant claims against him regarding the Poconos Property are not part of that action. *See* Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (Third Circuit stated that "district

courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding.").

## IV. CONCLUSION

For the reasons discussed above, Paul Gutierrez's motion to dismiss, (Doc. 9), NextGear's complaint, (Doc. 1), is **GRANTED IN PART** and **DENIED IN PART**. Paul Gutierrez's motion to dismiss is **GRANTED** for lack of personal jurisdiction with respect to Count III of NextGear's complaint, conversion claim, and this claim is **DISMISSED**. Paul Gutierrez's motion to dismiss is **DENIED** with respect to Count I of NextGear's complaint, fraudulent transfer claim regarding the Poconos Property. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Date: April 29, 2019**

18-1617-01.wpd