**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:18-1617** |
| : | |
| v : | |
| : | **(JUDGE MANNION)** |
| **ANTONIO L. GUTIERREZ and** | |
| **PAUL GUTIERREZ,** : | |
| : | |
| **Defendants** | |

## MEMORANDUM

Pending before the court is defendant Antonio Gutierrez's ("Antonio") combined motion to set aside the default, under Fed.R.Civ.P. 55(c), which was entered against him for failure to respond to the complaint of plaintiff NextGear Capital, Inc. ("NextGear"), and a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2), (b)(3), as well as 12(b)(6). (Doc. 20). Antonio contends that the four relevant factors all weigh in favor of setting aside the default that was entered against him. In support of his motion to dismiss, Antonio argues *inter alia*: that this court lacks personal jurisdiction over him; that venue is not proper in this court; that the case should be transferred to the District Court for New Jersey based on forum *non-conveniens*; and that this case is barred by the Full Faith and Credit Doctrine, the Entire Controversy Doctrine, and the Doctrine of Abstention. The court will **GRANT** Antonio's motion to set aside the default. Antonio's motion to dismiss NextGear's complaint will be **GRANTED IN PART** and **DENIED IN**

**PART**. Since the court has personal jurisdiction over Antonio, and venue is proper, the motion will be **DENIED** under Rule 12(b)(2) and 12(b)(3) with respect to NextGear's fraudulent transfer claim. The motion under Rule 12(b)(6) with respect to NextGear's fraudulent transfer claim will also be **DENIED** since NextGear's complaint is not barred by the stated doctrines. Antonio's motion to dismiss will be **GRANTED** with respect to NextGear's conversion claim since this court does not have personal jurisdiction over him regarding this claim.

**I.    BACKGROUND**[1]

Briefly, Antonio operated an automobile dealership in New Jersey through his company Luxury Haus, Inc. ("LHI"). NextGear provided floor plan financing to LHI. NextGear filed an action against LHI and Antonio in New Jersey state court (the "New Jersey Action") alleging that Antonio sold 81 floor planned vehicles out-of-trust and converted the proceeds to his own use. NextGear's New Jersey Action against Antonio involves the commercial property as well as its claim that Antonio misappropriated in excess of $2,000,000.00 in funds owed to NextGear. On April 30, 2018, NextGear obtained a $4.5 million judgment against LHI and Antonio in the New Jersey

---

[1]Since the court stated much of the relevant background of this case in its April 29, 2019 Memorandum pertaining to Paul's motion to dismiss NextGear's complaint, (Doc. 31), it will not be fully repeated herein.
   Also, since the relevant standards regarding Antonio's motion to dismiss were stated in the court's prior Memorandum, they will not be repeated.

2

Action. On October 26, 2018, NextGear obtained a $507,000.00 judgment against Antonio's ex-wife, Edith Gutierrez ("Edith"), in the New Jersey Action.

NextGear filed its instant complaint on August 16, 2018, against brothers Antonio Gutierrez and Paul Gutierrez. NextGear alleges that on April 8, 2016 Antonio used $76,000 that he obtained from improperly selling some of the vehicles subject to its floor plan financing for LHI out-of-trust to purchase a residential property in Monroe County, Pennsylvania (the "Poconos Property"). NextGear alleges that Antonio conveyed the Poconos Property to his brother, Paul Gutierrez, for $1.00 on September 28, 2016. NextGear asserts fraudulent transfer claims against Paul and Antonio, Counts I & II, respectively, alleging that the transfer of the Poconos Property from Antonio to Paul was done in violation of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), 12 Pa.C.S.A. §5104. NextGear requests the court to set aside the transfer of the Poconos Property, to issue an injunction regarding the Poconos Property, and to appoint a receiver, pursuant to 12 Pa.C.S. §5107(a)(3)(ii), to take charge of and sell this property. NextGear further asserts conversion claims against Paul and Antonio in Counts III & IV, respectively, alleging that "Antonio's transfer of $2,976,823.10 to Paul in LHI funds was a conversion as to NextGear's interest in the collateral of its loan to LHI." NextGear also alleges, (Doc. 1 at ¶'s 59-60), that:

> 59. As to the $2,000,000.00 Paul was to "hold" for Antonio that is the subject of Antonio's criminal case [pending in the New Jersey], these funds were admittedly funds that had to be remitted to NextGear in relation to vehicles that were sold out-of-trust. Thus, by transferring these funds to Paul, Antonio deprived

3

NextGear of the opportunity to be in receipt of these specific funds.

60. As to the $976,823.10 transferred to a Luxury Haus Leonia TD Bank account by LHI, these funds were acquired by Luxury Haus Lenoia at a time when NextGear had funded a substantial amount of transactions for LHI, and were actually funds drawn from LHI accounts where NextGear had made large deposits.

As such, NextGear also requests a finding that Antonio's "transfer of funds was a conversion of NextGear's interest in those funds", and "an award of a monetary judgment against Antonio Gutierrez in at least the amount of $1,599,823.10 in relation to the funds he transferred from LHI."

On September 28, 2018, NextGear served the summons and its complaint on Antonio and, it served Paul on October 1, 2018. (Docs. 5 & 6). Since neither defendant filed an answer or responsive pleading, NextGear served both defendants on October 25, 2018 with a request for their concurrence to its proposed motion to enter default. On October 31, 2018, NextGear received a response from Paul's counsel regarding an extension for the "defendant." NextGear states that it granted an extension to Paul.[2] NextGear did not receive a request for an extension of time from Antonio regarding the deadline to respond to its pleading. Thus, on November 6, 2018, NextGear filed a request for entry of default, pursuant to Fed.R.Civ.P.

---

[2]The court notes that under its Order regarding case procedures, (Doc. 3), the parties were specifically told that only the court can grant a party an extension of time in the case regarding any filing that is due. Agreements between the parties without approval by an order of the court are not honored. The parties are reminded not to approve of any further extensions of time between themselves.

4

55(a), against Antonio. (Doc. 7). The next day, the clerk of court entered default against Antonio. (Doc. 8).

On December 7, 2018, Antonio filed his instant motion to set aside the default, under Fed.R.Civ.P. 55(c), along with his motion to dismiss. (Doc. 20). He also submitted exhibits and his Declaration in support of his motion. On December 21, 2018, Antonio filed his brief in support. (Doc. 25). NextGear filed its brief in opposition on January 4, 2018, along with exhibits and a Declaration. (Docs. 29 & 30). NextGear opposes only Antonio's motion to dismiss and it did not oppose his motion to set aside the default.

## II. DISCUSSION

Initially, the court will grant Antonio's motion to set aside the default since NextGear has not opposed it. *See* Local Rule 7.6, M.D.Pa. In its brief in opposition, (Doc. 29 at 8 n. 7), NextGear notes that it does not oppose Antonio's request to vacate the default entered against him and that it prefers the case to be disposed of on the merits.

Moreover, the court finds that Antonio is entitled to have the default entered against him set aside under Rule 55(c), since there is no prejudice to NextGear, the proceedings will not be adversely impacted, he has a meritorious defense to one of NextGear's claims, and he has shown good cause and acted in good faith.[3] (*See* Antonio's Declaration, Doc. 21).

---

[3]The court may set aside an entry of default for good cause shown. Fed.R.Civ.P. 55(c). It is within the discretion of the court as to whether an

5

Since Antonio's motion to set aside the default will be granted, the court will now consider his motion to dismiss and construe it as his response to NextGear's complaint.

Jurisdiction is a threshold issue and thus the court will first address Antonio's contention that NextGear's complaint should be dismissed under [Fed.R.Civ.P. 12(b)(2)](#) because he is not subject to the court's jurisdiction.[4] Since both parties have submitted evidence regarding the issue of whether the court has personal jurisdiction over Antonio, NextGear cannot rely on bare pleadings in its complaint to establish that the court has personal jurisdiction over him.

NextGear alleges that "Paul and Antonio are subject to personal jurisdiction in Pennsylvania because this dispute revolves around the

---

entry of default should be set aside. *See* [Damboch v. United States, 211 Fed. Appx. 105, 109 (3d Cir. 2006)](#). The court must consider the following three factors in determining whether to set aside an entry of default: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced by vacating the default; and (3) whether the default occurred as a result of the defendant's culpable conduct. Id. *See also* [Budget Blinds, Inc. v. White, 536 F.3d 244, 256 (3d Cir. 2008)](#) (citing United States v. $55,518.05 in [U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)](#)). Any doubt should be resolved in favor of setting aside the default and reaching a decision on the merits. [Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983)](#); *see also* [Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987)](#); U.S. v. $55,158.05 in [U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)](#).

The court also notes that since it is granting Antonio's motion to dismiss NextGear's conversion claim for lack of personal jurisdiction, he clearly has a meritorious defense to this claim.

[4]Since the court has stated the standards regarding general and specific jurisdiction in its prior Memorandum, they will not be repeated.

6

improper transfer of real estate occurring in Pennsylvania and the improper receipt of funds by Paul as part of the same scheme involving the purchase of the subject real estate."

Antonio argues that he did not have either "continuous and systematic" or "extensive and pervasive" contact in Pennsylvania. Indeed, he contends that he did not have any contact with Pennsylvania. He states that neither he nor Paul had "direct sales, maintenances of a sales force, advertise to target residence, or derive a significant slice of revenue from activities in Pennsylvania." Antonio also points out that he resides in New Jersey and that his businesses are located in New Jersey. He states that there is "no allegation that [he] ever entered Pennsylvania with respect to the conveyance of the [Poconos] Property", and that "[his] Declaration establishes that all documents to effect conveyance of the Property were executed in New Jersey."

Specifically, as to the transfer of the Poconos Property, Antonio avers in his Declaration, (Doc. 21 at ¶'s45-50), as follows:

> The transactions regarding the Poconos Property are located in New Jersey including all of the witnesses and documents. I am currently involved in a protracted divorce action with my wife, Defendant Edith Gutierrez, that is still pending to this day with venue located in Bergen County, New Jersey. The Poconos Property was part of the divorce action along with other assets that were owned by us. [A]ll the parties regarding what occurred with the Poconos Property are located in the State of New Jersey, and no one is located in the Commonwealth of Pennsylvania. All of the closing documents regarding the transaction were signed in New Jersey and mailed into the Commonwealth of Pennsylvania. When the property was transferred, I did not go to the Commonwealth of Pennsylvania and neither did

7

Defendant Paul Gutierrez.

As such, Antonio contends that he has established that the sale of the Poconos Property occurred in New Jersey. Further, he states that all transfers of cash at issue occurred in New Jersey, and that there is no claim that he holds any of the subject cash in an account in Pennsylvania. In particular, Antonio avers in his Declaration, (Doc. 21 at ¶20), that "the bulk of the business transactions between Plaintiff NextGear and Luxury Haus were located in the State of New Jersey", and that he does "not recall anything that occurred with Plaintiff NextGear in the Commonwealth of Pennsylvania."

Based on the above facts, the court finds that it does not have general jurisdiction over Antonio regarding either of NextGear's claims against him since he does not maintain "continuous and systematic" contacts with Pennsylvania.

"Specific personal jurisdiction over a defendant exists when: (1) the defendant 'purposefully directed [its] activities' at the forum; and (2) the litigation 'arise[s] out of or relate[s] to' at least one of the defendant's activities in Pennsylvania. Plumbers' Local Union No. 690 Health Plan v. Apotex Corp., 2017 WL 3129147, *5 (E.D.Pa. July 24, 2017) (citation omitted). "If the 'purposeful availment' and 'relatedness' requirements are met, a court may exercise personal jurisdiction as long as the assertion of jurisdiction 'comport[s] with 'fair play and substantial justice.'" Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

In determining whether Antonio "purposefully avails itself of the privilege

of conducting activities within [Pennsylvania]", the court recognizes that "[p]hysical presence in the forum is not required, '[b]ut what is necessary is a deliberate targeting of the forum.'" Plumbers' Local Union, 2017 WL 3129147, *5 (citations omitted). *See also* Britax Child Safety, Inc. v. Nuna International B.V., 321 F.Supp.3d 546, 554 (E.D.Pa. 2018)("a defendant must act so as to enjoy the 'privilege of conducting activities within the forum state.'") (citations omitted).

NextGear states that Antonio admitted that he used $76,000.00 that he obtained from selling vehicles out-of-trust to purchase the Poconos Property. NextGear states that many courts in Pennsylvania have held that "the ownership, or agreement to purchase, real estate in Pennsylvania subjects someone to personal jurisdiction in Pennsylvania for claims related to the property that is involved." It states that Antonio's purchase and subsequent transfer of ownership of real estate located in Pennsylvania, i.e., the Poconos Property, to Paul permits this court to exercise personal jurisdiction over him. It cites to, in part, Filsam Corp. v. Dyer, 422 F. Supp. 1126, 1130 (E.D.Pa. 1976), stating that the court held "the entry into one agreement to transfer real estate in Pennsylvania 'satisfies the single act requirement of section 8309(a)(2).'" NextGear further points out that it is undisputed that Antonio solely purchased the Poconos Property on April 8, 2016, and that he then transferred the Property to his brother Paul on September 28, 2016, "days before [Antonio's] company's substantial credit line with NextGear was locked. NextGear contends that under 42 Pa.C.S. §5322, a court in Pennsylvania can

9

exercise personal jurisdiction over a non-resident defendant when that defendant owns real estate in Pennsylvania.

Section 5322(a)(1)(v) provides that "[a] tribunal of this Commonwealth may exercise personal jurisdiction over a person [ ] who acts directly or by an agent, as to a cause of action" and, that "[t]ransacting any business in this Commonwealth" includes "[t]he ownership, use or possession of any real property situate within this Commonwealth." Transacting business in the Commonwealth also includes "[h]aving an interest in, using, or possessing real property in this Commonwealth." *See* §5322(a)(1).

Specific jurisdiction focuses on the particular acts of the defendant that are the basis for the underlying cause of action. Antonio clearly engaged in activity in Pennsylvania by purchasing real estate in Pennsylvania and, by then transferring the property to Paul which is sufficient for this court to effect personal jurisdiction over him even though he is a nonresident in this Commonwealth. *See* §5322(a)(1). After his purchase of the Poconos Property, Antonio's deed was recorded in Monroe County. Also, by owning property in Pennsylvania, Antonio had certain obligations he had to meet in the state, including the payment of real estate taxes on Poconos Property in Pennsylvania and subjecting himself to suit in Pennsylvania if someone was injured on the property.

The relatedness factor is also met as to Antonio and NextGear's fraudulent transfer claim. *See* <u>O'Connor v. Sandy Lane Hotel Co.</u>, 496 F.3d 312, 317 (3d Cir. 2007) ("[S]pecific jurisdiction is confined to adjudication of

10

'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'") (citation omitted). No doubt that one of NextGear's present claims involve Antonio's purchase of the Poconos Property and his subsequent transfer of it to Paul.

As such, the court can exercise personal jurisdiction over Antonio because NextGear's fraudulent transfer claim against him arises from his purchase of and later transfer of the Poconos Property to Paul. Based on these facts, the court finds that Antonio has purposefully availed himself of the benefits and protections of Pennsylvania by owning a home within the Commonwealth and, then by transferring the Property to Paul.

Since the 'purposeful availment and 'relatedness requirements are met, the court must determine whether the assertion of personal jurisdiction over Paul comports with "fair play and substantial justice." *See* Kanaan, 2012 WL 1835534, *8 ("The exercise of personal jurisdiction over a defendant, whether general or specific, must comport with 'traditional notions of fair play and substantial justice,' such that the parties can 'reasonably anticipate being haled into court [in this forum].'").

Antonio claims that it would offend the notions of fair play and substantial justice to require him to defend against NextGear's claims in Pennsylvania since it already initiated the New Jersey Action against him and should have included its present claims in that case. The court finds no merit to Antonio's contention since the New Jersey Action concerns the New Jersey property which is not subject to NextGear's fraudulent transfer claims in this

11

court, and the claims in this case involve the Poconos Property, which this court has previously found could not have been added in the New Jersey Action.

Thus, Antonio can be sued in Pennsylvania for NextGear's claim related to the Poconos Property, i.e., fraudulent transfer claim, Count II.

NextGear also opposes Antonio's motion to dismiss its conversion claim against him. NextGear states that "[f]or the same reasons it articulated as to its conversion claims against Paul Gutierrez, NextGear believes personal jurisdiction would exist over these same conversion claims brought against Antonio Gutierrez in this district." However, the court has now found that there is no personal jurisdiction over Paul with respect to NextGear's conversion claim and this claim was dismissed.

Based on the court's reasoning detailed in its April 29, 2019 Memorandum regarding whether the court could exercise personal jurisdiction over Paul with respect to NextGear's conversion claim, the court will also grant Antonio's motion to dismiss NextGear's conversion claim against him, Count IV, based on lack of personal jurisdiction.[5]

Antonio next argues that this case is barred under the doctrines of collateral estoppel and issue preclusion under Pennsylvania law. Antonio contends that "[t]he issue regarding the [Poconos Property] should have been

---

[5] Also, since Antonio is not subject to personal jurisdiction in this district regarding NextGear's conversion claim against him, since no events regarding this claim occurred here and since the subject money is not located here, venue is not proper in this district as to this claim.

12

litigated in [the New Jersey Action], not in this federal court" because "[u]nder the doctrine of collateral estoppel, or issue preclusion, a final judgment forecloses Plaintiff from this successive litigation in the Pennsylvania federal court."

Under Pennsylvania law, the following five conditions must exist for issue preclusion to apply: "(1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom [the doctrine] is asserted has had a full and fair opportunity to litigate the issue in question in the prior action; and (5) the determination in the prior proceeding was essential to the judgment." Metro Edison Co. v. PA PUC, 767 F.3d 335, 351 (3d Cir. 2014). (citation omitted). The issues decided in the New Jersey Action did not involve the Poconos Property and NextGear's instant claim that Antonio's purchase of and transfer of the Poconos Property to Paul on September 28, 2016 violated the PUVTA. Further, as this court has already found, it has subject matter jurisdiction over the Poconos Property and not the court in the New Jersey Action. Thus, any judgments entered in the New Jersey Action with respect to Antonio did not have preclusive effect regarding NextGear's fraudulent transfer claim since the New Jersey court did not have subject matter jurisdiction with respect to the Poconos Property. *See* Metro Edison Co., 767 F.3d at 357-358 (Third Circuit recognized that "Pennsylvania's preclusion law appears to require

13

subject matter jurisdiction in the first proceeding for a decision made in that proceeding to have preclusive effect.") (citation omitted).[6]

Thus, any prior judgment entered against Antonio in the New Jersey Action does not have preclusive effect in this case.

Antonio also argues that venue in this district is not proper. As the court found regarding Paul's motion to dismiss, venue in this district as to Antonio is proper since it has already determined that it has personal jurisdiction over him regarding NextGear's fraudulent transfer claim, *see* Quinn v. Worldwide Comm'ns, Inc., 2011 WL 673748, at *5 (E.D.Pa. Feb. 16, 2011) ("Although venue may be proper in ... Washington or Colorado ..., it is clear that venue is proper in this District where this Court has determined that Defendants are subject to personal jurisdiction."), and since the Poconos Property, the purchase and conveyance of which gives rise to NextGear's stated claim against Antonio, is located in this district. *See* §1391(b)(2); *see also* U.S. Bank Nat. Ass'n v. Lighthouse Whitehall Commons, LLC, 2012 WL 4473232, *2 (E.D.Pa. Sept. 28, 2012) (court held that "[v]enue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the property that is the subject of this action—namely, the Mortgaged Premises—is located in Whitehall Township, Lehigh County, Pennsylvania, which is located in this judicial district."). Moreover, NextGear alleges that Antonio used

---

[6]The Full Faith and Credit Statute "require[s] a federal court to look to state law to determine the preclusive effect of a prior state judgment." Metro Edison Co., 767 F.3d 350-51 (citation omitted). As such, Pennsylvania's preclusion law applies in this case. *See id.*

illegally-procured funds, i.e., the $76,000.00 that he allegedly obtained from selling vehicles out-of-trust, in this district to purchase the Poconos Property.

Further, as the court has found with respect to Paul's motion, this district is the only venue where the relief sought by NextGear regarding its fraudulent transfer claim against both defendants can be obtained.

Nor will the court grant Antonio's request to transfer this case to New Jersey based on forum *non conveniens*.[7] As the court found with respect to Paul's motion, New Jersey is not an adequate alternative forum since only this federal court has subject matter jurisdiction over the Poconos Property. As NextGear states, "[t]he United States District Court for the District of New Jersey could not take any direct action against the Poconos Property because, ..., it has no subject jurisdiction over that property." Additionally, NextGear's forum choice is given "great deference", *see* MacKay, 747 F.Supp.2d at 503, and part of the relief sought by NextGear is for the appointment of a receiver in Pennsylvania so that the Poconos Property can be sold. A district court in New Jersey could not give NextGear all of the relief it is seeking in this case if it prevails, including appointment of a person with authority to sell the Poconos Property.

Based on the foregoing, the court again finds that there is no need to

---

[7]Since the court stated the standard for reviewing a Rule 12(b)(3) motion to dismiss for forum *non conveniens* in its prior Memorandum, it will not be repeated.

consider the private and public interest factors.[8]

Thus, Antonio's motion to transfer this case to New Jersey based on forum *non conveniens* will be denied and NextGear's choice of venue in this district will not be altered as to Count II.

Additionally, Antonio contends that the court should abstain from deciding the instant case apparently based on the *Younger* abstention doctrine in light of NextGear's pending New Jersey Action against Antonio and his ex-wife Edith Gutierrez and the divorce proceeding between Antonio and Edith.[9]

As to NextGear's New Jersey Action, the *Younger* abstention doctrine simply does not apply to the present case since this court has found that NextGear could not raise its instant fraudulent transfer claim under PUVTA regarding the Poconos Properly in the New Jersey Action it filed against Antonio and Edith. Thus, NextGear could not obtain adequate relief in the New Jersey Action, i.e., to set aside the transfer of the Poconos Property from Antonio to Paul and to execute upon this property. Nor is there any issue in the New Jersey Action which constitutes "an important state interest." *See* Hamilton v. Bromley, 862 F.3d 329, 332 (3d Cir. 2017) ("Under the [Supreme] Court's *Younger* jurisprudence, federal courts are obligated to abstain from

---

[8]As the court noted and explained in its prior Memorandum, even if the court did consider the private and public interest factors, *see* MacKay, 747 F.Supp. 2d at 502, they do not weigh in favor of dismissal.

[9]Since the court defined the *Younger* abstention doctrine in its prior Memorandum, it does not do so here.

16

exercising their jurisdiction where it would interfere with 'state criminal prosecutions,' certain 'civil enforcement proceedings,' or 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.") (citation omitted). As NextGear states, the New Jersey Action "revolves around one private party, a lender, NextGear, seeking to enforce its rights and collect on two judgments obtained against two, different private persons, Antonio Gutierrez and Edith Gutierrez."

Further, it is of no moment that Antonio claims the Poconos Property is part of the divorce proceedings between he and Edith since NextGear has shown that "the events related to the initiation of Antonio Gutierrez's divorce preceded his purchase of the Poconos Property by several months and involved such divisive issues as domestic violence and restraining orders, [and thus] the Poconos Property cannot be considered an asset that was acquired 'in pursuit of the shared enterprise of a marriage.'" (Doc. 29 at 22-23) (citing Thieme v. Aucoin-Thieme, 227 N.J. 269, 285, 151 A.3d 545, 555 (2016) (Supreme Court of New Jersey defined a marital asset as one "which was earned, or otherwise acquired, during the period in which the parties acted in pursuit of the shared enterprise of a marriage")). Also, Antonio's divorce began in December of 2015, and he alone bought the Poconos Property in April of 2016.

Additionally, *Younger* abstention is not appropriate based on the New Jersey divorce proceeding between Antonio and Edith since the state is not a party and since it is "not a state criminal proceeding, a state civil

17

enforcement proceeding, or a state civil proceeding involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Strom v. Corbett, 2015 WL 4507637, *9 (W.D.Pa. May 18, 2015). As such, the instant case will not hinder the divorce case between Antonio and Edith.

Moreover, the pending New Jersey divorce proceeding between Antonio and Edith does not prevent this court from deciding a claim, such as NextGear's fraudulent transfer claim under PUVTA, over which it has jurisdiction. *See id.* (court held that *Younger* abstention does not apply to state court divorce proceedings); *see also* Healy v. Attorney Gen. Pa., 563 Fed.Appx. 139, 142 n.3 (3d Cir. 2014) (Third Circuit noted that based on the Supreme Court's decision in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 134 S.Ct. 584 (2013), it appeared that *Younger* abstention does not apply to state court divorce proceedings).

Finally, Antonio argues that the New Jersey Entire Controversy Doctrine bars NextGear's claim against him.[10] Suffice to say that the court will again construe the assertion of the Doctrine as an affirmative defense of *res judicata* and as a Rule 12(b)(6) motion to dismiss. The court finds no merit to Antonio's Rule 12(b)(6) motion since NextGear's instant fraudulent transfer claim against him is not part of the New Jersey action and does not involve the same underlying facts as the New Jersey Action and, thus this claim could

---

[10]Since the court explained this Doctrine in its prior Memorandum, it does not do so here.

not have been brought in one single action. In fact, as NextGear points out, its present claim pertaining to the Poconos Property was "unknown or unaccrued at the time judgments [against Antonio and Edith] were entered in the New Jersey Action." As such, NextGear clearly did not have a "fair and reasonable opportunity" to litigate its instant fraudulent transfer claims against Antonio and Paul in the New Jersey Action.

Any judgment that NextGear obtained against Antonio and Edith in the New Jersey Action simply has no effect on the present case regarding the alleged unlawful transfer of the Poconos Property from Antonio to Paul. As such, Antonio's Rule 12(b)(6) motion to dismiss based on traditional *res judicata* principles will be denied.

## IV. CONCLUSION

For the reasons discussed above, Antonio Gutierrez's motion to set aside the default entered against him, **(Doc. 20)**, is **GRANTED**, and the clerk of court is directed to **VACATE** the entry of default, **(Doc. 8)**, as against Antonio Gutierrez. Antonio Gutierrez's motion to dismiss, **(Doc. 20)**, NextGear's complaint, (Doc. 1), is **GRANTED IN PART** and **DENIED IN PART**. Antonio Gutierrez's motion to dismiss is **GRANTED** for lack of personal jurisdiction with respect to Count IV of NextGear's complaint, conversion claim, and this claim is **DISMISSED**.

Antonio Gutierrez's motion to dismiss is **DENIED** with respect to Count II of NextGear's complaint, fraudulent transfer claim regarding the Poconos

Property. An appropriate order shall follow.

                                        s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**Date: April 29, 2019**

18-1617-02.wpd