# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ———————————————— | : | CIVIL ACTION |
| NEXTGEAR CAPITAL, INC. | : | |
|  | : | 3:18-CV-01617-MEM |
| Plaintiffs | : | (Judge Mannion) |
|  | : | |
| vs. | : | |
|  | : | |
| ANTONIO L. GUTIERREZ, | : | |
| PAUL GUTIERREZ, | : | |
|  | : | |
| Defendants | : | ELECTRONICALLY FILED |
| ———————————————: | | |

## DEFENDANT'S, PAUL GUTIERRIEZ, ANSWER TO COMPLAINT

Defendant, PAUL GUTIERREZ ("Paul"), for himself only, and separately from the remaining defendant named in this action, by his attorneys, Grabowski Law Offices, LLC, answers the Plaintiff's Complaint filed on August 16, 2018 and pursuant to the Courts April 29, 2019 Order as follows:

### First Defense

1.    Admitted upon information and belief.

2 - 3.  Admitted.

4 - 6. No answer required as the Court ruled as to personal and subject matter jurisdiction, as well as venue, per its order dated April 29, 2019 (Document No. 34).

7 - 29.      No answer required as the averments of these paragraphs are the factual predicate for plaintiff's claims as set forth in Counts III and IV of the complaint, which have been dismissed by the Court's orders dated April 29, 2019 (Document Nos. 32 and 34).

30.      Admitted in part and denied in part. It is admitted that Paul purchased the Property. The averment that LHI defaulted on the loan to Next Gear is denied as a conclusion of law. The remaining averments of this paragraph are denied as Exhibit M is a writing that speaks for itself as to the alleged details of the purchase of the Property.

31.      Denied as Exhibit N is a writing that speaks for itself.

32.      Admitted in part and denied in part. It is admitted that LHI's line of credit was locked sometime after Paul conveyed the Property to Paul. The remaining averments of this paragraph are denied as Paul is without knowledge or information sufficient to form a belief as to the notice that NextGear alleged it received.

33.      Denied as Exhibit O is a writing that speaks for itself.

34.      Admitted in part and denied in part. It is admitted that NextGear has recorded its judgment in New Jersey. The remaining averments of this paragraph as to the effect of the entry of judgment are denied as a conclusion of law.

35.      Denied as Exhibit P is a writing that speaks for itself.

36.     Denied as Exhibit Q is a writing that speaks for itself.

## COUNT I

37.     The averments of paragraphs 1- 36, above, are realleged as though fully set forth at length.

38. – 43.     Denied.

## COUNT II

44.     The averments of paragraphs 1- 43, above, are realleged as though fully set forth at length.

45. – 50.     No answer required as the averments of these paragraphs do not purport to set forth a claim or cause of action against Paul.

WHEREFORE, defendant, Paul Gutierrez, requests that the Court dismiss Count II of the complaint with prejudice and enter judgment in his favor thereon together with costs and such other relief as the Court may deem just and proper.

## COUNT III

51. – 55.     No answer required as Count III was dismissed per the April 29, 2019 Order (Document No. 32).

## COUNT IV

56. – 60.     No answer required as Count IV was dismissed per the April 29, 2019 Order (Document No. 34).

COUNT V

61.   The averments of paragraphs 1- 43, above, are realleged as though fully set forth at length.

62. – 65.   Denied.

WHEREFORE, defendant, Paul Gutierrez, requests that the Court dismiss Count V of the complaint with prejudice and enter judgment in his favor thereon together with costs and any such relief as the Court may deem just and proper.

COUNT VI

66.   The averments of paragraphs 1- 65, above, are realleged as though fully set forth at length.

67. – 71.   Denied.

WHEREFORE, defendant, Paul Gutierrez, requests that the Court dismiss Count VI of the complaint with prejudice and enter judgment in his favor thereon together with costs and such other relief as the Court may deem just and proper.

**Second Defense**

Counts I, V and VI of the complaint fail to state a claim or cause of action against Paul upon which relief may be granted.

### Third Defense

NextGear's request for appointment of a receiver should be denied as it may protect its alleged interest in the Property by other means.

### Fourth Defense

NextGear's claims for monetary relief should be denied or reduced to the extent that it may be determined that it has failed to mitigate its alleged damages.

### Fifth Defense

Any and all damages sustained by NextGear are the result of its own risk and cause.

Paul reserves the right to assert any additional defenses that may become apparent during the course of this action.

WHEREFORE, defendant, Paul Gutierrez, requests that the Court dismiss NextGear's complaint with prejudice and enter judgment in his favor thereon together with costs and such other relief as the Court may deem just and proper.

Dated:      May 10, 2019             Respectfully Submitted:

Grabowski Law Offices, LLC

By:    */s/ **Walter T. Grabowski***
        Walter T. Grabowski
        Pa. Attorney ID 28296

        61 N. Washington Street
        Wilkes-Barre, PA 18701
        (570) 606-6100
        (570) 606-6106 FAX
        walter@grabowskilawoffices.com

Borce Martinoski, LLC

By:    */s/ **Borce Martinoski***
        Borce Martinoski
        New Jersey Registration 014442008
        Admitted Pro Hac Vice

        75 Essex Street
        Suite 220
        Hackensack, NJ 07601-4035
        (201) 343-7237
        martinoskilaw@gmail.com

        Attorneys for Defendant,
        Paul Gutierrez