**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | CASE NO.: 3:18-cv-01617 |
| | : | |
| v. | : | (Judge Mannion) |
| | : | |
| ANTONIO L. GUTIERREZ; PAUL | : | ELECTRONICALLY FILED |
| GUTIERREZ, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Pursuant to Local Rule of Court 16.3, the parties, after having conferred, submit the following Joint Case Management Plan:

1. <u>**Principal Issues**</u>

    1.1    Separately for each party, please give a statement summarizing this case:

    <u>NextGear:</u>

    **This fraudulent-transfer action arises from a September 28, 2016 transfer of real estate identified as Lot No. 33, Section II of the Penn Estates located in Monroe County (the "Property"). The transferor in this transaction was Defendant, Antonio L. Gutierrez ("Antonio"). The transferee in this transaction was Antonio's brother, Paul Gutierrez ("Paul"). On March 20, 2014, Antonio personally guaranteed a substantial loan made to Antonio's car dealership, The Luxury Haus, Inc. ("LHI"), by Plaintiff, NextGear Capital, Inc. ("NextGear"). NextGear provides floor-plan financing for automobile dealerships. In addition to being Antonio's brother, Paul was an officer of LHI. The deed for the September 28, 2016 transfer states that the Property was "purchased" by Paul for consideration of a $1.00.**

    **Multiple times, LHI defaulted on the loan made by NextGear by submitting fraudulently-inflated bills of sales seeking to secure the difference in the actual purchase price of a vehicle paid by a retail consumer of LHI and the price stated on the bill of sale submitted to NextGear by LHI. Within ten days of the September 28, 2016 transfer, LHI's credit line with NextGear was locked because LHI had been selling vehicles financed by NextGear without remitting the funds owed to NextGear for those vehicles, i.e., LHI was selling vehicles "out-of-trust." Within a matter of two weeks from when the September 28,**

2016 transfer of the Property occurred, NextGear filed a civil complaint in the New Jersey Superior Court seeking to recoup substantial funds due to NextGear by LHI and Antonio. Eventually, NextGear obtained a consent judgment against Antonio of $4,500,000.00 in reference to its claims.

Prior to filing this action, NextGear obtained an appraisal of the Property. NextGear's appraisal indicated that the current value of the Property was $168,000.00.   A title search revealed that there were no liens of record on the Property. Through this action, NextGear is seeking the entry of judgment against Antonio and Paul in reference to the value of the Property transferred on September 28, 2016, a voiding of that transfer, and the appointment of a receiver to sell the Property.

By defendant(s):

The defendants dispute that it is a fraudulent-transfer action, and disputes that the defendants was insolvent when the transfer occurred.   Defendants dispute the value of the property as being $168,000.

1.2     The facts the parties dispute are as follows:

    a)  Was the Property transferred on September 28, 2016 for adequate value?
    b)  Was the transfer of the Property on September 28, 2016 made between insiders?
    c)  Was the Property transferred on September 28, 2016 after LHI's default on the loan made by NextGear?
    d)  Was the transfer of the Property on September 28, 2016 done to evade creditors of Antonio?
    e)  Were the circumstances of the transfer of the Property on September 28, 2016 suspicious?
    f)  Is the current value of the Property $168,000?

agree upon are as follows:

    a)  The Property is located in the Poconos.
    b)  Antonio purchased the Property on April 8, 2016.
    c)  Antonio transferred the Property to Paul on September 28, 2016.
    d)  The consideration stated in the deed transferring the Property to Paul on September 28, 2016 was one dollar.

1.3     The legal issues the parties dispute are as follows:

By Plaintiff:     Whether the transfer of the Property on September 28, 2016 was

2

**completed in violation of 12 *Pa.C.S.A.* § 5104 and other provisions of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), and the remedies available to NextGear in relation to this transfer.**

The legal issues the parties <u>agree</u> upon are as follows:   **None.**

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:   **None.**

1.5    Identify any named parties that have not yet been served:   **None.**

1.6    Identify any additional parties that:

<u>NextGear intends to join</u>: **Subject to what is revealed during discovery, NextGear does not currently anticipate adding any additional parties to the pending litigation.   NextGear reserves its right to seek leave to amend its complaint should discovery reveal additional parties have been involved in a transfer of the Property.**

<u>Defendant(s) intends to join</u>:   **Defendants do not anticipate adding any additional parties.**

1.7    Identify any additional claims that:

<u>NextGear intends to add</u>: **None.**

<u>Defendant(s) intends to add</u>: **None.**

**2.0    <u>Disclosures</u>**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

<u>Name</u>                                    <u>Title/Position</u>

**1.    Corporate representatives of NextGear.**

3

2.      **Krystal McKenzie, Senior Recovery Specialist for NextGear.**

3.      **James G. Wilkins, James G. Wilkins Appraisals.**

4.      **Defendant, Antonio Gutierrez.**

5.      **Defendant, Paul Gutierrez.**

6.      **Records Custodian for Freedom Bank.**

7.      **Records Custodian for Landmark Community Bank.**

8.      **Records Custodian for Golden Dome Abstract.**

9.      **Records Custodian for Powlette & Field, LLC.**

10.     **Persons identified by any other parties to this suit.**


        Disclosed by <u>Defendant</u>:

                        <u>Name</u>                        <u>Title/Position</u>
**NONE**


**3.0    <u>Early Motions</u>**

        Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:   **See below.**

        <u>Nature of Motion</u>              <u>Moving Party</u>        <u>Anticipated Filing Date</u>

        Summary Judgment              NextGear             July 31, 2019


**4.0    <u>Discovery</u>**

        4.1     Briefly describe any discovery that has been completed or is in progress:

                <u>By NextGear:</u>

                **In advance of the conference scheduled for June 12th, NextGear anticipates serving its initial disclosures, potentially along with a request for admissions and request for inspection of the Property.**

4

By defendant(s):

**We anticipate serving our initial disclosures on or before June 12.**

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**NextGear may need to serve basic written discovery and a request for inspection of the Property.**

**Defendants may take the depositions of any of the individuals disclosed by the Plaintiffs above.**

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None currently known.**

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**NextGear believes that, until its motion for summary judgment is resolved, discovery should be limited to written discovery and a potential inspection of the Property.**

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1  depositions (excluding experts) to be taken by:

**plaintiff(s): <u>5</u>**          **defendant(s): <u>5</u>**

5

    4.5.2   interrogatories to be served by:

        **plaintiff(s):<u>25</u>**          **defendant(s): <u>25</u>**

    4.5.3   document production requests to be served by:

        **plaintiff(s): <u>35</u>**          **defendant(s): <u>35</u>**

    4.5.4   requests for admission to be served by:

        **plaintiff(s): <u>25</u>**          **defendant(s): <u>25</u>**

4.6     Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery, with the following exceptions:   **None currently known.**

## 5.0       <u>Protective Order</u>

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent. **None currently anticipated. Should written discovery reveal matters that are the subject of sensitive financial information, the parties reserve the right to request the entry of a protective order.**

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:   **None.**

## 6.0   <u>Scheduling</u>

6.1    Final date for joining additional parties:
    <u>**September 10, 2019**</u>   **Plaintiff(s) Suggested Date**
    <u>        </u>  **Defendants(s) Suggested Date**

6.2    Final date for amending pleadings:
    <u>**December 23, 2019**</u>   **Plaintiff(s) Suggested Date**
    <u>**December 23, 2019-------**</u>  **Defendant(s) Suggested Date**

6.3     All fact discovery commenced in time to be completed by:
        **December 9, 2019**_____   **Plaintiff(s) Suggested Date**
        _____ **Defendant(s) Suggested Date**

6.4     All potentially dispositive motions should be filed by:
        **May 31, 2020**_____   **Plaintiff(s) Suggested Date**
        _____ **Defendant(s) Suggested Date**

6.5     Reports from retained experts due:
        from plaintiff(s) by **January 5, 2020**_____

        from defendant(s) by **March 2, 2020**_____

6.6     Supplementations due **April 2, 2020**_____

6.7     All expert discovery commenced in time to be completed by
        **May 31, 2020**_____   Plaintiff(s) Suggested Date
        _____   Defendant(s) Suggested Date

6.8     This case may be appropriate for trial in approximately:
        **(Plaintiff's Suggestion) - To be determined.**
        **(Defendants' Suggestion) - To be determined**

        ____ 240 Days from the filing of the action in this court

        ____ 365 Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference: **(Plaintiff's Suggestion) To be determined after discovery.**

        **Defendants' Suggestion To be determined after discovery.**

6.10    Trial

        6.10.1  Suggested Date for Trial: **To be determined.**

                _____ (month/year)

                **Defendant's suggestion to be determined.**

7

**7.0**     <u>**Certification of Settlement Authority (All Parties Shall Complete the Certification)**</u>

I hereby certify that the following individual(s) have settlement authority.

_____

Name

_____

Title

_____

_____

Address

(609) 989-5058 - Daytime Telephone

_____

Name

_____

Title

_____

Address:

Daytime Telephone

**8.0  <u>Alternative Dispute Resolution ("ADR")</u>**

8.1     Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.   **None.**

ADR procedure_____

Date ADR to be commenced_____

Date ADR to be completed_____

8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

**This case may be appropriate for a settlement conference with the Court after NextGear's motion for summary judgment is filed.**

**Defendants believe that there should be a mediation immediately.**

8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:   **See above.**

8

**9.0**     **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y   **X**  N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

> _____ Scranton/Wilkes-Barre
> _____ Harrisburg
> _____ Williamsport

**10.0**   **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.   **None.**

**11.0**   **Identification of Counsel**

Counsel shall be registered users of the courts Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.   Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.   Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.   The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.   Also please indicate ECF User status below.

**Nicholas M. Gaunce, Esq.**
**Eckert Seamans Cherin & Mellott, LLC**
**2000 Lenox Drive**
**Suite 203**
**Lawrenceville, NJ 08648**
**Tel:   (609) 989-5058**
***Attorneys for Plaintiff, NextGear Capital, Inc.***

**Walter T. Graboswski, Esq.**
**Grabowski Law Offices, LLC**
**61 N. Washington Street**

**Wilkes-Barre, PA 18701**
**Tel: (570) 606-6100**

**Borce Martinoski, Esq. (*Admitted Pro Hac Vice*)**
**Borce Martinoski, LLC**
**75 Essex Street**
**Suite 220**
**Hackensack, NJ 07601**
**Tel: (201) 343-7237**
***Attorneys for Defendants, Antonio Gutierrez and Paul Gutierrez***

     The parties reserve the right to amend this proposed plan based upon the dialogue that occurs

at the upcoming scheduling conference.

**ECKERT SEAMANS CHERIN**          **GRABOWSKI LAW OFFICES, LLC**
**& MELLOTT, LLC**

By:   /s/ Nicholas M. Gaunce          By:   /s/ Walter T. Grabowski
       Nicholas M. Gaunce                  Walter T. Grabowski
                                         Borce Martinoski

Dated:  June 5, 2019