**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | : | CIVIL ACTION |
| Plaintiff, | : | CASE NO.: 3:18-cv-01617 |
| v. | : | (Judge Mannion) |
| ANTONIO L. GUTIERREZ; PAUL GUTIERREZ, | : | |
| Defendants. | : | |

**ORDER GRANTING SUMMARY JUDGMENT AND APPOINTING RECEIVER**

**AND NOW**, this ____ day of _____ , 2019, the Court, upon review of the Motion for Summary Judgment and all supporting papers filed by the plaintiff, NextGear Capital, Inc. ("NextGear"), and any opposing briefs and materials related thereto, it is **HEREBY ORDERED** that NextGear's Motion for Summary Judgment is **GRANTED**.

Based upon the pleadings on file with this Court, the Court orders as follows:

1) The entry of a monetary judgment in the amount of **$150,000.00** is hereby granted in favor of NextGear against Defendant, Paul Gutierrez;

2) It is hereby determined that the September 28, 2016 transfer of 5334 Delia Ter., East Stroudsburg, PA 18301 (the "Property") from Defendant, Antonio Gutierrez (individually, "Antonio"), to Defendant, Paul Gutierrez (individually, "Paul"), was done in violation of Pennsylvania's Uniform Voidable Transactions Act, 12 *Pa.C.S.A.* § 5104, *et seq.* (the "PUVTA");

3) The September 28, 2016 transfer of the Property from Antonio to Paul is hereby avoided pursuant to the provisions of the PUVTA;

4) Pursuant to the PUVTA, Antonio and Paul are hereby permanently enjoined and restrained from transferring or otherwise acting towards the Property;

5) James Galligan is hereby appointed as the receiver to manage and sell the Property to satisfy NextGear's judgments;

6) In acting as receiver for the Property, James Galligan shall have and be able to exercise the following powers:

    A.     Collect all rents, profits and revenues generated by the Property;

    B.     The Receiver shall not be required to post a bond;

    C.     The Receiver shall enter into and take custody of the Property and commence all duties as Receiver;

    D.     The Receiver shall take all steps as may be necessary to collect all rents, income, revenue and profits from the Property including those past due and unpaid with the full power to make, demand and/or file suit for payment of rents, income and profits and let, re-let and sublet the Property or any portion thereof at market rental and to make agreements for the Property at market rental on the condition, however, that no lease shall be executed with a tenant or proposed tenant in excess of one (1) year and on the further condition that such lease shall contain subordination language (acceptable to NextGear) subordinating the tenant or prospective tenant's interest to the Property to that of NextGear, and to otherwise do all things necessary or proper for the due care, management, and operation of the Property pursuant to the leases and agreements existing or entered into hereafter and to cause fair market value rents, income and profits to be derived and obtained from the Property; provided however that nothing herein, including the control of the Property by the Receiver, is intended to, nor shall it in any way, impair or affect any security interest or judgment lien that NextGear has or may assert in the rents, issues, profits and proceeds from the Property, nor shall it vest any additional rights in any or all of the Defendants with respect to such rents, issues, profits and proceeds;

    E.     The Receiver may deposit in his or her own name, as Receiver, all monies received (whether by rents, income or profits derived from the operation of the Property, or otherwise) at the time of receipt of such monies, in such number of segregated accounts as the Receiver shall deem necessary, advisable, desirable and/or convenient, and after paying and applying such monies to the expenses of management, care and operation of the Property, and to disburse the balance of all monies which come into the hands of the Receiver as hereinafter described;

    F.     The Defendants, any Known or Unknown Tenants and/or Occupants, and/or their officers, employees, agents, representatives and/or servants shall be enjoined and restrained from interfering with the Receiver's financial operation and management of the Property, including, but not limited to, the collection of rents, issues, revenues, profits, income and proceeds and including the spending, converting or otherwise disposing of any income, issues or profits from the Property, except in accordance herewith;

G.  All persons now or hereafter in possession of the Property or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to the Receiver, subject to emergency laws, if any;

H.  The Defendants, or any Known and/or Unknown Tenants and/or Occupants and/or their officers, employees, agents, representatives and/or servants shall cooperate with the Receiver and provide the Receiver with copies of all real estate tax bills, insurance bills, water and sewer bills, all bills and invoices relating to the business operations and all other information and documentation necessary for the Receiver to operate the Property;

I.  Within fifteen (15) days of the date hereof, the Defendants, any Known and/or Unknown Tenants and/or Occupants shall turn over and deliver to the Receiver or cause to be delivered to the Receiver, with respect to the Property, the following:

   i.   All keys to all entrance doors, storage areas, common areas, offices and rental units;

   ii.  All leases, contracts or documents relating to the maintenance and operation of equipment and purchase of business assets and inventory;

   iii. All current rent rolls and tenancy lists;

   iv.  All current operating statements, income and expense statements, current financial statements, and all documentation relating to the subject property, business assets and business operations;

   v.   All insurance information of any kind including without limitation, property and hazard insurance and liability insurance;

   vi.  All documents relating to utility accounts, including electricity, gas, heat, water and telephone services;

   vii. The name and account numbers of all utility companies servicing the subject property, business assets and business operations;

   viii. Copies of all contracts relating in any way to the subject property, business assets and business operations, including but not limited to all contracts, reports, test results and related documents concerning investigation or remediation of environmental issues or areas of concern, and contracts with vendors or other service personnel; and

   ix.  Such other items as the Receiver may reasonably request;

3

J.      The Receiver is instructed to make the following disbursements, as and when incurred from the rents, income and profits received by the Receiver which are deemed to be necessary expenses of the Property, business assets and business operations: all general costs of operation, including all presently due real estate taxes, water and sewer rents, insurance on the Property, utilities, trash collection, essential and routine repairs and maintenance of the Property, costs and expenses relating to the business operations and reimbursement of the Receiver's actual and necessary out-of-pocket costs. Thereafter, the remaining balance collected by the Receiver shall be disbursed as follows:

 i. An amount not to exceed six percent (6%) of the gross rentals or profits collected and costs incurred by the Receiver shall be deposited by the Receiver in an interest bearing account, said amount to be held pending further order of this Court allowing commissions due to the Receiver; and

 ii. The remaining balance shall be paid to NextGear, to be applied against the indebtedness due to NextGear from the Defendants;

K.      The Receiver is hereby empowered to employ such professionals, managing agents, contractors and other persons to assess and remediate any environmental issue or condition with the Property, as may be necessary to best preserve and/or market the Property, assets and operations for sale, and to retain the services of an independent business and retail consultant to facilitate the operation, management, and control of the Property;

L.      The Receiver shall be permitted to market and sell the Property with all rights appurtenant thereto provided that any proposed sale must be approved by the Court, on motion with notice to all parties; and

M.      The Receiver and/or any party in interest hereto, at any time, on proper notice, may apply to the Court for further instructions and for such further power as may be necessary to enable the Receiver to undertake and fully perform the duties as such Receiver.

SO ORDERED.

                                                              BY THE COURT

                                                              _____