IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | : CIVIL ACTION |
| Plaintiff, | : CASE NO.: 3:18-cv-01617 |
| v. | : (Judge Mannion) |
| ANTONIO L. GUTIERREZ; PAUL GUTIERREZ, | : |
| Defendants. | : |

**PLAINTIFF, NEXTGEAR CAPITAL, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, Plaintiff, NextGear Capital, Inc. ("NextGear"), hereby submits the following statement of undisputed material facts to accompany its motion for summary judgment:

1. NextGear is a lender that is in the business of, among other things, providing financing to automobile dealers for the purchase of inventory for resale to retail customers of that automobile dealer (a so-called "floor-plan financier"). (*Complaint*, ECF No. 1 at ¶ 1).[1]

2. Defendant, Antonio Gutierrez ("Antonio"), is the president of a corporation called Luxury Haus, Inc. ("LHI"), which was an automobile dealership located in Bergen County, New Jersey. (*Compl.* at ¶ 2).

---

[1] This citation is the same as in NextGear's summary judgment brief.

3. Defendant, Paul Gutierrez ("Paul") is Antonio's brother and was the corporate secretary and general manager of LHI. (*Compl.* at ¶ 3); (*Exhibit B to Gaunce Dec.*, LHI Letter).[2]

4. NextGear's relationship with LHI and Antonio began over five years ago. On March 20, 2014, NextGear extended a line of credit to LHI in the maximum amount of $12,000,000. (*Compl.* at ¶ 7). On behalf of LHI, Antonio signed a Demand Promissory Note. (*Ex. A to Compl.*, March 20, 2014 Demand Promissory Note and Loan and Security Agreement). LHI's promissory note provided for the appointment of a receiver in the event of default by LHI. (*Id.* at ¶ 7(b)).

5. On March 20, 2014, Antonio also signed a personal guaranty in relation to this credit line. (*Ex. B to Compl.*, Guaranty). This guaranty secured the debt LHI owed to NextGear and also consented to the remedies available to NextGear under the promissory note. (*Id.* at ¶¶ 2(a), 4).

6. Beginning in June of 2015, NextGear started to see suspicious activity surface in relation to LHI's loan, including:

> i. On buyer-paid requests,[3] there was an overlap of large batches of buyer-paid flooring requests and larger payment due dates to NextGear, including $223,134.84 worth of flooring requests on June 11, 2015 and $195,449.63 worth of payments that were electronically transferred to NextGear on June 12, 2015. This issue arose again on the following dates: June 22/23, 2015, July 30/31, 2015, January 25, 2016, March 10/11, 2016, March 17, 2016, March 31/April 1, 2016, and June 22/23, 2016;

---

[2] The term "Gaunce Dec." shall have the same meaning here as in NextGear's summary judgment brief.

[3] "Buyer-paid requests" are submissions for final payment by a dealer made to a floor-plan financing lender. In making such a request, the dealer is making a representation that a retail customer has paid for a vehicle sale off the dealer's lot.

    ii.    On June 22, 2015, there were multiple refloor requests[4] for vehicles that had been in inventory for over 365 days and LHI submitted fraudulent bills of sale with an increased purchase price, which, if not caught by NextGear, would have resulted in LHI receiving a larger payment than required. On this date, 6 out of 11 requests for financing were denied; and

    iii.    On March 10, 2016, there were multiple refloor requests within fifteen days of when a vehicle had been sold. On this date, 11 requests for financing out of 14 were denied. [*Exhibit C to Compl.,* Spreadsheet.]

7.    Eventually, LHI's credit line was locked on October 3, 2016. (*Compl.* at ¶ 11).

8.    On October 5, 2016, NextGear also received notice that LHI sold eighty-one vehicles financed by NextGear "out of trust."[5] (*Id.* at ¶ 12).

9.    Then, on October 7, 2016, a payment made by LHI in the amount of $1,867,230.89 was returned for insufficient funds. (*Compl.* at ¶ 14).

10.    In respect of these various defaults, on October 12, 2016, NextGear filed a complaint in the Law Division of the New Jersey Superior Court, Bergen Vicinage against LHI and Antonio seeking to recover amounts that were owed to NextGear under its floor-plan financing agreement with LHI. (*Exhibit D to Complaint*, Civil Action Complaint in New Jersey).

11.    In April of 2018, NextGear obtained a consent judgment against Antonio and LHI in the amount of $4,500,000.00 (the "Judgment"). (*Exhibit O to Compl.*, at ¶ 33).

12.    During post-judgment discovery in relation to the Judgment, NextGear learned that Antonio purchased the Property, on April 8, 2016, for the stated sale price of $76,000.00. (*Exhibit*

---

[4] "Refloor requests" are submissions by a dealer made to a floor-plan financing lender to relist a sold vehicle on the floor-plan financier's line of credit because it has been returned by a retail customer.

[5] "Out of trust" means to sell a vehicle financed by LHI's credit line held at NextGear without remitting the necessary sale proceeds to NextGear.

*M to Compl.,* April 8, 2016 Deed).  Antonio paid this stated price exclusively from funds maintained in LHI's bank account.  (*Exhibit C to Gaunce Dec.,* Golden Dome Check).

    13.    Then, only 174 days later, on September 28, 2016, Antonio gave the Property to his brother, Paul, for the stated sum of $1.00.  (*Exhibit N to Compl.,* September 28, 2016 Deed).

    14.    Five days after Antonio gave the Property to Paul, LHI's credit line with NextGear was locked.  (*Compl.* at ¶¶ 11 – 13).

    15.    The file for the attorney who prepared the deed in relation to the September 28, 2016 transfer of the Property from Antonio to Paul contains notes which demonstrate Antonio's intent behind the transfer to Paul.  (*Exhibit D to Gaunce Dec.*, Powlette and Field, LLC file).  At first, Antonio intended, as early as Mid-June of 2016, to complete a "[d]eed transfer to his mom" as to the Property. (*Id.* at LPowl2 Note).  Then, the note from Defendants' attorney states the date of "9/14/16" next to an indication that Antonio is to "transfer [the Property] to brother [Paul] instead."  (*Id.*).

    16.    As of September 28, 2016, the appraised value of the Property was $150,000.00. (*Exhibit E to Gaunce Dec.,* James Wilkins Retrospective Appraisal).

    17.    The current market value of the Property is $193,000.00.  (*Exhibit F to Gaunce Dec.*, James Wilkins 2019 Appraisal).

    18.    On June 21, 2018, as part of the action in New Jersey, Antonio served information subpoena responses indicating that he and LHI had no assets.  (*Exhibit Q to Compl.*, Information Subpoena Responses).

    19.    On June 12, 2019, NextGear served a separate request for admissions upon Antonio and Paul.  (*Exhibit G to Gaunce Dec.,* June 12, 2019 Request for Admissions).  In its requests for admissions, NextGear demanded that Antonio and Paul admit all the pivotal allegations of its

complaint, including the familial and business relationship between Antonio and Paul, Antonio's use of corporate funds to purchase the Property, Paul's failure to pay consideration for the Property, and the events of default outlined above.  (*Id.*).

20. Other than a single letter dated July 15, 2019 in which responses to NextGear's requests for admissions were promised "within two (2) weeks," NextGear has received no communications from Antonio and Paul about its requests for admissions. (*Exhibit H to Gaunce Dec.*, July 15, 2019 Letter).

21. James Galligan, a local realtor, has agreed to act as a receiver for the Property. (*Exhibit I to Gaunce Dec.*, Galligan Letter).

NextGear reserves the right to supplement this statement of undisputed material facts based upon any opposition received to its motion.

                                                Respectfully submitted,
                                                **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:    /s/ Nicholas M. Gaunce
        Nicholas M. Gaunce
        *Attorneys for Plaintiff, NextGear Capital, Inc.*

Dated:  September 19, 2019