UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

_____
: 
NEXTGEAR CAPITAL, INC.       :   CIVIL ACTION
:
         Plaintiffs   :   3:18-CV-01617-MEM
:
vs.                          :   (Judge Mannion)
:
ANTONIO L. GUTIERREZ, PAUL   :
GUTIERREZ,                   :
:
         Defendants.  :
_____ :

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND COUNTERSTATEMENT OF MATERIAL FACTS**

**Objections and Responses**

1. Admitted.

2. Admitted.

3. **Objection and Response**: The defendants are brothers, but Defendant Paul Gutierrez ("Paul") is the brother of Defendant Antonio Gutierrez ("Antonio"). Paul was not a corporate secretary and general manger of LHI. Paul was a vice-president of Luxury Haus, Inc.

4. **Objection and Response**: Paul was not privy to the statement in No. 4 and the document speaks for itself regarding Antonio. Paul did not sign any documents relating to Nextgear.

5. **Objection and Response**: Paul was not privy to the statement in No. 5 and the document speaks for itself regarding Antonio. Paul did not sign any documents relating to the Nextgear.

6. **Objection and Response**: Defendants were not privy to the statement in No. 6 and Defendants cannot know what Nextgear did.

7. **Objection and Response**: Defendants were not privy to the statement in No. 7 and Defendants do not know what Nextgear did.

8. **Objection and Response**: Defendants were not privy to the statement in No. 8 and Defendants do not know what Nextgear did.

9. **Objection and Response**: Defendants were not privy to the statement in No. 9, and Paul and Antonio did not send any money to Nextgear.

10. **Objection and Response**: Nextgear did file litigation in New Jersey, but Paul was not part of that litigation and was not served with the documents in No. 10. Antonio was part of the litigation.

11. **Objection and Response**: No objection to No. 11 as it is a Consent Judgment Order against Antonio. Paul was not named in the complaint or judgment.

12. Admitted but Paul has no knowledge regarding where the funds were obtained for the said purchase.

13. Admitted, but the transfer was inter-family.

14. **Objection and Response**: Defendants were not privy to the statement in No. 14 and they do not know what Nextgear did. At that time, LHI was still buying and selling vehicles, the offices were fully operational, the offices were fully staffed, and the operation was running as was before. During that time, LHI did not have a "skeleton crew" or empty office space.

15. **Objection and Response**: Defendants dispute and object to the "out-of-context" quotes in No. 15 regarding the reasons for the transfer from Antonio to his mother and being modified from Antonio to Paul.

16. **Objection and Response**: Defendants dispute and object to No. 16. Antonio purchased the property from an approved sale through a bank a few months prior. The bank could have rejected the price offered by Antonio for $76,000.

17. **Objection and Response**: Defendants dispute and object to No. 17. The current value of the property is an opinion and is irrelevant to the purchase price of $76,000 paid by Antonio.

18. **Objection and Response**: Defendants were not privy to the statements in No. 18 and they do not know what Nextgear did.

19.     **Objection and Response**:    No. 19 is specifically disputed and objected too especially the statement regarding "Paul's failure to pay consideration for the Property, and the events of default outlined above."

20.     **Objection and Response**:   Defendants dispute and object to No. 20 since the Nextgear is relying solely on the documents for their summary judgment motion.

21.     **Objection and Response**:   No. 21 is objected to and disputed since no receiver for the Property should be appointed at this stage.

## DEFENDANTS' COUNTER STATEMENT OF FACTS

1.      The triggering issue regarding the property was the divorce litigation between Antonio and his wife.

2.      Antonio, his wife, and Paul were owners of a property located at 424/B-4-E (Three Bedroom Share) at The Reef's Club, 56 South Road, Southampton Parish, Bermuda SN 02 (hereinafter referred to as the "Bermuda Property").

3.      Paul became involved in the divorce litigation sometime in August of 2016 due to being a part owner of the Bermuda Property.

4.      On August 17, 2016, Paul received an e-mail from Antonio's attorney to sign a listing agreement for the Bermuda Property.

5. The listing agreement spans from August 17, 2016 to August 16, 2017.

6. In order for Paul not to be involved in the divorce litigation and relinquish his interest in the Bermuda Property, he signed over his interest in the Bermuda Property in exchange for the Pennsylvania Property.

7. As of September 2016, the Pennsylvania Property would be transferred to Paul and the Pennsylvania Property did not become a part of the divorce litigation.

8. On December 29, 2016, Paul signed the listing agreement for the Bermuda Property for the list price of $400,000.

9. On April 25, 2017, Paul signed a sale and purchase agreement for the Bermuda Property for the sales price of $234,000.

10. Per the closing statement in July 17, 2017, the net proceeds of the Bermuda Property were $229,230.32.

11. If the Bermuda Property was divided into three shares, each share would amount to $76,410.11.

12. Paul received no proceeds from the sale of the Bermuda Property and neither did Antonio. Antonio's wife, Edith, received the entire net proceeds from the sale of the Bermuda Property.

13. Nextgear was aware of the issue regarding the Bermuda Property because the divorce litigation and the civil action in New Jersey occurred at the same time.

14. Nextgear could have intervened in the divorce action and/or filed suit action against Paul and Edith in the New Jersey civil action.

15. Nextgear did file suit against Edith in New Jersey and obtained a judgment against her for $500,000.

16. Nextgear did not bring any litigation against Paul in New Jersey.

Defendants reserve the right to supplement this counterstatement of undisputed material facts based upon any reply to this opposition if the Court allows.

Dated: October 31, 2019		Respectfully Submitted:
					Grabowski Law Offices, LLC

				By:	/s/ Walter T. Grabowski
					Walter T. Grabowski
					PA Attorney ID 28296

					61 N. Washington Street
					Wilkes-Barre, PA 18701
					(570) 606-6100
					(570) 606-6106 FAX
					walter@grabowskilawoffices.com

					/s/ Borce Martinoski
					Borce Martinoski (Pro Hac Vice)
					NJ Attorney ID 14442008

        75 Essex Street, Suite 220
        Hackensack, NJ 07601
        (201) 343-7237
        (201) 342-2727 FAX
        martinoskilaw@gmail.com

Attorneys for Defendants