## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. | : | CIVIL ACTION |
| Plaintiffs | : | 3:18-CV-01617-MEM |
| vs. | : | |
| ANTONIO L. GUTIERREZ, PAUL GUTIERREZ, | : | DECLARATION OF PAUL GUTIERREZ |
| Defendants. | : | |

I, PAUL GUTIERREZ, declare:

      1.     I am the defendant in the above action and I make this declaration in opposition to the plaintiff's, Nextgear Capital, Inc. ("Nextgear"), motion for summary judgment.

      2.     Defendant, Antonio Gutierrez ("Antonio") and his wife, Edith were going through a divorce litigation during the period 2016 to 2017. Antonio is my brother.

      3.     Antonio, his wife, and I were owners of a property located at 424/B-4-E (Three Bedroom Share) at The Reef's Club, 56 South Road, Southampton Parish, Bermuda SN 02 (the "Bermuda Property").

      3.     I became involved in the divorce litigation sometime in August of 2016 due to being a part owner of the Bermuda Property.

      4.     On August 17, 2016, I received an e-mail from Antonio's attorney to sign a listing agreement for the Bermuda Property.  See, Exhibit A.

      5.     The listing agreement spans from August 17, 2016 to August 16, 2017.  See, Exhibit B.

6.      In order for me not to be involved in the divorce litigation and relinquish my interest in the Bermuda Property, I signed over my interest in the Bermuda Property in exchange for the property that is the subject of this litigation (the "Pennsylvania Property").

7.      As of September 2016, the Pennsylvania Property would be transferred to me and the Pennsylvania Property did not become a part of the divorce litigation.

8.      On December 29, 2016, I signed the listing agreement for the Bermuda Property for the list price of $400,000.  See, Exhibit C.

9.      On April 25, 2017, I signed a sale and purchase agreement for the Bermuda Property for the sales price of $234,000.  See, Exhibit D.

10.     Per the closing statement in July 17, 2017, the net proceeds of the Bermuda Property were $229,230.32.  See, Exhibit E.

11.     If the Bermuda Property was divided into three shares, each share would amount to $76,410.11.  See, Exhibit F.

12.     I received no proceeds from the sale of the Bermuda Property and neither did Antonio.  Antonio's wife, Edith, based upon my knowledge and belief received the entire net proceeds from the sale of the Bermuda Property.

13.     Based upon my knowledge and belief, Nextgear was aware of the issue regarding the Bermuda Property because the divorce litigation and the civil action in New Jersey under NextGear v. Luxury Haus, under docket number L-7268-17 occurred at the same time.

14.     Nextgear could have intervened in the divorce action and/or filed suit action against me and Edith in the New Jersey civil action specified above.

15.     Nextgear did file suit against Edith in New Jersey and obtained a judgment against her for $500,000.

16.     Nextgear did not bring any litigation against me in New Jersey and I believe that this litigation in Pennsylvania is based on the procedural errors of the Nextgear from not bringing an action against me in New Jersey and failing to go after sale proceeds of the Bermuda Property in the divorce action and in the New Jersey civil action.

17.     Now, the Nextgear wants to "back door" their procedural mistake through a "fraudulent transfer" action in Pennsylvania.   Nothing occurred nor was the Nextgear even considered when the Bermuda Property and the Pennsylvania Property were swapped during the divorce litigation.

18.     Based upon this Declaration, Legal Brief, attached Exhibits, and the reasons stated above, Nextgear's motion for summary judgment should be denied.

19.     The facts stated above are known to be true and of my own knowledge.  I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the forgoing is true and correct.


_____
PAUL GUITERREZ


Date: October 31, 2019