# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

———————————————————————  :
                                                           :
NEXTGEAR CAPITAL, INC.            :        CIVIL ACTION
                                                           :
                   Plaintiffs            :        3:18-CV-01617-MEM
                                                           :
        vs.                                   :        (Judge Mannion)
                                                           :
ANTONIO L. GUTIERREZ, PAUL   :
GUTIERREZ,                                              :
                                                           :
                   Defendants.       :
———————————————————————  :

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND <u>APPOINTMENT OF A RECEIVER</u>

## I.        INTRODUCTION

Plaintiff, Nextgear Capital, Inc. ("Nextgear"), has filed a motion for summary judgment and for appointment of a receiver for a residential property located in Monroe County (the "Property"). Nextgear claims defendant, Antonio Gutierrez ("Antonio"), transferred the Property to his brother and defendant, Paul Gutierrez ("Paul"), in violation of the Pennsylvania Uniform Voidable Transfers Act ("PUVTA"), 12 Pa.C.S. §§ 5101-5110 in order to frustrate collection of a judgment Nextgear obtained against Antonio in the state courts of New Jersey. Nextgear's

motion should be denied because there are genuine issues of material fact as to Antonio's intent with respect to the transfer of the Property to Paul. There also is a genuine issue of material fact with respect to whether Antonio received reasonably equivalent value for the transfer.

## II.   PROCEDURAL HISTORY

Defendants do not object to the procedural history as set forth in Nextgear's brief.  However, Nextgear maintain the position that the documents speak for themselves and relies solely upon the documents in support of its summary judgment motion.  The discovery in this action has been limited. No depositions were taken. Plaintiff requested that the property be appraised. Defendants did not object to the appraisal.  After the Court dismissed the bulk of the Plaintiff's Complaint and left only the fraudulent transfer, the documents alone are insufficient to establish fraudulent transfer, the motion should be denied and this matter should proceed to trial.

## III.   COUNTER STATEMENT OF FACTS

Antonio operated an automobile dealership in New Jersey through his company Luxury Haus, Inc. ("LHI").[1] NextGear provided floor plan financing to

---

[1] Contrary to Nextgear's assertion, Paul was not corporate secretary and general manager of LHI.  Paul was a vice president of LHI.

LHI. NextGear filed suit against LHI and Antonio in Superior Court, Bergen County, New Jersey (the "Bergen County Litigation") alleging, inter alia, that Antonio sold 81 floor planned vehicles out of trust and converted the proceeds. On April 30, 2018, NextGear obtained a 4.5 million dollar judgment against LHI and Antonio in the Bergen County Litigation. On October 26, 2018 NextGear obtained a $507,000 judgment against Antonio's wife, Edith Gutierrez ("Edith"), in the Bergen County Litigation.

In this action, NextGear alleges that on April 8, 2016 Antonio used $76,000 that he obtained from selling vehicles out-of-trust to purchase the Property. NextGear further alleges that Antonio subsequently conveyed the Property to Paul for one dollar on September 28, 2016. NextGear seeks to set aside the conveyance of the Property to Paul as violative of the PUVTA .

Although irrelevant to its motion or claims, Nextgear also alleges without any proof that Paul currently possesses two million dollars obtained from Antonio, representing proceeds from the out-of-trust sale of vehicles.

While Antonio consented to the judgment of $4,500,000, and Antonio's wife, Edith, consented to the $500,000 judgment, there was no judgment consented to or claim litigated against Paul.  NextGear did not file any litigation against Paul and Paul does not owe any monies to NextGear.

Defendants do not contest Nextgear's recitation of its efforts to enforce its judgment. However, the Defendants do dispute Nextgear's assertion that the transfer of the Property to Paul was intended to hinder, delay or defraud its attempts to enforce its judgment. Defendants also dispute Nextgear's assertion that Antonio did not receive equivalent value for the transfer.

## IV.   COUNTERSTATEMENT OF QUESTION INVOLVED

1.     Is Nextgear entitled to summary judgment and appointment of a receiver in relation to Antonio's September 28, 2016 transfer of the Property to Paul?

**Suggested Answer:  NO**

## V.   ARGUMENT

Defendants does not dispute the summary judgment standard as outlined by Nextgear. However, Plaintiff cannot show that there is no genuine dispute of material fact that it is entitled to judgment, as a matter of law, because the transfer of the property that is the subject of this action did not violate the PUVTA.

### A.   There is a Disputed Issue of Material Fact Regarding Antonio's Intent in Conveying the Property to Paul.

The PUVTA states for the transfer to be voidable, the debtor made the transfer:  (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer

or obligation, and the debtor:  (i) was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction: or (ii) intended to incur, or believed or reasonably should have believed that the debt would incur, debts beyond the debtor's ability to pay as they became due.  12 Pa.C.S. Section 5104(a).

In considering whether Antonio acted with fraudulent intent the factors to be considered are:  (1) transfer was to an insider; (2) debtor retained possession or control of the property transferred after the transfer; (3) transfer was disclosed or concealed; (4) before the transfer was made , the debtor had been sued or threatened with suit; (5) transfer was substantially all of the debtor's assets; (6) debtor absconded; (7) debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.  12 Pa.C.S. Section 5104(b).

While Paul, being Antonio's brother, Nextgear cannot establish any other badges of fraud associated with the conveyance of the Property to Paul. Specifically,

(1) Antonio did not retain possession or control of the property and there is no facts in the Plaintiff's summary judgment motion to establish the same;

(2) the Conveyance of the Property is a public record of which Nextgear had constructive notice;

(3) that prior to the transfer Nextgear had sued or threatened to sue Antonio. Antonio under LHI was a used car dealer.  LHI was sued regarding various matters for which a typical used car dealer gets sued.  ;

(4) LHI's assets was the vehicles, which were transferred to the Plaintiff.  Transfer of the Property was a very small and insignificant aspect of Antonio's and LHI's assets;

(5) Antonio did not abscond;

(6) Antonio did not conceal or remove assets;

(7) Antonio was not insolvent and neither Antonio nor LHI filed for bankruptcy protection as of this date;

(8) the transfer did not occur shortly before or shortly after a substantial debt was incurred

(9) Antonio did not transfer the essential assets of LHI to a lienor who transferred the assets to an insider of the debtor; and

(10) as dicussed below, the value of the consideration received by Antonio was reasonably equivalent to the value of the Property.

Instead of establishing any of the forgoing badges of fraud Nextgear relies primarily on Paul's status as an insider and that Antonio contemplated transferring the Property to his mother as the sole support for its assertion of Antonio's fraudulent intent.

**B.    There is a Disputed Issue of Material Fact as to whether Antonio Received Equivalent Value for the Property.**

Paul explains that the Property was transferred to compensate him for relinquishing his interest in a property in Bermuda owned jointly with Antonio and Edith so that the Bermuda property could be conveyed to Edith as part of Antonio and Edith's divorce settlement. See, Declaration of Paul Gutierrez. Antonio purchased the Property for approximately $76,000. Paull's one third interest in the net proceeds from the sale of the Bermuda Property was a little over $76,000. The value of Paul's interest in the Bermuda Property was substantially equivalent to what Paul paid for the Property only six months earlier. Id. Therefore, Antonio received equivalent value for the Property.

Moreover, Section 5104(a)(2) of the PUVTA not only requires that the debtor not receive reasonably equivalent value for the transfer but also that Antonio or LHI

"(i) was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (2) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Nextgear addresses these requirements in a single, conclusory statement. See, Nextgear Brief at 10.

Based upon the above factors and the plain language of the PUVTA, the has failed to meet its burden of demonstrating that there is no genuine issue of material fact in dispute and that it is entitled to judgment as a matter of law.

**C.     Nextgear is Not Entitled to Appointment of a Receiver.**

Nextgear is not entitled to the appointment of a receiver because it has failed to establish a violation of the PUVTA.

**D.     Nextgear is Not Entitled to an Injunction.**

Nextgear is not entitled to the appointment of a receiver because it has failed to establish a violation of the PUVTA. Moreover, Nextgear is adequately protected because it has entered a lis pendens against the Property.

**E.     Nextgear is Not Entitled to a Monetary Judgment against Paul.**

Finally, Nextgear seeks a monetary judgment against Paul in the amount of $150,000, which it claims was the value of the Property at the time of the transfer.

First, Nextgear is not entitled to any monetary judgment because it has failed to establish a violation of the PUVTA. Second, Nextgear cannot both void the transfer and obtain a monetary judgment. If the transfer was fraudulent as to Nextgear then Nextgear must elect its remedy.

## VI.   CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny Nextgear's motion for summary judgment in its entirety.

Dated: October 31, 2019                Respectfully Submitted:

Grabowski Law Offices, LLC

By:    /s/ Walter T. Grabowski
       Walter T. Grabowski
       PA Attorney ID 28296

       61 N. Washington Street
       Wilkes-Barre, PA 18701
       (570) 606-6100
       (570) 606-6106 FAX
       walter@grabowskilawoffices.com

<u>/s/ Borce Martinoski</u>
Borce Martinoski (Pro Hac Vice)
 NJ Attorney ID 014442008

75 Essex Street, Suite 220
Hackensack, NJ 07601
(201) 343-7237
(201) 342-2727 FAX
martinoskilaw@gmail.com

Attorneys for Defendants