## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEXTGEAR CAPITAL, INC.,** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:18-1617** |
| | : | |
| **v** | | |
| | : | **(JUDGE MANNION)** |
| **ANTONIO L. GUTIERREZ and** | | |
| **PAUL GUTIERREZ,** | : | |
| | | |
| | : | |
| **Defendants** | | |

## MEMORANDUM

Pending before the Court is plaintiff NextGear Capital, Inc.'s ("NextGear" or Plaintiff") motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), and motions for the appointment of a receiver, a preliminary injunction, and a monetary judgment against defendant Paul Gutierrez. (Doc. 40).

On April 30, 2018, Plaintiff and defendant Antonio Gutierrez ("Antonio"), along with Antonio's car dealership, The Luxury Haus, Inc. ("LHI"), agreed to the entry of judgment in the amount of $4,500,000.00 in connection with claims that Antonio and LHI had failed to make various payments to NextGear in accordance with a Demand Promissory Note and Loan and Security Agreement, dated March 20, 2014 (together with amendments, the "Loan Agreement"). Now, in an effort to recover a portion

of the outstanding judgment amount, NextGear seeks to undo the transfer of a residential property located in East Stroudsburg, Pennsylvania (the "Poconos Property") that NextGear claims was fraudulently made by Antonio to his brother, Paul Gutierrez ("Paul"), (collectively, the "Defendants"), in order to avoid the property falling into NextGear's hands. In addition, NextGear seeks, along with other forms of relief, the appointment of a receiver, as provided for in the Loan Agreement, so that this receiver may take control of the Poconos Property.

In support of its requests for relief, NextGear argues that: (1) the evidence, in light of the various factors set forth in 12 Pa.C.S.A. §5104, weighs in favor of a determination that Defendants had intentionally acted to defraud Plaintiff through the transfer of the Poconos Property, thus necessitating recission of the sale; (2) pursuant to 12 Pa.C.S.A. §5107 and the Loan Agreement, the appointment of a receiver is necessary to move forward the sale of the Poconos Property to allow NextGear to recover a portion of the judgment it holds against Antonio's property; (3) an injunction should be issued to bar the further transfer, encumbrance, or disposition of the Poconos Property to protect the principles of equity; and (4) Paul should be subject to a monetary judgment as he was not a "good-faith transferee" of the Poconos Property as he paid only $1.00 for the property, while its appraised value around the time of the transfer was roughly $150,000.00.

Viewing the evidence in the light most favorable to the non-moving party, for the following reasons, the Court will **GRANT** NextGear's motion for

summary judgment. The Court will likewise **GRANT** NextGear's motions for the appointment of a receiver and a preliminary injunction. The Court, however, will **DENY** NextGear's motion for a monetary judgment against defendant Paul Gutierrez.

## I.    BACKGROUND[1]

Defendant Antonio operated an automobile dealership in New Jersey through his company, Luxury Haus, Incorporated. As part of this business, Plaintiff NextGear provided floor-plan financing to LHI, with Antonio acting as personal guarantor. On October 12, 2016, NextGear filed an action against LHI and Antonio in New Jersey state court (the "New Jersey Action") alleging that Antonio sold 81 floor-planned vehicles "out of trust" and converted the proceeds for his own use.[2] NextGear's New Jersey Action against Antonio involved commercial property as well as its claim that Antonio misappropriated in excess of $2 million in funds owed to NextGear and improperly transferred those funds to Paul, who, at the time, was an officer at LHI. On April 30, 2018, NextGear obtained a $4.5 million judgment against

---

[1] Since the Court set forth a substantial proportion of the relevant background of this case in its April 29, 2019 Memorandum pertaining to Paul's motion to dismiss NextGear's complaint, (Doc. 31), it will not be fully repeated herein.

[2] Around this same time, Antonio and his now ex-wife were allegedly going through divorce proceedings, which allegedly involved the transfer of certain property, including the Poconos Property.

LHI and Antonio in the New Jersey Action. On October 26, 2018, NextGear likewise obtained a $507,000.00 judgment against Antonio's ex-wife, Edith Gutierrez.

NextGear filed the current complaint on August 16, 2018, against brothers Antonio Gutierrez and Paul Gutierrez. NextGear alleges that on April 8, 2016, Antonio used $76,000.00 that he obtained from improperly selling vehicles subject to NextGear's floor-plan financing "out of trust" to purchase the Poconos Property.[3] NextGear further argues that Antonio conveyed the Poconos Property to his brother, Paul Gutierrez, for $1.00 on September 28, 2016, less than a month before the commencement of the New Jersey Action, in order to hide the asset from NextGear. Defendants instead claim, though belatedly, that "the Property was transferred to compensate [Paul] for relinquishing his interest in a property in Bermuda owned jointly with Antonio and Edith so that the Bermuda property could be conveyed to Edith as part of Antonio and Edith's divorce settlement."

Nevertheless, NextGear asserts claims for fraudulent transfer against Paul and Antonio, Counts I & II respectively, alleging that the transfer of the Poconos Property from Antonio to Paul was done in violation of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), 12

---

[3] Plaintiff defines the sale of a vehicle "out of trust" as a sale "financed by LHI's credit line held at NextGear without remitting the necessary sale proceeds to NextGear."

Pa.C.S.A. §5104.[4] NextGear now requests that the Court void the transfer of the Poconos Property, appoint a receiver to take charge of and sell the property, issue an injunction precluding any further disposition of the property, and enter a monetary judgment against Paul.[5]

NextGear first submitted requests for admission to Defendants on June 12, 2019, to which Plaintiff did not receive a response. Thereafter, on September 19, 2019, NextGear filed the current motion for summary judgment and appointment of a receiver, along with its brief and statement of undisputed material facts, (Docs. 40, 41, 42), arguing that there are no remaining issues of material fact and that it is entitled to the requested relief. The Defendants filed their joint brief in opposition to NextGear's motion on October 31, 2019, along with objections to NextGear's statement of undisputed material facts and their counterstatement of material facts. (Docs. 45, 47). NextGear's reply brief in further support for its motion for summary judgment was filed on November 14, 2019. (Doc. 48).

---

[4] Note that in 2018, the original statute, the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), was renamed the Pennsylvania Uniform Voidable Transactions Act. *See* In re Titus, 916 F.3d 293, 299 n.3 (3d Cir. 2019); 12 Pa.C.S.A. §5101(a).

[5] NextGear's previously pled conversion claims against Paul and Antonio in Counts III & IV of the complaint, alleging that "Antonio's transfer of $2,976,823.10 to Paul in LHI funds was a conversion as to NextGear's interest in the collateral of its loan to LHI." These two claims were dismissed by this court for lack of jurisdiction. (Docs. 32, 34).

## II. STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp.836, 838 (M.D.Pa. 1995). At the summary judgment stage, "the judge's function is not … to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; *see also* Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential

elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); *see also* Celotex Corp., 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). If, however, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-LaRoche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

## III.    DISCUSSION

Though the crux of the current legal questions centers around Plaintiff's motion for summary judgment as to the alleged fraudulent transfer of the Poconos Property, the Court will take the four separate requests for relief in turn. It is important, however, to first establish clear facts upon which this Court can make a determination, of which many were reflected in Plaintiff's requests for admission. *See* (Doc. 40-9).

Federal Rule of Civil Procedure 36 governs requests for admission and states: "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Thus, the "[e]ffect of [n]ot [r]esponding" to a request for admission is that the "matter is admitted." Id. Although "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court," id., no stipulation or order was entered here.

"Matters deemed admitted due to a party's failure to respond to requests for admission are conclusively established under Federal Rule of Civil Procedure 36(b).... An Admission is therefore an unassailable statement of fact and is binding on the non-responsive party unless withdrawn or amended." Sec'y U.S. Dep't of Labor v. Kwasny, 853 F.3d 87, 91 (3d Cir. 2017) (internal quotation marks and citations omitted). It is "well settled that admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admission, can form the basis for granting Summary Judgment and that failure to respond to a request for admissions will permit entry of a summary judgment if the facts admitted are dispositive of the case." Shelton v. Fast Advance Funding, LLC, 805 F. App'x 156, 158–59 (3d Cir. 2020) (quoting Acosta v. Central Laundry, Inc., 2019 WL 3413514, at * 4 (E.D.Pa. July 29, 2019)).

Through its June 12, 2019 requests for admission, Plaintiff requested, amongst other things, that Defendants admit or deny that: (1) "Paul was an

8

officer of LHI" in 2015 and 2016; (2) "the consideration Antonio paid for the [Poconos] Property was $76,000.00"; (3) the check used to purchase the Poconos Property "was drawn on a business account maintained by LHI"; (4) "Antonio transferred the [Poconos] Property by way of the September 28, 2016 Deed"; (5) the "stated consideration in the September 28, 2016 Deed is $1.00"; (6) "Paul paid no consideration, except as stated in the September 28, 2016 Deed, for the [Poconos] Property"; and (7) "LHI's credit line with NextGear was locked on October 3, 2016." (Doc. 40-9). Defendants failed to respond to Plaintiff's requests for admission. As a result, these facts are admitted. Fed. R. Civ. P. 36(a)(3).

### A. Plaintiff's Motion for Summary Judgment as to the Alleged Fraudulent Transfer of the Poconos Property

Pursuant to 12 Pa.C.S.A. §5104, a "transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation ...."[6]

---

[6] The two potential grounds for the voidance of a transfer under 12 Pa.C.S.A. §5104 are seemingly intertwined, and thus the analysis of the two may overlap when balancing the various factors showing the intent of the parties and the asset(s) exchanged. See 12 Pa.C.S.A. §5104(a)(2) (though a transfer may be voidable if a transferor debtor did not receive a "reasonably equivalent value" for the transferred asset, the debtor's remaining assets must be "unreasonably small" in comparison to the transferred asset and the

12 Pa.C.S.A. §5104(a). To determine whether the party making the allegedly voidable transfer intended to do so for fraudulent purposes, a court may consider various factors, including whether:

> (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

12 Pa.C.S.A. §5104(b). As these factors do not reflect a non-exhaustive list, a court may also look to other factors that it would consider pertinent to its analysis.[7] *But see* Klein v. Weidner, 729 F.3d 280, 284 (3d Cir. 2013) ("Proof of the existence of any one or more of the factors enumerated in subsection

---

debtor, at the time of the transfer, must have "intended to incur … or believed [it] would incur" debts beyond its ability to pay – factors that mirror those set forth in 12 Pa.C.S.A. §5104(b)).

[7] Though this Court determined that it lacked jurisdiction to consider NextGear's conversion claims against the Defendants, the facts surrounding those claims must also be considered in the narrow context of determining the overall intent of the Defendants surrounding the transfer of the Poconos Property.

(b) may be relevant evidence as to the debtor's actual intent but does not create a presumption that the debtor has made a fraudulent transfer or incurred a fraudulent obligation." (citing 12 Pa.C.S.A. §5104 cmt. 6)). Whereas whether a debtor received "reasonably equivalent value" for the transferred property is a statutory substitute for whether the debtor received "fair consideration" for the asset and is a separate factor to be balanced. *See* 12 Pa.C.S.A. §5104 cmts. 3, 7(h). A court thus should take into account "all of the relevant circumstances in applying these statutory factors." Klein, 729 F.3d at 284 (citing 12 Pa.C.S.A. §5104 cmt. 6).

The "threshold inquiry" for the court "is to determine "whether there is a need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. In this instance, in examining the totality of the circumstances and established facts, there are no clear genuine issues of material fact remaining that would preclude summary judgment as there is little doubt that the Defendants intended to defraud the Plaintiff by transferring the Poconos Property or, in the alternative, that equivalent value for the property was not exchanged.

"The existence of fraudulent intent may be inferred from all facts and circumstances surrounding the conveyance." Tiab Commc'ns Corp. v. Keymarket of Nepa, Inc., 263 F. Supp. 2d 925, 934 (M.D. Pa. 2003). The Court recognizes that Section 5104 of the PUVTA provides a non-exhaustive

list of the eleven "badges of fraud" from which fraudulent intent may be inferred. Klein, 729 F.3d at 284 (citing 12 Pa.C.S.A. §5104(b)). Though the factors from Section 5104 do not necessarily "create a presumption that the debtor has made a fraudulent transfer or incurred a fraudulent obligation," 12 Pa.C.S.A. §5104 cmt. 5, the sale of the Poconos Property for $1.00 bears many of those badges of fraud. Specifically, based on the facts in the records, it may be easily argued that: the transfer of the Poconos Property was to an "insider"; the Poconos Property represents "substantially all of the debtors [remaining] assets"; the sale of the property effectively "removed or concealed" this asset from the reach of NextGear; and the transfer "occurred shortly before or shortly after a substantial debt was incurred" – or in this case, roughly two weeks before NextGear filed its civil lawsuit in New Jersey that resulted in a $4.5 million consent judgment. Such facts, in light of the factors in Section 1504, would clearly indicate an "actual intent" to defraud the Plaintiff.

Once there is a clear inference of fraudulent intent, as here, the non-moving party may not rest upon the mere allegations or denials of its pleading, but must instead show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence ... of a genuine dispute." Fed.R.Civ.P. 56(c).

Therefore, it is imperative to take into account all remaining facts, including the Defendants' exhibits and counterstatement of material facts. *See* Hipple v. SCIX, LLC, 2014 WL 4055830, at *5 (E.D.Pa. Aug. 14, 2014) ("[b]oth sides cite documentary evidence to support their position[s]," showing genuine disputes of material fact). In particular, in the affidavit of Paul Gutierrez, the Defendants claim that the "triggering issue regarding the [sale of the] property was the divorce litigation between Antonio and his wife" and that the "transfer of the Pennsylvania Property" was made in order to ensure that Paul and the property were not entangled in the divorce proceedings. (Docs. 45, 46, 46-1). This assertion, however, reflecting an attempt to create a new point of material debate, is insufficient to show that "a reasonable jury could find for the non-moving party," Anderson, 477 U.S. at 248, as it is contradicted by facts provided by both the Plaintiff and Defendants.[8] As a result, the record supports a finding in favor of Plaintiff for summary judgment.

_____

[8] The Court recognizes, for example, other facts that would cut against Defendants' assertions, such as the evidence in the record indicating that the original recipient of the transfer was to be Antonio's mother who, to the Court's knowledge, had no interest in the property entangled in Antonio's divorce and was not connected to the divorce proceedings in any way. *See* (Doc. 40-6). Defendants' failure to previously mention the transfer of the Poconos Property and the alleged reasons behind it in the New Jersey action, where the transfers of assets between Antonio and Paul were discussed in detail, also undermines this assertion.

Regardless, even had there been insufficient evidence of intent by the Defendants to defraud the Plaintiff, the facts of the record clearly show that defendant Antonio did not receive equivalent value in exchange for the Poconos Property. Defendants claim that the Poconos Property, initially purchased for $76,000.00, was transferred to Paul for Paul's interest in the "Bermuda Property," which was co-owned by Paul, Antonio, and Antonio's ex-wife and sold in April 2017 for $234,000.00. *See* (Doc. 46). Defendants therefore argue that the net sale proceeds resulting from the sale of the Bermuda Property, when equally split into thirds for the three co-owners, roughly equaled the same value paid for the Poconos Property and would equate to a transfer between Paul and Antonio of equivalent value – i.e. Paul's value in the Bermuda Property in exchange for the value in the Poconos Property.[9]

Yet Defendants' calculations, though seemingly equivalent, are otherwise undermined by the record. Per Defendants' own admissions, "Antonio transferred the [Poconos] Property by way of the September 28,

---

[9] Plaintiff presents two separate valuations of the Poconos Property completed by non-interested third-party evaluators that claim the value of the Poconos Property far exceeded the split profits from the sale of the Bermuda Property. *See* (Doc. 1-17); *see also* (Doc. 40-7) (though this is a "retrospective appraisal" of the property, there would still remain questions of fact as to the actual value of the property at the time of the transfer). It is not necessary, however, for the Court, in light of the final outcome stemming from its analysis, to deviate from the $76,000.00 value the Defendants claim is the proper value of the property.

2016 Deed" to Paul, the "stated consideration in the September 28, 2016 Deed is $1.00," and "Paul paid no consideration, except as stated in the September 28, 2016 Deed, for the [Poconos] Property." As a result, it cannot now be argued that the transfer of the Poconos Property also involved the exchange of Paul's roughly $76,000.00 interest in the Bermuda Property. Instead, such transfers appear as an effort of Antonio to divest himself of any assets that could potentially have been attached as a result of the New Jersey Action.[10] Plaintiff's motion for summary judgment as to its fraudulent transfer claim will thus be granted.

### B. Motion for the Appointment of a Receiver

Plaintiff next argues that, pursuant to the factors set forth in Comerica Bank v. State Petroleum Distributors and the contractual terms of the Loan Agreement between NextGear and LHI, the Court should appoint a receiver to take control of the Poconos Property. *See* 2008 U.S. Dist. LEXIS 124038, *13 (M.D.Pa. June 2, 2008) (providing a list of factors a court may weigh when deciding whether to appoint a receiver). Traditionally, if a creditor establishes by a preponderance of the evidence that a fraudulent transfer was made, "the creditor may, inter alia, avoid the transfer or obligation, attach

---

[10] Even if Paul had exchanged a roughly $76,000.00 interest in the Bermuda Property for Antonio's interest in the Poconos Property, as Defendants allege, Defendants assert that Paul's interest in the Bermuda Property went to Antonio's ex-wife, Edith, and not Antonio. As a result, Defendants cannot now claim that Antonio received equivalent value for his interest in the Poconos Property as he came away from the exchange with only $1.00.

the transferred assets or other property of the transferee, obtain an injunction barring further transfers, or seek appointment of a receiver over the transferred asset." Milton Roy, LLC v. Ne. Pump & Instrument, Inc., 2019 WL 2469795, at *4 (E.D.Pa. June 13, 2019) (citing K–B Bldg. Co. v. Sheesley Constr., Inc., 833 A.2d 1132, 1135–36 (Pa. Super. Ct. 2003)); 12 Pa.C.S.A. §5104(c).

As the remedy of the appointment of a receiver interferes with a defendant's property rights, "these grounds, in the absence of statute, require the existence of some legally recognized right held by the creditor in the debtor's property amounting to more than a mere claim against the debtor." Mintzer v. Arthur L. Wright & Co., 263 F.2d 823, 825 (3d Cir. 1959). The common law rule, for one, is clear that "where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or squandered and where legal remedies do not appear to be inadequate the appointment of a receiver should not be granted." Mintzer, 263 F.2d at 826; see also McDougal v. Huntingdon & Broad Top Mountain R.R. & Coal Co., 294 Pa. 108, 117 (1928) ("Receivers are appointed only in aid of some recognized, presently existing, legal right, and will not be appointed where receivership is the sole relief asked."). Nevertheless, though "[t]he appointment of a receiver is an equitable remedy of rather drastic nature," it is still a remedy "available at the discretion of the court." Mintzer, 263 F.2d at 824.

The appointment of a receiver here would assuredly aid Plaintiff in exercising its "legal right[s]," as its motion for summary judgment seeking to void the transfer of the Poconos Property from Antonio to Paul is to be granted. Likewise, the Loan Agreement between itself and LHI indicates that NextGear "may, at its option and without notice to [LHI] … [i]nitiate proceedings to appoint a receiver." Though the agreement does not state that the Court is required to grant NextGear's request, the Court maintains the discretion to make such an appointment. *See* Comerica Bank, 2008 U.S. Dist. LEXIS 124038, at *11 (where the agreement between the parties only stated that a receiver *may* be appointed in the event of default, the court still conducted an equitable analysis). In view of the Court's discretionary powers, such an application of discretion would be called for in this instance.

Further, as set forth in Comerica Bank v. State Petroleum Distributors, a court, in deciding whether to appoint a receiver, may taking into consideration various factors, including:

> the probability of the plaintiff's success in the action; (2) the possibility of irreparable injury to the plaintiff's interests in the property; (3) the inadequacy of the security to satisfy the debt; (4) the probability that fraudulent conduct has occurred or will occur to frustrate the plaintiff's claim; (5) the financial position of the debtor; (6) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (7) the inadequacy of available legal remedies; (8) the lack of a less drastic equitable remedy; and (9) the likelihood that appointing a receiver will do more harm than good.

2008 U.S. Dist. LEXIS 124038, at *13 (citations omitted). Virtually all of these factors tend to support a finding that the appointment of a receiver would be in the best interest of judicial equity. Specifically, as established above, Plaintiff has proven that it will be successful on the merits, it would likely face irreparable injury if it in any way lost the ability to extend its judgment against Antonio to the Poconos Property as Antonio has no other assets, and that there is a high probably that Defendants have and may engage in fraudulent activity that could thwart Plaintiff's efforts to obtain any recovery from its judgment, etc. As a result, Plaintiff's request for the appointment of a receiver will be granted.[11]

### C. Motion for Preliminary Injunction Against Further Disposition of the Poconos Property

PUVTA allows a creditor to obtain "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim" and "any other relief the circumstances may require" subject to "applicable principles of equity and in accordance with applicable rules of civil procedure." 12 Pa.C.S.A. §§5107(a)(1), (3). This would include a preliminary injunction. Milton Roy, LLC, 2019 WL 2469795, at *4; *see also* Schwartzman v. Rogue Intern. Talent Group, Inc., 2014 WL 4055833, at *2 (E.D.Pa. Aug. 13, 2014) ("If the creditor prevails under [PUVTA], his remedies include ... an injunction

_____

[11] Plaintiff proposes the appointment of a local realtor, James Galligan, as receiver. As the Defendants have raised no objection to this proposal, the Court finds no reason to deny this request.

against future transfers, or any other relief that the circumstances may require."). As preliminary injunction is an extraordinary remedy, NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999), the party moving for a preliminary injunction must show that: (1) the movant has a reasonable probability of success on the merits; (2) irreparable harm would result if the relief sought is not granted; (3) the relief would not result in greater harm to the non-moving party; and (4) the relief is in the public interest. Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002); Shire U.S. Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003).

From the factors set forth in 12 Pa.C.S.A. §5104(b) and the subsequent evidence outlined in the pleadings and attached exhibits, it is clear that Plaintiff has a "reasonable probability of success on the merits." *See supra* Section III (A). In addition, Antonio, the guarantor of the Loan Agreement, indicated in June of 2018 that he had no assets of note outside an employee's wage and a piece of real estate property that was held in conjunction with his now ex-wife. *See* (Doc. 1-18).[12] As such, irreparable harm may result if Plaintiff were to no longer have legal recourse as to the Poconos Property as there are no other assets from which it seemingly could recover. In comparison, a preliminary injunction "barring a further transfer,

---

[12] Antonio further stated that at the time he submitted his answers to Plaintiff's request for information in 2018, the "present value of [his] personal property, which include[d] automobiles, furniture, appliances, stocks, bonds, and cash on hand," did not exceed $1,000.00, and that LHI had reached the point of cessation in 2015 with zero assets remaining. (Doc. 1-18).

encumbrance, or other disposition" of the Poconos Property by Defendants would no longer harm either Antonio or Paul as the avoidance of the transfer and appointment of a receiver, as set forth above, will leave the property in in the hands of a receiver until it is sold. *See supra* Section III (B). Finally, the actions of the Defendants have clearly reflected a targeted effort to frustrate the judicial process and have undermined the credibility of the courts to ensure that a party trying to obtain satisfaction after it has been harmed is able to do so. It is thus clearly in the public's best interest and the interest of this Court to ensure that any satisfaction that may be had to mitigate the harm caused by the Defendants' actions be protected so that those who may otherwise turn to the courts for justice in the future will not be disincentivized from doing so because they feel recompense will not be obtained. Therefore, in consideration of the "applicable principles of equity and in accordance with applicable rules of civil procedure," 12 Pa.C.S.A. §§5107(a)(1), (3), the Plaintiff's request for an injunction barring further "transfer, encumbrance, or other disposition" of the Poconos Property by Defendants will be granted.

D. Motion for Monetary Judgment Against Paul Gutierrez

Judgments and applications for damages against transferees are available under the PUVTA as the section concerning the "remedies of creditors" contains a "catch-all" provision expressly providing that a creditor may obtain "any other relief the circumstances may require." Klein, 729 F.3d at 286-88 (quoting 12 Pa.C.S.A. §5107); *see also* Schwartzman, 2014 WL

4055833, at *2 ("If the creditor prevails under [PUVTA], his remedies include, inter alia, avoidance of the transfer, attachment of the transferred asset or other property of the transferee, an injunction against future transfers, or any other relief that the circumstances may require."). To the extent a transfer is avoidable, a judgment may also be entered against "the first transferee of the asset or the person for whose benefit the transfer was made," among other parties. Schwartzman, 2014 WL 4055833, at *2 (quoting 12 Pa.C.S.A. §5108(b)).

Courts, for example, have applied this rule to enter a judgment against an insolvent debtor's spouse following a fraudulent transfer. *See e.g.*, Wettach, 811 F.3d at 114–15; In re Titus, 916 F.3d at 300. A similar finding would likely be plausible against a debtor's brother. Nevertheless, such monetary relief in this case would be better achieved through other means. Plaintiff previously pled a conversion claim against Paul in its initial complaint, alleging that "Antonio's transfer of $2,976,823.10 to Paul in LHI funds was a conversion as to NextGear's interest in the collateral of its loan to LHI." Such a claim, in this Court's view, would be the best avenue through which Plaintiff could obtain judgment against Paul. This claim, however, along with a similar claim against Antonio, was dismissed by this Court for lack of jurisdiction. (Docs. 32, 34). As a result, Plaintiff should instead seek recovery from Paul personally in the proper jurisdiction if it believes it is entitled to such recovery. Plaintiff's request for monetary judgment against Paul beyond the judgment set forth above will thus be denied.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment will be **GRANTED**. Plaintiff's motions seeking the appointment of a receiver and a preliminary injunction will likewise be **GRANTED**. Plaintiff's motion for monetary judgment against defendant Paul Gutierrez will be **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 26, 2021**
18-1617-03.wpd